David W. Gadd (ISB #7605)
STOVER, GADD & ASSOCIATES, PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
dwg@magicvalleylaw.com
*Attorneys for Kodiak America, LLC; Kodiak Northwest, Inc.;*
*BAUB LLC; Brek Pilling; and PFT Enviro Investments, LLC*

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company, | Case No. 4:24-cv-00112 |
| Plaintiff, | **ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL** |
| vs. | |
| KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; BREK PILLING, an individual; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust, BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SCOTT PILLING, an individual; SAWTOOTH INDUSTRIAL,LLC, an Idaho limited liability company; I1OVIII PRECISION, LLC, an Idaho limited liability company; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANDANTS 1-XX; and ROA ENTITY DEFENDANTS I-XX | |
| Defendants. | |

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 1**

COME NOW Defendants Kodiak America, LLC; Kodiak Northwest, Inc.; BAUB LLC; Brek Pilling; and PFT Enviro Investments, LLC (collectively, the "Pilling Defendants"), by and through their attorneys of record, STOVER, GADD & ASSOCIATES, PLLC, and in answer to Plaintiff's *Verified Complaint and Demand for Jury Trial* ("Complaint") hereby admit, deny, and affirmatively allege as follows:

## ANSWER

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. The Pilling Defendants, in asserting the following defenses, do not admit that the burden of proving the allegations or denials contained in the defenses is upon them, but, to the contrary, assert that by reason of said denials, and by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, the Pilling Defendants do not admit or assume, in asserting any defense, any responsibility or liability on their part but, to the contrary, specifically deny any and all allegations of responsibility and liability contained in the Complaint.

1.      The Complaint fails to state a cause of action against one or more of the Pilling Defendants upon which relief may be granted and, as such, should be dismissed pursuant to F.R.C.P. 12(b)(6).

2.      The Pilling Defendants deny all paragraphs and allegations in the Complaint not specifically admitted herein.

## PARTIES

3.      The Pilling Defendants admit paragraphs 1, 2, 3, 4, 5, 6, 7, and 8 of the Complaint.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 2**

4.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 9, 10, and 11 of the Complaint and therefore deny the same.

5.     With reference to paragraph 12 of the Complaint, the Pilling Defendants admit only that Brek Pilling is the trustee of the Pilling Family Trust.

6.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 13 and 14 of the Complaint and therefore deny the same.

7.     The Pilling Defendants admit paragraph 15 of the Complaint.

8.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 16 and 17 of the Complaint and therefore deny the same.

## JURISDICTION AND VENUE

9.     In response to the allegations set forth in paragraphs 18, 19, and 20 of the Complaint, the Pilling Defendants acknowledge that this Court has jurisdiction over properly pled matters involving 18 U.S.C. § 1836(c), 18 U.S.C. § 1964(c), and 28 U.S.C. § 1331; however, in making this acknowledgement, the Pilling Defendants neither admit that any such matters are actually properly pled in the Complaint nor that the factual allegations of the Complaint actually justify the exercise of such jurisdiction. To the extent this Court has jurisdiction over these matters, venue is proper in the District of Idaho.

## GENERAL ALLEGATIONS

10.     In response to paragraphs 21, 22, and 23 of the Complaint, the Pilling Defendants admit only that Defendants Kodiak America, LLC; BAUB, LLC; and Brek Pilling executed a

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 3**

certain Asset Purchase Agreement, to which Plaintiff is a party, on September 29, 2021.

11.     The Pilling Defendants deny the allegations set forth in paragraphs 25, 26, 27, 28, 29, and 30.

12.     With respect to paragraph 31 of the Complaint, the Pilling Defendants are uncertain to which agreement Plaintiff refers when it makes allegations regarding "that agreement" and, therefore, deny the allegations set forth in paragraph 31. If Plaintiff refers to the Asset Purchase Agreement, the terms of said agreement speak for themselves.

13.     The Pilling Defendants deny the allegations of paragraphs 32 and 33.

14.     In response to paragraph 34 of the Complaint, the Pilling Defendants admit only that Plaintiff entered into that certain Subscription Agreement with Defendant PFT Enviro Investments LLC ("PFT").

15.     The Pilling Defendants deny the allegations set forth in paragraph 35.

16.     In response to paragraph 36 of the Complaint, the Pilling Defendants state that the terms of the Asset Purchase Agreement speak for themselves.

