**KIM J. TROUT, ISB #2468**
**ALYSSA JONES, ISB #12181**
TROUT LAW, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID 83703
Telephone (208) 577-5755
Facsimile (208) 577-5756
service@trout-law.com

Attorneys for Lurene Dille

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC an Idaho limited liability company,<br><br>   Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho corporation; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTTE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,<br><br>   Defendants. | CASE NO. 4:24-CV-00112<br><br>MEMORANDUM IN OPPOSITION TO SRM KODIAK AMERICA'S MOTION FOR PRELIMINARY INJUNCTION |

   Defendant, Lurene Dille ("Dille"), by and through her undersigned counsel, hereby submits this *Memorandum in Opposition to SRM Kodiak America's Motion for Preliminary Injunction*. Plaintiff fails to

**Memorandum in Opposition to SRM Kodiak America's Motion for Preliminary Injunction | Page 1**

state a cause of action that would permit this Court to enter a preliminary Injunction against Defendant, Dille.

## INTRODUCTION

Plaintiff's pleading is misleading, it fails to include the required section of Federal Rule of Civil Procedure (F.R.C.P.) 65, misstates the requirements under 18 U.S.C. § 1836, and thus it fails. Plaintiff fails to allege any injury caused by Dille and therefore Plaintiff's motion against Dille should be denied.

## LEGAL STANDARD

Under F.R.C.P. 65 and defined in *Alliance for the Wild Rockies v. Cottrell*, "plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction."632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 17–18, 129 S. Ct. 365, 373, 172 L. Ed. 2d 249 (2008) (emphasis added)). The Supreme Court in *Winter* wrote, "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374. "A preliminary injunction is an extraordinary remedy *never* awarded as of right." *Id.* at 376 (emphasis added).

Under 18 U.S.C. § 1836, this Court may not grant an application under clause (i) of the statute unless an order issued pursuant to FRCP 65 would be inadequate,[1] an immediate and irreparable injury will occur unless seizure is not ordered, and the harm to the applicant outweighs the harm to the defendant(s). 18 U.S.C. § 1836(b)(2)(A)(ii). Further, the applicant must show that the information is a trade secret, and that the trade secret was misappropriated, or that the defendant conspired to misappropriate the trade secret. *Id.* at (b)(2)(A)(ii)(IV). Finally, the order could only be issued if proven

---

[1] Plaintiff has failed to analyze or demonstrate why an order issued under Rule 65 would be inadequate. Plaintiff only cites to Rule 65 in its final section of its *Memorandum* wherein it requests the Court grant its motion without the issuance of a bond.

by the applicants that the defendant would "destroy, move, hide, or otherwise make such matter inaccessible to the court." *Id.* at (b)(2)(A)(ii)(VII).

## ARGUMENT

Plaintiffs are unable to succeed, not only under the four-factor standard set forth by the Supreme Court in *Winter*, but also under F.R.C.P. 65 and 18 U.S.C. § 1836, in relation to Dille. Dille left the employ of the Plaintiff in early-2023. According to Plaintiff's expert, Mr. Brown, Dille's last recorded entry is date stamped in July of 2022, while she was still employed. In addition, there is no evidence that the information she had would be considered trade secrets.

### A. Plaintiffs are Not Likely to Succeed on the Merits.

A likelihood of success on the merits is the most important *Winter* factor. *Disney Enterprises, Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). If Plaintiff fails to meet the "threshold inquiry," the Court may stop its consideration of the remaining three *Winter* factors. *All for the Wild Rockies*, 632 F.3d at 1134-35. To be successful on the merits of a claim under 18 U.S.C. § 1836, Plaintiffs must identify its alleged trade secrets with "reasonable particularity." 18 U.S.C. § 1836(b)(2)(A)(ii)(VI).

