David W. Gadd (ISB #7605)
STOVER, GADD & ASSOCIATES, PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929
dwg@magicvalleylaw.com

Mark O. Morris (ISB# 10850)
Tara Martens Miller (ISB# 5773)
Benjamin J. Mills (ISB# 11748)
SNELL & WILMER L.L.P.
Key Business Center
702 W. Idaho Street, Suite 1100
Boise, ID 83702
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: mmorris@swlaw.com
tmmiller@swlaw.com
bemills@swlaw.com

*Attorneys for Kodiak America, LLC; Kodiak Northwest, Inc.; BAUB LLC; Brek Pilling; and PFT Enviro Investments, LLC*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>               Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KAM MFG LLC, a Delaware limited liability Company f/k/a Kodiak America, LLC; KODIAK NORTHWEST, INC., and Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH | Case No. 4:24-cv-00112<br><br>**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION** |

**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION – 1**

INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, and Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, and individual; LURENE DILLE, an individual; DOE DEFENDANTS I–XX; and ROE ENTITY DEFENDANTS I–XX;

                Defendants.

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC,

                Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaholimited liability company,

                Counterdefendant,

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

                Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaholimited liability company,

                Counterdefendant,

Defendants KAM MFG LLC, a Delaware limited liability company f/k/a Kodiak America, LLC; Kodiak Northwest, Inc., an Idaho corporation; BAUB LLC, an Idaho limited

**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION – 2**

liability company; Brek Pilling, both individually and as trustee of The Pilling Family Trust; and PFT Enviro Investments, LLC, an Idaho limited liability company (collectively, the "Pilling Defendants"), respectfully submit this Memorandum in response to *SRM-Kodiak America's Motion for Preliminary Injunction* (Doc. 65).

## LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008). Rather, it should be granted only when "the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (citation omitted) (emphasis in original).

To obtain relief, the party seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The first factor "is the most important —likely success on the merits." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Additionally, the movant must demonstrate that irreparable injury is "likely" in the absence of an injunction, not just a "possibility." *Winter*, 555 U.S. at 22, 117 S. Ct. at 375.

## ARGUMENT

1. <u>SRM Has Failed to Clearly Show that It Is Likely to Succeed on the Merits Against Brek</u>.

In order to qualify for preliminary relief, SRM must show that it is likely to succeed on the merits of its trade secrets claim. As SRM has noted, this requires SRM to demonstrate that each of the parties sought to be enjoined has misappropriated SRM's trade secrets. 18 U.S.C. § 1836(b). While SRM spends considerable time in its memorandum detailing how it claims that

**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION – 3**

Scott and/or his entities have done so[1], SRM offers very meager evidence that Brek has engaged in any misappropriation. Rather, Brek (and the other "Trade Secret Defendants") are simply lumped in with Scott, his actions being imputed to the rest of them. This is insufficient to satisfy the "clear showing" requirement needed for a preliminary injunction.

Both the memorandum and the supporting declarations lack any direct evidence of misappropriation by Brek. In fact, there are only a few instances in which Brek is referenced at all. The first of these is Brek's ownership interest in Intermountain Living, LLC, which SRM relies on to support its contention that Brek is participating in the use of SRM's trade secrets. However, Brek does not possess an ownership interest in Intermountain Living, LLC, and has not since September 2021, prior to SRM acquiring the very intellectual property rights that it claims are being violated. Decl. Brek Pilling, p. 3, Ex. A; Decl. Gadd, Ex. A. Brek has had no interest in and no involvement with Intermountain Living, LLC since that time. *Id*. Accordingly, even if Intermountain Living, LLC is found to have misappropriated SRM's trade secrets, it does not follow that Brek has done so as well.

SRM also references a meeting that occurred between Scott, Brek, and representatives of Elecon in approximately August 2023. SRM surmises that the purpose of that meeting was to discuss Scott's and Brek's use of SRM's trade secrets but provides no evidence of this. This is because SRM's inference is incorrect. The purpose of the meeting was to discuss a potential business venture related to the manufacture of drilling equipment for water wells, an industry unrelated to SRM and its business. Decl. Brek Pilling, ¶ 4. There is nothing in the APA or elsewhere that prohibits such discussions. Accordingly, SRM has failed to meet its burden of persuading this Court that it will succeed on the merits of its claim against Brek.

---

[1] The Pilling Defendants do not take a position as to whether the Court should issue an injunction against Scott Pilling or his entities.

**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION – 4**

2.  <u>SRM Has Failed to Clearly Show that It Will Likely Suffer Irreparable Harm in the Absence of a Preliminary Injunction Against Brek</u>.

Obviously, where SRM has failed to make a clear showing that Brek has misappropriated its trade secrets, SRM has likewise failed to demonstrate a likelihood that it will suffer irreparable harm absent the preliminary relief requested. SRM has failed to identify the trade secrets that it believes Brek possesses or how Brek, specifically, has used or is threatening to use them. To Brek's knowledge, he does not possess any confidential information or intellectual property belonging to SRM. Decl. Pilling, ¶ 5. Further, he has neither used nor threatened to use SRM's confidential information or intellectual property. *Id*. at ¶ 6. It is SRM's burden to show that it will be irreparably harmed if Brek, specifically, is not enjoined. SRM has failed to do so, and its Motion should be denied.

3.  <u>The Balance of the Equities and the Public Interest Weight Against the Entry of a Preliminary Injunction</u>.

"Before issuing a preliminary injunction, 'courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 866 (9th Cir. 2017) (quoting *Winter*, 555 U.S. at 24).

SRM has requested an expansive order that includes, among other things, the identification of all physical or electronic storage devices that Brek uses or has used since January 2021 and the forensic imaging of such devices. The cost of doing so will be significant, yet SRM has provided no concrete evidence of Brek's involvement in any misappropriation or that Brek has failed to comply with his confidentiality obligations under the APA. Further, while Brek does not disagree with the general principal that parties to contracts should comply with the terms of their agreements, not every party to a contract is entitled to the entry of a preliminary

**PILLING DEFENDANTS' RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION – 5**

injunction. A preliminary injunction is not a right, *Winter*, 555 U.S. at 24, 129 S. Ct. at 376, and it would be contrary to the public interest for courts to enter such injunctions without a clear showing that the party seeking relief is entitled to the same.

## CONCLUSION

SRM has failed to show that it is likely to prevail in its trade secrets claim against Brek, that it will suffer irreparable harm if Brek is not enjoined, or that the equities or public interest weigh in favor of the entry of a preliminary injunction against Brek. Accordingly, the Pilling Defendants request that the Court deny SRM's motion for preliminary injunction.

DATED this 4th day of November, 2024.

STOVER, GADD & ASSOCIATES, PLLC

By: */s/ David W. Gadd*
David W. Gadd
Counsel for the Pilling Defendants