IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company, | Case No. 4:24-cv-00112-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, and individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX, | |
| Defendants. | |

MEMORANDUM DECISION AND ORDER - 1

SCOTT PILLING, an individual,

        Counterclaimant,

vs.

SRM-KODIAK AMERICA, LLC, an
Idaho limited liability company,

        Counterdefendant.

---

BREK PILLING, an individual;
KODIAK AMERICA, LLC, a Delaware
limited liability company; and PFT
ENVIRO INVESTMENTS, LLC, an
Idaho limited liability company,

        Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an
Idaho limited liability company,

        Counterdefendant.

## I. INTRODUCTION

Before the Court is Plaintiff SRM-Kodiak America, LLC's ("SRM") Motion to

Expedite (Dkt. 91) briefing on its Motion for Order to Show Cause on Contempt

("Contempt Motion") (Dkt. 88) and Motion for Temporary Restraining Order ("TRO")

(Dkt. 90).

On February 6, 2025, the Court issued a preliminary injunction in this case, which

SRM alleges Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC,

Gary Wickersham, Kenneth Randall, and Does 1-10 (collectively "Contempt Defendants")

MEMORANDUM DECISION AND ORDER - 2

are violating. The motions above all relate to SRM's desire to stop such violations and to sanction the Contempt Defendants as appropriate. Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Motion to Expedite.

## II. BACKGROUND

On February 6, 2025, the Court issued a preliminary injunction, finding SRM had shown they are likely to succeed on the merits of their case and that an injunction was necessary to prevent it from suffering irreparable harm. Dkt. 87. As part of that injunction, the Contempt Defendants, among other Defendants, were prohibited from further misappropriation of SRM's trade secrets. In pertinent part, this included a prohibition on using SRM's engineering drawings and using their own materials developed from SRM's drawings.

On April 24, 2025, SRM filed its Contempt Motion, which alleges Contempt Defendants have continued to manufacture and develop a snow blower which is nearly identical, if not identical, to SRM's snow blower, and that they have continued to solicit SRM customers using SRM's designs. SRM provided evidence that Contempt Defendants were going through the final stages of testing the snow blower in Heyburn, Idaho, on April 23, 2025.

SRM is concerned the snow blower will soon be sold and transported to a customer, making inspection of the machine—and determining whether it was developed in violation of the preliminary injunction—impossible. As a result, SRM sought, as part of its Contempt Motion, to obtain an order from the Court preventing such a transfer. Dkt. 88-1, at 10. SRM also sought "an expedited, emergency hearing" to determine whether civil sanctions or

other relief would be appropriate and to have the Court revisit its previous decision to not require the retention of third-party data as part of the preliminary injunction. *Id.* On April 29, 2025, SRM filed its TRO and the instant Motion to Expedite.

### III. DISCUSSION

A court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). While Contempt Defendants have not yet had time to respond the SRM's Contempt Motion, the allegations and evidence contained within suggest serious violations of the preliminary injunction in this case. SRM is concerned that the snow blower machine tested in Heyburn could be sent to a customer, leaving little chance to prove a violation, if any, of the preliminary injunction. Because such concerns are not unfounded, the Court finds it necessary to expedite briefing on the motion for TRO and hold a hearing to determine whether any violation has taken place.

Contempt Defendants must respond to SRM's motion for a TRO on or before May 5, 2025, at 12:00 p.m. SRM's Reply, if any, will be due on or before May 7, 2025, at 12:00 p.m. Neither brief is to exceed five pages,[1] and the briefing should only pertain to the allegations set forth in the motion for a TRO. A hearing will be held on May 8, 2025, at 2:00p.m. to determine whether any violation of the preliminary injunction has taken place. To this extent, the Motion to Expedite is GRANTED.

---

[1] This limitation does not apply to the case caption, certificate of service, or other procedural text. The five-page limitation relates to merits-based arguments only.

MEMORANDUM DECISION AND ORDER - 4

SRM also requests the Court expedite briefing on the Contempt Motion (Dkt. 88). The Court will not do so. Any order on the Motion for a TRO will contain a finding on whether the Contempt Defendants have likely violated the preliminary injunction. Such a finding will be crucial in briefing the Contempt Motion. Additionally, any remedy that can properly be obtained through a civil contempt order is not of such a pressing nature that expedited briefing will be necessary. The additional time to complete briefing will allow for more thorough and accurate briefing from both sides. The more time-sensitive remedies requested in the Contempt Motion will be addressed in an order on the TRO motion. To this extent, SRM's Motion to Expedite is DENIED.

The Court will note additional briefing on the issue of whether Contempt Defendants should be required to comply with the so-called "preservation components" of the original Motion for a Preliminary Injunction now that they have potentially violated the preliminary injunction is unnecessary in the briefing for either the TRO motion or the Contempt Motion. The Court maintains, as outlined in its original Order, that "it will not issue an injunction that bypasses the protections the rules of discovery offer to essentially facilitate an unlimited fishing expedition into multiple Defendants' personal and professional files." Dkt. 87, at 25. Contempt Defendants' responsibility to preserve and provide evidence will remain in the realm of discovery for the reasons set forth in the Court's preliminary injunction order.

The Court will note, although its unwilling to expedite briefing on SRM's Contempt Motion today, it does recognize SRM's concern that ongoing violations by Contempt Defendants during the time it takes to brief the Contempt Motion are not without merit. It

is the Court's intention to meaningfully enforce the preliminary injunction in this case. If

SRM successfully proves Contempt Defendants have violated the preliminary injunction,

the Court intends to stop such violations in an order on the TRO Motion and provide just

remedy in an order on the Contempt Motion. It is, however, important that the defendants

in this case are given ample opportunity to defend themselves from any accusations of

violations. At this stage, the Court will simply emphasize that it expects compliance with

the preliminary injunction and fair play by all parties. Anything to the contrary will not be

tolerated.

## IV. CONCLUSION

The Court will require expedited briefing on SRM's TRO motion, which should be

limited to whether SRM has violated the preliminary injunction in place in this case. The

Court will not expedite briefing on SRM's contempt order, and briefing on that motion

shall be limited as to what sanctions and consequences, if any, will be appropriate for any

violations of the preliminary injunction.

## V. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff SRM-Kodiak America, LLC's Motion to Expedite (Dkt. 91) is **GRANTED
   in PART** and **DENIED in PART**.

   a. Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision,
      LLC, Gary Wickersham, Kenneth Randall, and Does 1-10 must file a
      Response to the Motion for Temporary Restraining Order (Dkt. 90) on or
      before May 5, 2025, at 12:00 pm. The brief is limited to five pages.

MEMORANDUM DECISION AND ORDER - 6

b. Plaintiff SRM-Kodiak America, LLC's must file its Reply on or before

   May 7, 2025, at 12:00 pm. The brief is limited to five pages.

c. A hearing on the Motion for Temporary Restraining Order will be held on

   May 8, 2025, at 2:00 pm in the Bankruptcy Courtroom of the Pocatello

   Federal Courthouse.

d. Briefing on the Motion for Order to Show Cause on Contempt (Dkt. 88)

   will not be expedited.

DATED: April 30, 2025

_____

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7