IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>       Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, and individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,<br><br>       Defendants. | Case No. 4:24-cv-00112-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |
| SCOTT PILLING, an individual, | |

|  |
|---|
| Counterclaimant, |
| vs. |
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company, |
| Counterdefendant. |
| BREK PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; and PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company, |
| Counterclaimants, |
| vs. |
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company, |
| Counterdefendant. |

## I. INTRODUCTION

Before the Court is Plaintiff SRM-Kodiak America, LLC's ("SRM") Motion for Temporary Restraining Order ("TRO") (Dkt. 90) and related Motions to Seal (Dkts. 89, 95). On February 6, 2025, the Court issued a preliminary injunction in this case, which SRM alleges Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, Gary Wickersham, Kenneth Randall, and Does 1-10 (collectively "Contempt Defendants") are violating. SRM is seeking a TRO to cease work on a snow blower machine and preserve it for inspection.

On May 8, 2025, the Court held oral argument on the TRO Motion. Ruling from the bench, the Court GRANTED the TRO Motion and the Motions to Seal.[1] This written decision supplements that oral ruling.

## II. BACKGROUND

The Court extensively set forth the background of this case in its Order granting a preliminary injunction (Dkt. 87) and more specifically the background related to the instant Motion in its Order expediting the briefing on the TRO Motion (Dkt. 92). That background is incorporated by reference, but the Court will provide a short summary here.

On April 29, 2025, SRM filed the instant TRO Motion (Dkt. 90) along with a Motion to Expedite briefing (Dkt. 91). SRM is requesting a very narrow order which requires the Contempt Defendants to cease any work on a snow blower which the Contempt Defendants have recently been testing and that they preserve it in its present state for inspection.[2] On April 30, 2025, the Court granted the Motion to Expedite briefing and gave Contempt Defendants until May 5, 2025, to file a Response and gave SRM until May 7, 2025, to file a Reply. Dkt. 92. Finally, the Court held a hearing on the TRO Motion on May 8, 2025.

At the hearing, with an interrelated Contempt Motion (Dkt. 88) pending and ongoing discovery, the Court limited the scope of argument and its ultimate decision to the single issue of whether the TRO should be issued and the parameters of that TRO.

///

---

[1] The Motions to Seal were unopposed. After clarifying Contempt Defendants did not intend to oppose those Motions moving forward, the Court granted the Motions.

[2] SRM is also requesting the same relief for "any other machines [the Contempt Defendants] are currently working on that incorporate the same of similar designs." Dkt. 90-1, at 5–6. The Court will not include any such machines in the instant Order. The parties should use the mechanisms of discovery, particularly Federal Rule of Civil Procedure 34, to facilitate any preservation and inspection of potential other machines.

### III. DISCUSSION

At this stage, the Court's primary interest is ensuring this case moves forward efficiently and effectively while protecting the status quo between the parties. Facilitating effective discovery is crucial in meeting that goal. There is no real way to make a final determination on the Contempt Motion, and potentially on the underlying Complaint, if SRM does not have a chance to inspect the snow blower at issue here. Understanding which components of the machine are unique to Sawtooth's design and which share SRM's design will likely be pivotal in determining the likelihood of whether these machines could have been permissibly designed, which will be helpful to both parties in building their cases.

Consistent with the requirements to issue a TRO, SRM has provided sufficient evidence to meet its burden. For that reason, the Court will GRANT SRM's Motion for a Temporary Restraining Order. All work on the snow blower machine tested in Heyburn, Idaho on April 23, 2025, must cease, and the machine must be preserved for inspection in accordance with Federal Rule of Civil Procedure 34. As Scott Pilling has requested, the inspection may take place in Burley, Idaho, but Contempt Defendants[3] will bear the burden of all costs associated with inspection, including any transport back from California where it is currently being tested by a potential customer. The machine is to remain at the site of inspection until further order of the Court.

Finally, the Court notes that SRM has alluded to potential discovery disputes that will be forthcoming between the parties, but it is not entirely clear at this stage what

---

[3] This TRO will not apply to Gary Wickersham or Kenneth Randall. Gary Wickersham, as a mere mechanic of IIOVII Precision, LLC, does not have the authority to facilitate the relief granted in this Order. Additionally, Kenneth Randall, as a non-party in this case, will not be subjected to the terms of this Order. However, they too cannot perform work on, move, or sell the snow blower machine at issue under the terms of the original injunction.

discovery efforts have been made and where any issues are arising. The parties are encouraged to continue to use traditional avenues of discovery to uncover evidence and build their respective cases. This requires good faith efforts from all parties and that each side be forthcoming throughout the process and preserve evidence in accordance with the rules of discovery and the discovery plan in place. *See* Dkt. 58.

## IV. ORDER

IT IS HEREBY ORDERED:

1. SRM's Motion for a Temporary Restraining Order (Dkt. 90) is GRANTED.

2. The snow blower machine tested on April 23, 2025, in Heyburn, Idaho must be preserved for inspection.

    a. The machine cannot be sold without further order of the Court.

    b. Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, must make the machine available for inspection in accordance with Federal Rule of Civil Procedure 34 and will bear the costs for said inspection.

    c. SRM may choose who they will have conduct the inspection. Tyler Groves, President of SRM, may participate in that inspection as a party representative.

3. SRM's Motions to Seal (Dkts. 89, 95) are GRANTED.

DATED: May 12, 2025

David C. Nye
Chief U.S. District Court Judge