IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>   Plaintiff,<br><br>v.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, and individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,<br><br>   Defendants. | Case No. 4:24-cv-00112-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

SCOTT PILLING, an individual,

    Counterclaimant,

v.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

    Counterdefendant.

BREK PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; and PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company,

    Counterclaimants,

v.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

    Counterdefendant.

## I. INTRODUCTION

Before the Court is Plaintiff SRM-Kodiak America, LLC's ("SRM") Motion to Expedite (Dkt. 103) briefing on its Motion to Compel (Dkt. 103).

On May 8, 2025, the Court held a hearing on SRM's Motion for Temporary Restraining Order (TRO), at which time Scott Pilling disclosed the snow blower machine at issue had been shipped to a potential customer in California for testing. SRM is now seeking the contact information, documents, and communications related to that potential customer. Upon review, and for the reasons set forth below, the Court DENIES the Motion

MEMORANDUM DECISION AND ORDER - 2

to Expedite.

## II. BACKGROUND

On April 24, 2025, SRM filed a Motion for Order to Show Cause on Contempt ("Contempt Motion") (Dkt. 88), which alleges Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, Gary Wickersham, Kenneth Randall,[1] and Does 1-10 (collectively "Contempt Defendants") violated the preliminary injunction in this case to manufacture and develop a snow blower which is nearly identical, if not identical, to SRM's snow blower, and that they have continued to solicit SRM customers using SRM's designs.

On April 29, 2025, SRM filed a Motion for TRO (Dkt. 90) along with a Motion to Expedite Briefing (Dkt. 91) on both the TRO Motion and Contempt Motion. The Court granted the Motion to Expedite as it related to briefing on the TRO Motion but denied the Motion to Expedite as it related to the Contempt Motion. Dkt. 92. On May 8, 2025, the Court held a hearing on the TRO Motion.

As part of the TRO, SRM sought to preserve for inspection a snow blower which Contempt Defendants had been developing and testing. At the time of briefing, Contempt Defendants indicated the machine was "homeless," with no buyer. At the hearing, Scott Pilling indicated the machine had been shipped to a potential customer in California for testing, and if the testing went well, a purchase of the machine could be in the works. The

---

[1] Kenneth Randall has not yet appeared as a Defendant in this case. He was not a party to this case when the Court entered its Memorandum Decision and Order related to SRM's TRO Motion, and he was thus excluded from the Order's applicability. He has since been served by SRM on May 9, 2025. Dkt. 100. Gary Wickersham was also excluded from the TRO, due to his inability to comply with the terms. Dkt. 101, at 4.

MEMORANDUM DECISION AND ORDER - 3

Court ordered Contempt Defendants to produce the machine for inspection in compliance with Federal Rule of Civil Procedure 34, with costs to be born by them, and to not sell the machine without an order from the Court. Dkt. 101, at 5.

In the meantime, the Court indicated the parties needed to move forward using the traditional avenues of discovery, including in resolving any discovery disputes. Just a few days later, on May 13, 2025, SRM used such an avenue by submitting a Motion to Compel (Dkt. 103), requesting that Scott Pilling, Sawtooth, and IIOVIII be ordered to disclose the identifying information for the potential customer in California along with any communications and documents exchanged between the customer and these Defendants by May 19, 2025.

SRM's arguments in the Motion to Compel raise traditional problems of discovery such as failure to produce a privilege log or failure to respond to interrogatories and requests for production honestly and completely. However, SRM argues there is good cause to resolve this particular Motion to Compel in an expedited manner because the information sought "is extremely relevant to the contempt issues pending before the Court," and the failure to produce the information "is highly prejudicial to SRM's ability to timely obtain information." Dkt. 103-1, at 6.

The Court will solely take up the Motion to Expedite (Dkt. 103) portion of SRM's filing in this Order.

### III. DISCUSSION

A court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for

MEMORANDUM DECISION AND ORDER - 4

litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Requiring expedited briefing on the Motion to Compel will not promote such economy. The Court strives to give all parties a chance to respond to a motion before reaching a decision on the merits. That is especially true on a motion, such as a motion to compel, which goes beyond mere procedural technicalities.

The Court recognizes SRM's position that the California customer's contact information and communications between the customer and Contempt Defendants could be very helpful in presenting a stronger position on the Contempt Motion. However, such information is not necessary for SRM to make their arguments regarding contempt, and attempting to obtain such information on an expedited schedule would require additional briefing that will interfere with the ongoing briefing on the Contempt Motion. The Court will once again defer to the rules of discovery, even if the use of such rules and accompanying mechanisms might take longer than the parties would like.

For these reasons, SRM's Motion to Expedite is DENIED. Briefing on the Motion to Compel will proceed on a standard track, and the Motion will be decided in due course.

## IV. CONCLUSION

The Court will not expedite briefing on SRM's Motion to Compel, as doing so would not promote judicial economy, and SRM is able to argue its Contempt Motion without such information. Any Response to the Motion to Compel is due on or before June 3, 2025, and SRM's Reply, if any, will be due fourteen (14) days after any Response.

## V. ORDER

IT IS HEREBY ORDERED:

1. Plaintiff SRM-Kodiak America, LLC's Motion to Expedite (Dkt. 103) is **DENIED**.

    a. Briefing on the Motion to Compel (Dkt. 103) will not be expedited.

DATED: May 14, 2025

_____
David C. Nye
Chief U.S. District Court Judge