17.     The Pilling Defendants deny the allegations set forth in paragraph 37.

18.     In response to paragraph 38 of the Complaint, the Pilling Defendants state that Plaintiff possesses a right of setoff with respect to its obligations to PFT.

19.     The Pilling Defendants admit the allegations set forth in paragraphs 39 and 40 of the Complaint.

20.     In response to paragraphs 41 and 42 of the Complaint, the Pilling Defendants admit that Brek Pilling was the original manager of PFT and is the current manager of PFT. The Pilling Defendants are uncertain as to how or why the Idaho Secretary of State's records indicate that the Pilling Family Trust is the manager of PFT.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 4**

21.     In response to paragraph 43 of the Complaint, the Pilling Defendants state that the terms of PFT's operating agreement speak for themselves.

22.     The Pilling Defendants deny the allegations set forth in paragraph 44, 45, 46, and 47 of the Complaint.

23.     In response to paragraph 48 of the Complaint, the Pilling Defendants state that the terms of the Asset Purchase Agreement speak for themselves.

24.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, and 75 of the Complaint and therefore deny the same.

25.     In response to paragraph 76 of the Complaint, the Pilling Defendants state Defendant Brek Pilling has not held an interest in Intermountain Living, LLC since approximately 2021.

26.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, and 88 of the Complaint and therefore deny the same.

27.     In response to paragraph 89 of the Complaint, the Pilling Defendants deny that Kodiak Northwest, Inc. is the owner of the real property located at 50 E. Ellis St., Paul, Idaho.

28.     In response to paragraph 90 of the Complaint, the Pilling Defendants admit only that Brek Pilling has an ownership interest in Kodiak Northwest, Inc. The Pilling Defendants are without sufficient information at this time to admit or deny the remaining allegations contained in paragraph 90 and therefore deny the same.

29.     In response to paragraph 91 of the Complaint, the Pilling Defendants admit only that the real property located at 50 E. Ellis St., Paul, Idaho, is insured by BAUB, LLC.

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 5**

30.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, and 169 of the Complaint and therefore deny the same.

31.     In response to paragraphs 170 and 171 of the Complaint, the Pilling Defendants deny that Brek Pilling conspired with Scott Pilling, Arthur Sadampi Yamada, or any other person to personally benefit from the alleged opportunity to the exclusion of Plaintiff. The Pilling Defendants are without sufficient information at this time to admit or deny the remaining allegations contained in paragraph 170 and therefore deny the same.

32.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, and 183 of the Complaint and therefore deny the same.

33.     In response to paragraph 184 of the Complaint, the Pilling Defendants deny that Brek Pilling engaged in any fraudulent activities.

34.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations contained in paragraphs 185 and 186 of the Complaint and therefore deny the same.

35.     In response to paragraph 187 of the Complaint, the Pilling Defendants admit only that Plaintiff's counsel sent a letter to counsel for Defendants Kodiak America, LLC; BAUB, LLC; and Brek Pilling on July 17, 2023, which letter speaks for itself.

36.     In response to paragraphs 188, 189, and 190 of the Complaint, the Pilling

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 6**

Defendants admit only that counsel for Defendants Kodiak America, LLC; BAUB, LLC; and Brek Pilling sent a letter to Plaintiff's counsel on July 26, 2023, which letter speaks for itself. The Pilling Defendants are without sufficient information at this time to admit or deny the allegations concerning Scott Pilling in paragraph 190 of the Complaint and therefore deny the same.

37.    In response to paragraph 191 of the Complaint, the Pilling Defendants deny that the July 26, 2023 letter contained any knowingly false statements.

38.    The Pilling Defendants deny the allegations set forth in paragraph 192 that pertain to Brek Pilling and are without sufficient information at this time to admit or deny the allegations concerning Scott Pilling in paragraph 192 of the Complaint and therefore deny the same.

39.    The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraph 193 of the Complaint and therefore deny the same.

40.    In response to paragraph 194 of the Complaint, the Pilling Defendants admit only that Scott Pilling and Brek Pilling met with representatives of Elecon in approximately August 2023. The Pilling Defendants deny the remaining allegations of paragraph 194.

41.    The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraphs 195 and 196 of the Complaint and therefore deny the same.