In relation to Dille, Plaintiff has not identified alleged trade secrets with "reasonable particularity." In fact, Plaintiffs skip this requirement altogether in their *Memorandum* (Dkt. 65-1), leaving out the first mandatory step. The *WeRide* holding, which was inaccurately quoted by Plaintiff, states: "To commence discovery and to obtain a preliminary injunction, a plaintiff *must first* identify its alleged trade secrets with 'reasonable particularity.' Both laws require a plaintiff to show that it possessed a trade secret, that the defendant misappropriated the trade secret, and that the defendant's conduct damaged the plaintiff." *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845 (N.D. Cal. 2019), *modified in part*, No. 5:18-CV-07233-EJD, 2019 WL 5722620 (N.D. Cal. Nov. 5, 2019) (citing Cal. Civ. Proc. Code § 2019.210; *Action Learning Sys., Inc. v. Crowe*, 2014 WL 12564011, at *4 (C.D. Cal. Aug. 11, 2014) (emphasis added)). Plaintiffs must identify their alleged trade secrets with reasonable

particularity "to limit the permissible scope of discovery by distinguishing the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade." *WeRide Corp.*, 379 F. Supp. 3d at 846 (citing *Advanced Modular Sputtering, Inc. v. Superior Court*, 132 Cal. App. 4th 826, 835, 33 Cal.Rptr.3d 901 (2005)).

In section "A" of Plaintiff's *Memorandum* which details their argument of success on the merits, page 19 through page 25, Dille is not mentioned once. Plaintiff has not stated with reasonable particularity its alleged trade secrets in relation to Dille. For this reason alone, the Court should deny Plaintiff's Motion.

In the *Declaration of Geoffrey Brown*, (Dkt. 65-4), alleges at paragraphs 19-23, that Dille utilized an external drive to copy the folder, "Office Assistant," and a file named "backup.pst." Mr. Brown does not identify with particularity what is contained within the Office Assistant folder, or the.pst file. In fact, Mr. Brown's Exhibit 6 simply shows a history of connecting and disconnecting a USB storage device. Mr. Brown alleges that the "Office Assistant" is a "whole network share" and implies that it is the entire network of SRM-Kodiak. However, that implication is misleading and false. Nothing in this exhibit contains the required particularity to demonstrate they are a trade secret. As important, the connection between Dille's computer and the external storage device, occurred over two years ago – while Dille was still an employee of Plaintiff. Further, Plaintiff has not alleged, nor met its burden, that the material copied by Dille in 2022 while still an employee of Plaintiff, are not matters of general knowledge in the trade. Therefore, Plaintiff's motion against Dille should be denied.

> **B.** **Plaintiff is Not Likely to Suffer Irreparable Harm in the Absence of Preliminary Relief.**

A preliminary injunction may issue only upon a showing that "irreparable injury is *likely* in the absence of an injunction." *Disney Enterprises, Inc.*, 869 F.3d at 865 (citing *Winter*, 555 U.S. at 22, 129 S.Ct. 365). The evidence must be sufficient to establish a likelihood of irreparable harm. *Id.*

In the *Declaration of Trevor Rice*, (Dkt. 65-72), he states that "there [was] no legitimate business purpose" for Dille to have copied information onto a USB device. Mr. Rice's statements do not satisfy this element as against Dille – i.e. that the Plaintiff is likely to suffer irreparable harm. Furthermore, no relief is sought in relation to Dille. According to Exhibit 6 of Mr. Brown's declaration (Dkt 65-10), shows a single reference to a .pst file, which occurred in July 2022 – more than two years ago. There is no injury alleged. The undersigned has retained a copy of the directory and the .pst file, and therefore the documents won't be lost, or destroyed. Plaintiffs will not, nor have they, suffered irreparable harm, and their motion should be denied.

Importantly, the Plaintiffs are relying on case law that is unpublished and is currently being appealed.[2] Simply put, the Plaintiff has failed to meet their burden on the second *Winters* element.