42.    The Pilling Defendants deny the allegations set forth in paragraph 197 that pertain to Brek Pilling and are without sufficient information at this time to admit or deny the remaining allegations set forth in paragraph 197 of the Complaint and therefore deny the same.

43.    The Pilling Defendants deny the allegations set forth in paragraph 198 of the Complaint.

44.    The Pilling Defendants are without sufficient information at this time to admit or

deny the allegations set forth in paragraphs 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, and 212 of the Complaint and therefore deny the same.

45.     The Pilling Defendants deny the allegations set forth in paragraphs 213, 214, and 215 of the Complaint.

46.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraph 216 of the Complaint and therefore deny the same.

47.     The Pilling Defendants deny the allegations set forth in paragraph 217 that pertain to Brek Pilling and are without sufficient information at this time to admit or deny the remaining allegations set forth in paragraph 217 of the Complaint and therefore deny the same.

## FIRST CAUSE OF ACTION

48.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 218 of the Complaint.

49.     With respect to paragraphs 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, and 229 of the Complaint, the Pilling Defendants are uncertain to which "trade secrets" Plaintiff refers and, consequently, are without sufficient information at this time to admit or deny the allegations set forth in those paragraphs. Accordingly, the Pilling Defendants deny the same. Further, the Pilling Defendants deny that Brek Pilling has misappropriated or otherwise employed any improper or unlawful means to acquire any trade secrets or other intellectual property of Plaintiff.

50.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraphs 230 and 231 of the Complaint and therefore deny the same.

51.     In response to the first sentence of paragraph 232 of the Complaint, the Pilling Defendants state that the terms of Asset Purchase Agreement speak for themselves. The Pilling

Defendants are without sufficient information at this time to admit or deny the remaining allegations set forth in paragraph 232 of the Complaint and therefore deny the same.

52.    The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraphs 233, 234, and 235 of the Complaint and therefore deny the same.

53.    The Pilling Defendants deny the allegations set forth in paragraph 236 that pertain to Brek Pilling and are without sufficient information at this time to admit or deny the remaining allegations set forth in paragraph 236 of the Complaint and therefore deny the same.

54.    The Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in paragraph 237 of the Complaint and therefore deny the same.

55.    The Pilling Defendants deny the allegations set forth in paragraphs 238, 239, 240, 241, 242, and 243.

## SECOND CAUSE OF ACTION

56.    The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 244 of the Complaint.

57.    The Pilling Defendants deny the allegations set forth in paragraphs 245, 246, 247, 248, 249, 250, 251, 252, and 253 of the Complaint.

## THIRD CAUSE OF ACTION

58.    The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 254 of the Complaint.

59.    The Pilling Defendants deny the allegations set forth in paragraphs 255, 256, 257, 258, 259, 260, 261, and 262 of the Complaint.

**FOURTH CAUSE OF ACTION**

60.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 263 of the Complaint.

61.     In response to paragraphs 264 and 265 of the Complaint, the Pilling Defendants admit only that Defendants Kodiak America, LLC; BAUB, LLC; and Brek Pilling executed a certain Asset Purchase Agreement, to which Plaintiff is a party, on September 29, 2021, the terms of which speak for themselves.

62.     The Pilling Defendants deny the allegations set forth in paragraphs 266, 267, 268, 269, 270, 271, 272, and 273 of the Complaint.

**FIFTH CAUSE OF ACTION**

63.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 274 of the Complaint.

64.     The Pilling Defendants deny the allegations set forth in paragraphs 275, 276, and 277 of the Complaint.

**SIXTH CAUSE OF ACTION**

65.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 278 of the Complaint.

66.     In response to paragraph 279 of the Complaint, the Pilling Defendants state that PFT is a legitimate company that has been and is conducting lawful business with the purpose and intent of returning a profit for its owners.

67.     The Pilling Defendants deny the allegations set forth in paragraphs 280, 281, 282, 283, 284, and 285 of the Complaint.

## SEVENTH CAUSE OF ACTION

68.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 286 of the Complaint.

69.     In response to paragraph 287 of the Complaint, the Pilling Defendants admit only that Brek Pilling possesses a controlling interest in Budget Truck.

70.     The Pilling Defendants deny the allegations set forth in paragraphs 288, 289, 290, 291, and 292 of the Complaint.