### C. The Balance of Equities does Not Tip in Favor of Plaintiffs.

Before issuing a preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on *each party* of the granting or withholding of the requested relief." *Disney Enterprises, Inc.*, 869 F.3d at 866 (citing *Winter*, 555 U.S. at 24, 129 S.Ct. 365 (emphasis added)).

Plaintiffs argue that they have provided concrete evidence that trade secrets were misappropriated by Dille. However, it is clear from the declarations submitted by Plaintiff, there is no concrete evidence that Dille was involved in any misappropriation of trade secrets. In fact, the Plaintiffs have not, and cannot, allege that Dille has caused harm to the Plaintiff. The balance of equities does not tip in favor of Plaintiff in relation to Dille. In fact, Plaintiff's *Memorandum* states that Brek and Scott should be required to comply but fails to mention Dille. Plaintiff has inappropriately lumped Dille into its motion. Plaintiff's motion must be denied.

---

[2] *See*, Monster Energy Co. v. Vital Pharms., Inc., No. EDCV181882JGBSHKX, 2023 WL 8168854, at *8 (C.D. Cal. Oct. 6, 2023), appeal filed by Monster Energy Company 9th Cir., January 16, 2024 (Case No. 24-244, 9th Cir.).

### D. An Injunction, or Seizure, is not the in the Public Interest.

Finally, the court must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Disney Enterprises, Inc.*, 869 F.3d at 867, (citing *Winter*, 555 U.S. at 24, 129 S.Ct. 365).

Plaintiffs have not produced concrete evidence that proves Dille's involvement weighs in favor of the public interest. The relief sought asks this Court to require Defendants, including Dille, to preserve all documents and specifically identify all physical or electronic storage devices that they have ever used since 2021. They ask that Defendants be required to forensically image and preserve *all* information, whether it was on Kodiak equipment or not, and then provide a certification of compliance. What Plaintiffs fail to mention, is that they have not conducted discovery as it relates to Dille. It is not in the public interest to force these requirements on Dille. As mentioned above, the undersigned has retained copies of all files in relation to Dille, and therefore no harm will result.

Further, the hardship placed on Dille would be huge, and extremely costly. Dille has been swept up inappropriately into this lawsuit. The cost of forensically imaging and preserving all documents she may or may not have encountered since 2021 would be exorbitant to a single defendant. Therefore, since Plaintiffs have failed to allege any harm done by Dille, or provide concrete evidence that she misappropriated trade secrets, their motion should be denied.

### CONCLUSION

Plaintiff is not likely to succeed on the merits in relation to Dille and will not suffer irreparable harm. Plaintiff's motion should be denied, and no preliminary injunction should be entered in relation to Dille.

DATED November 4, 2024.

TROUT LAW, PLLC

*/s/ Kim J. Trout*
Kim J. Trout
Attorney for Lurene Dille

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Marty Ray Anderson<br>marty@eastidaholaw.net | Kyle Eric Bastian<br>kbastian@wrightbrotherslaw.com |
| Daniel E. Biddulph<br>dbiddulph@parsonsbehle.com | David W. Gadd<br>dwg@magivcalley.com |
| John Elbert Cutler<br>jcutler@parsonsbehle.com | Tara Martens Miller<br>tmmiller@swlaw.com |
| Lee Radford<br>lradford@parsonsbehle.com | Benjamin J. Mills<br>bemills@dwlse.com |
| Bren E. Mollerup<br>benoitlaw@benoitlaw.com | Peter M. Wells<br>pete@mrwlaw.net |
| Mark O. Morris<br>mmorris@swslaw.com | Davonna Wolff<br>dwolff@parsonsbehle.com |

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participant in the manner indicated:

Arthur Yamada  ☒ U.S. Mail
930 Snowflake Dr.  ☒ eMail
Hailey, ID 83333
rideinxs@gmail.com

*/s/ Kim J. Trout*
Kim J. Trout
Attorney for Lurene Dille