## EIGHTH CAUSE OF ACTION

71.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 293 of the Complaint.

72.     The Pilling Defendants deny the allegations set forth in paragraphs 294 and 295 of the Complaint.

## NINTH CAUSE OF ACTION

73.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 296 of the Complaint.

74.     With respect to the allegations set forth in paragraphs 297, 298, and 299 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in said paragraphs and therefore deny the same.

## TENTH CAUSE OF ACTION

75.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 300 of the Complaint.

76.     With respect to the allegations set forth in paragraphs 301 and 302 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in said paragraphs and therefore deny the same.

77.     The Pilling Defendants are without sufficient information at this time to admit or deny the allegations regarding Defendant Dille's actions as set forth in paragraph 303 of the Complaint and therefore deny the same. The Pilling Defendants affirmatively deny that any actions that were taken by Defendant Dille were for the purpose of concealing unlawful accounting practices or the retention of money due to Plaintiff.

78.     With respect to the allegations set forth in paragraphs 304 and 305 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations regarding whether Plaintiff is entitled to injunctive relief or money damages against Defendant Dille as alleged in paragraphs 304 and 305 of the Complaint and therefore deny the same. The Pilling Defendants affirmatively deny that Plaintiff is entitled to injunctive relief and damages against the Pilling Defendants for any actions that were taken by Defendant Dille.

## ELEVENTH CAUSE OF ACTION

79.     The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 306 of the Complaint.

80.     With respect to the allegations set forth in paragraphs 307 and 308 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 12**

Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in said paragraphs and therefore deny the same.

81.    With respect to the allegations set forth in paragraphs 309 and 310 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations regarding whether Plaintiff is entitled to injunctive relief or money damages against Defendant Shoemaker as alleged in paragraphs 309 and 310 of the Complaint and therefore deny the same. The Pilling Defendants affirmatively deny that Plaintiff is entitled to injunctive relief and damages against the Pilling Defendants for any actions that were taken by Defendant Shoemaker.

## TWELFTH CAUSE OF ACTION

82.    The Pilling Defendants reassert and re-allege by reference their answers and responses to the respective paragraphs incorporated in paragraph 311 of the Complaint.

83.    With respect to the allegations set forth in paragraphs 312, 313, 314, and 315 of the Complaint, the Pilling Defendants state that no response is required pursuant to Federal Rule of Procedure 8(b)(1). To the extent that any response is required, the Pilling Defendants are without sufficient information at this time to admit or deny the allegations set forth in said paragraphs and, therefore, deny the same.

84.    The Pilling Defendants are without sufficient information at this time to admit or deny the allegations regarding whether Plaintiff is entitled to money damages against Defendant Wickersham as set forth in paragraph 316 of the Complaint and therefore deny the same. The Pilling Defendants affirmatively deny that Plaintiff is entitled to damages against the Pilling

Defendants for any actions that were taken by Defendant Wickersham.

## JURY DEMAND

85.    With respect to the allegations set forth in paragraph 317 of the Complaint, the Pilling Defendants respond that a trial by jury is proper on all issues so triable.

## ATTORNEYS FEES

86.    The Pilling Defendants deny the allegations set forth in paragraph 318 of the Complaint.

## AFFIRMATIVE DEFENSES

By pleading the following affirmative defenses, the Pilling Defendants do so for the purpose of responding to the Complaint and do not concede that the Pilling Defendants have the burden of proof on any such defense. The Pilling Defendants hereby reserve the right to amend this Answer, pursuant to the applicable Federal Rules of Civil Procedure, to include additional affirmative defenses as may be disclosed or discovered in the course of additional investigation and discovery. Likewise, the Pilling Defendants allege the following defenses for the purpose of preserving the same and specifically reserve the right to abandon any affirmative defense pled in this Answer that may be shown to be inapplicable after additional investigation and discovery takes place.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part because it committed material breach of contract.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part because it violated the covenant of good faith and fair dealing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part because Plaintiff's authorized agent and representative, Grant R. Flaharty ("Flaharty"), fraudulently induced Defendants Kodiak America, LLC; BAUB, LLC; and Brek Pilling to execute the Asset Purchase Agreement on September 29, 2021. Brek Pilling had represented to Flaharty that he was unwilling to close on that date because payments on certain contracts, specifically including the "Nevada 7" and Lubbock contracts, were expected in the time period shortly thereafter. The work on said contracts had already been completed, and Brek Pilling desired to set closing for a date after payment on said contracts was received. Flaharty represented to Brek Pilling that Defendant Kodiak America, LLC would be entitled to retain the payments received on said contracts notwithstanding the provisions of the Asset Purchase Agreement. Brek Pilling, both in his individual capacity and in his capacity as the representative of Defendants Kodiak America, LLC and BAUB, LLC, reasonably relied on the representations of Flaharty and executed the Asset Purchase Agreement on September 29, 2021, based on Flaharty's representations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of waiver, estoppel, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by Plaintiff's own negligence.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of contributory responsibility and/or comparative responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the acts or omissions of parties to this action other than the Pilling Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the acts or omissions of non-parties to this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damage proximately caused by any act or omission of the Pilling Defendants.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

Any and all of Plaintiff's claims that are not barred in whole must be set off against all damages the Pilling Defendants, or any of them, has incurred as a result of Plaintiff's conduct.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred in whole or in part by the doctrines of assumption of risk, estoppel, failure of consideration, illegality, injury by fellow servant, license, release, statute of frauds, repudiation, unclean hands, bad faith, and/or consent.

## ATTORNEY FEES

The Pilling Defendants have been required to retain the law firm of STOVER, GADD & ASSOCIATES, PLLC, to defend against the Complaint and is entitled to recover reasonable costs and attorney fees in defense of this litigation pursuant to applicable statutes and court rules including, but not limited to, the Idaho Code and Federal Rule of Civil Procedure 54.

## PRAYER FOR JUDGMENT

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take

nothing thereby; and

2.      That the Pilling Defendants be awarded their costs of suit and attorney fees under

the Federal Rules of Civil Procedure and all other applicable statutes and rules; and

3.      For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM

Counterclaimants Brek Pilling; Kodiak America, LLC; and PFT Enviro Investments, LLC,

as a counterclaim against SRM-Kodiak America, LLC, plead, allege, and complain as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Brek Pilling ("Brek") is an individual residing in Cassia County, Idaho.

2.      Kodiak America, LLC is the former name of KAM MFG LLC ("KAM"), a

Delaware limited liability company that maintains its principal place of business in Minidoka

County, Idaho.

3.      PFT Enviro Investments, LLC ("PFT") is an Idaho limited liability company that

maintains its principal place of business in Minidoka County, Idaho.

4.      SRM-KODIAK America, LLC ("SRM") is an Idaho limited liability company

that maintains its principal place of business in Minidoka County, Idaho.

5.      This Court has supplemental jurisdiction over this Counterclaim pursuant to

federal law, including 28 U.S.C § 1367(a), as the Counterclaim forms part of the same case or

controversy alleged in the Complaint.

6.      Venue is proper in this district pursuant to 18 U.S.C. § 1391(b).

**ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY TRIAL – 17**

**COUNT I**
**Breach of Contract**
**(Brek)**

7.      Counterclaimants reallege by reference each and every allegation contained in the above paragraphs and incorporate the same as if fully set forth herein.

8.      On September 29, 2021, SRM executed a certain Asset Purchase Agreement to which Brek, Kodiak America, LLC, and BAUB, LLC were parties (the "Asset Purchase Agreement").

9.      The terms of the Asset Purchase Agreement are confidential and are, therefore, not disclosed or attached to this pleading. However, they are incorporated and alleged by reference.

10.     SRM, through its authorized agents, representatives, and employees acting within the course and scope of such agency, representation, and employment, breached the Asset Purchase Agreement by disparaging Brek.

11.     As a result of SRM's breach of the Asset Purchase Agreement, Brek has sustained damages and is entitled to the entry of judgment against SRM in an amount to be proven at trial.

**COUNT II**
**Breach of Contract**
**(KAM)**

12.     Counterclaimants reallege by reference each and every allegation contained in the above paragraphs and incorporate the same as if fully set forth herein.

13.     Subsequent to the execution of the Asset Purchase Agreement, SRM requested that KAM make certain prepayments on SRM's behalf in relation to a contract involving the Indian government to which SRM was a party.

14.     SRM promised to repay KAM for those payments that KAM paid on SRM's

behalf.

15.    KAM agreed to make, and did make, the payments on SRM's behalf as requested by SRM in consideration of SRM's promise to repay the same.

16.    SRM has failed and refused to repay KAM for those payments made by KAM on SRM's behalf as requested by SRM.

17.    SRM has materially breached its contract with KAM, which breach has caused KAM to incur damages in an amount to be proven at trial.

18.    As a result of SRM's breach of contract, KAM has sustained damages and is entitled to the entry of judgment against SRM in an amount to be proven at trial.

**COUNT II**
**Unjust Enrichment**
**(KAM)**

19.    Counterclaimants reallege by reference each and every allegation contained in the above paragraphs and incorporate the same as if fully set forth herein.

20.    Subsequent to the execution of the Asset Purchase Agreement, SRM failed to notify its vendors of the purchase and provide updated payment information.

21.    As a result of SRM's failure, KAM was charged by SRM's vendors for goods and/or services that were received and used by SRM.

22.    KAM has paid for such charges in order to avoid collection action being taken against it.

23.    SRM received and appreciated a benefit as a direct and proximate result of the goods and/or services supplied by its vendors that were charged to KAM's accounts and KAM's payment for the same.

24.    It would be inequitable for SRM to retain the benefit of KAM's payment for the

goods and/or services received by SRM without reimbursing KAM for its payment of the same.

25.    SRM has been unjustly enriched by KAM, and KAM is entitled to the entry of judgment against SRM in an amount to be proven at trial.

**COUNT IV**
**Breach of Contract**
**(PFT)**

26.    Counterclaimants reallege by reference each and every allegation contained in the above paragraphs and incorporate the same as if fully set forth herein.

27.    PFT is the holder in due course of and is entitled to enforce that certain Promissory Note in the principal amount of $8,000,000.00 dated April 1, 2022, a true and correct copy of which is attached hereto as **Exhibit A** (the "Note").

28.    The Note obligates SRM to make, beginning May 1, 2022, monthly payments of accrued interest and, in addition thereto, beginning January 27, 2023, annual payments of $1,000,000.00 until all principal and interest is paid in full.

29.    SRM has defaulted on its obligations under the Note by failing and refusing to make the payments required thereunder.

30.    PFT provided written notice of SRM's default on September 26, 2022, and again, through counsel, on January 17, 2022.

31.    Pursuant to the terms of the Note, SRM's obligations under the Note were accelerated, such that the debt evidenced by the Note became immediately due and payable on October 11, 2022.

32.    Interest has been accruing, and is continuing to accrue, on the principal amount of the Note at the rate of twelve percent (12%) per annum since September 1, 2022.

33.    As of May 1, 2024, the total principal and interest due and owing under the Note

exceeds $9,600,000.

34.     PFT is entitled to the entry of judgment against SRM in an amount to be determined at trial.

## ATTORNEY FEES

Counterclaimants have been required to retain the law firm of STOVER, GADD & ASSOCIATES, PLLC, and are, pursuant to the provisions of Idaho Code and Federal Rule of Civil Procedure 54, entitled to an award of reasonable attorney's fees and costs of suit.

## PRAYER FOR JUDGMENT

WHEREFORE, Counterclaimants pray for judgment as follows:

1.     That Brek be granted judgment against SRM in an amount to be proven at trial;

2.     That KAM be granted judgment against SRM in an amount to be proven at trial;

3.     That PFT be granted judgment against SRM in an amount to be proven at trial;

4.     That Counterclaimants be awarded their costs of suit and attorney's fees under Federal Rules of Civil Procedure and all other applicable statutes and rules;

5.     That Counterclaimants be awarded interest on the Judgment as allowed by Idaho Code from the date thereof until fully paid; and

6.     For such other and further relief as the Court may deem just and equitable.

DATED this 1st day of May, 2024.

STOVER, GADD & SPIKER, PLLC


By: _/s/ David W. Gadd_____
        David W. Gadd
        Attorneys for Counterclaimants

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Pilling Defendants hereby demand a jury trial on all issues triable of right by a jury.

DATED this 1st day of May, 2024.

STOVER, GADD & SPIKER, PLLC


By: _/s/ David W. Gadd_____
         David W. Gadd
         Attorneys for Pilling Defendants