Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an | Case No. 4:24-cv-00112-DCN <br><br> **SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES** |

SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES - 1
4926-1259-0439.v1

individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX

       Defendants.

---

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC,

       Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

       Counterdefendant,

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

       Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

       Counterdefendant,

Plaintiff/Counterdefendant SRM-Kodiak America, LLC ("SRM"), by and through its undersigned counsel, Parsons Behle & Latimer, submits this overview of outstanding discovery issues as directed by the Court's September 2, 2025, docket text order (Dkt. 118).

## RELEVANCE & PROPORTIONALITY

Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC (collectively the "Scott Pilling Defendants"), regularly equate their conduct in discovery with that of SRM. But the fact that both the Scott Pilling Defendants and SRM have made objections in discovery does not mean anything in itself. Each party's objections must be individually viewed against (1) the governing standard of relevance and proportionality, and (2) the factual allegations and legal claims in dispute.

To be discoverable, information must be both "relevant" to a claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b). Proportionality is measured by reference to the "importance of the issues at stake," "the amount in controversy," each party's "relative access to relevant information," each party's "resources," how important the discovery is to "resolving the issues," and the degree to which the burden or expense of production outweighs the benefit of the information. *Id.*

## SRM'S BROAD DISCOVERY PROPORTIONATELY SEEKS RELEVANT EVIDENCE

Beginning with its August 28, 2024, discovery requests, SRM has issued interrogatories and requests for production seeking information on all the Scott Pilling Defendants' communications and documents (including files in native format) within the commercial snow removal industry. The series of interrogatories and requests for production directed at obtaining this information are indeed broad. But none of the rules of discovery prohibit very broad requests for production or interrogatories. Only irrelevant and disproportionate requests are barred.

SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES - 3
4926-1259-0439.v1

Applying the standard in Rule 26(b), SRM's very broad requests for information seek highly relevant information and are not disproportionate. To date, SRM has prevailed on both a preliminary injunction and a temporary restraining order, demonstrating a high likelihood of success on the merits of its claims against the Scott Pilling Defendants. Specifically, the Court held that SRM's preliminary injunction motion was "replete with both direct and circumstantial evidence that Scott misappropriated SRM's trade secrets." (Dkt. 87 at 18). The Court explained "the many acts of misappropriation, taken together, illustrate Scott knew or, at the very least, should have known, that he improperly disclosed SRM's proprietary information, including by breaching his duty to maintain secrecy" under his independent contractor agreement and as SRM's president." *Id.* at 18–19.

Obtaining actual evidence from the Scott Pilling Defendants on (1) the snow removal equipment designs in their possession, and (2) their use of those designs in commerce, is at the core of the claims in dispute. SRM contends that the entire business operation of the Scott Pilling Defendants in the snow removal industry is built on their misappropriation of SRM's designs. The corroborating evidence of this is amply set forth in support of the injunction issued by the district court—including evidence that Scott Pilling exported proprietary designs to his personal network drives, Scott Pilling poached SRM employees to work at his new facility, and Scott Pilling issued separate purchase orders to SRM customers even while still working as SRM's president. Since the injunction, SRM has demonstrated at a temporary restraining order hearing that the Scott Pilling Defendants' "L40 Prototype" appears to be a direct copy of SRM's proprietary designs with only a few modifications.

With respect to access to information, SRM has no access to the Scott Pilling Defendants files, and no way to determine all of the business being done using SRM's stolen designs. The

SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES - 4

Scott Pilling Defendants have failed to put forward any evidence showing they lack resources to produce the documents and information requested. And all the information requested is necessary for SRM to establish the full scope of the damage suffered in this multi-million-dollar case. Accordingly, on the current record SRM's admittedly broad requests seek only relevant information and are directly proportional to the weighty claims at issue.

**THE EMAIL DISCOVERY TO SRM IS DISPROPORTIONATE AND IRRELEVANT**

In direct contrast to SRM's relevant and proportionate requests, the Scott Pilling Defendants have issued multiple rounds of email discovery using broad terms widely used in the ordinary conduct of SRM's business unrelated to the issues in the case. The predecessors to SRM were Kodiak Northwest and Idaho Norland. These terms show up everywhere in the historical schematics and business documents of the company. Likewise SRM conducted business out of a facility in Paul Idaho for a period following the acquisition of assets from Kodiak America, LLC. Thus, requests for production of emails from all SRM's owners and officers that also used these broad terms inherently sweeps in overwhelmingly irrelevant documents about the ordinary conduct of SRM's business unrelated to any claim or defense. Whereas, the Scott Pilling Defendants are alleged to have built their business on stolen intellectual property, no such allegation exists with respect to SRM. As such the vast majority of SRM's business communications are not relevant to this case, and the obligation to review these emails and produce them has been a serious burden that SRM has undertaken solely to avoid a discovery dispute that would distract from the core issue of the Scott Pilling Defendants' theft of SRM's trade secrets.

SRM incurred well over $50,000 in expenses to review and produce more than 50,000 pages/native emails and attachments in response to the Scott Pilling Defendants' first round of

SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES - 5
4926-1259-0439.v1

irrelevant and disproportionate e-discovery in February 2025. Accordingly, when the Scott Pilling Defendants came back with a second round of email discovery on equally broad terms directed at yet more custodians, SRM pushed back—seeking to avoid yet more waste of time and money reviewing documents that overwhelming have nothing to do with any material issue.

But as soon as the informal law clerk conference revealed that the Court may perceive this issue differently, SRM immediately internalized the feedback from the law clerk and conducted the disputed review to ensure this did not distract from the real issues in the case: misappropriation and ongoing contempt by the Scott Pilling Defendants. Accordingly, in roughly one-weeks' time SRM completed review of more than 12,000 additional pages of emails/attachments and produced those to the Scott Pilling Defendants on September 5th. That brings the total email/attachment production to 66,680 pages of the total 70,387 pages produced by SRM in discovery. SRM requests only that the Court recognize the disproportionately burdensome and largely irrelevant nature of the Scott Pilling Defendants' email discovery to date and relieve it of further obligations to conduct email discovery by these defendants.

**JUDICIAL ASSISTANCE IS NEEDED TO TIMELY OBTAIN CRITICAL DISCOVERY**

Excluding the old boxes of documents allegedly from the Paul facility that the Scott Pilling Defendants produced in support of their own defenses, the Scott Pilling Defendants have produced only 2,313 pages/native files compared to the 70,387 pages produced by SRM. To date, SRM has afforded the Scott Pilling Defendants numerous lengthy extensions of time to complete its production. The Scott Pilling Defendants first discovery responses to the August 2024 requests were made in October 2024, and SRM engaged in the first meet and confer conference on the very issues still in dispute today in November 2024—not June 2025. If there is any dispute, SRM has multiple emails documenting these efforts from November 2024 and

continuing to the present time. A year later, SRM still does not have the documents it requested.

Through third-party subpoenas, SRM has discovered hundreds of pages of non-email documents comprised of invoices, bids, text messages, and other business communications that the Scott Pilling Defendants impliedly denied possessing and did not produce. Without issuing subpoenas to every vendor and customer, SRM will never get the full evidence of damages arising from defendants' business dealings. Even on the compelled production regarding the L40 prototype, it appears communications remain missing (e.g., none of the documents produced on September 5th mention an L40 prototype). Court assistance remains needed in this area.

SRM has sought all the designs and schematics in the Scott Pilling Defendants possession including the "SolidWorks" program native formats. The native formats for these files end in extensions ".sldprt," ".sldasm," and ".slddrw." These file formats retain a "feature tree" that shows the history of how an engineer drew out each design. This history is like the fingerprint of an engineering drawing—showing each step an engineer took in drawing it out and changes made over time. But this critical history is destroyed when the SolidWorks files are converted to a standardized ".stp" or ".STEP" format. Unfortunately, it is no surprise that on September 5th when SRM opened the first digital files produced after more than a year waiting, the files were not the ".sldprt," ".sldasm," or ".slddrw" files specifically requested—but instead ".stp" and ".STEP" files with all the digital DNA stripped away.

At the start of summer, SRM obtained a six-month extension on discovery precisely because of the slow pace of discovery production by the Defendants (including but not limited to the Scott Pilling Defendants). It's now September, and no progress was made over the summer. SRM now needs more time in discovery due to the delays and an immediate increase in the pace of production. SRM Respectfully requests the Court's direction on how to address these issues.

SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES - 7

DATED this 8th day of September 2025.

                                                  PARSONS BEHLE & LATIMER

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for Plaintiff/Counterdefendant*
*SRM-Kodiak America, LLC*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 8th day of September 2025, I caused a true and correct copy of the foregoing document to be served on counsel for the party of interest via email, as follows:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC<br>P.O. Box 366<br>Twin Falls, ID  83303<br>*Attorneys for Defendant Carolyn Shoemaker* | *benoitlaw@benoitlaw.com* |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID  83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | *dwg@magicvalleylaw.com* |
| Kyle Eric Bastian<br>WRIGHT BROTHERS LAW OFFICE, PLLC<br>P.O. Box 5678<br>Twin Falls, ID  83303<br>*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC* | *kbastian@wrightbrotherslaw.com* |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, CHARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID  83204-0370<br>*Attorneys for Defendant Gary Wickersham* | *pete@mrwlaw.net* |
| Kim J. Trout<br>Alyssa Jones<br>TROUT LAW, PLLC<br>3778 N. Plantation River Drive, Ste 101<br>Boise, ID  83703<br>*Attorneys for Defendant Lurene Dille* | *ktrout@trout-law.com*<br>*ajones@trout-law.com* |

| | |
|---|---|
| Mark O. Morris | mmorris@swlaw.com |
| Tara Martens Miller | tmmiller@swlaw.com |
| Benjamin J. Mills | bemills@swlaw.com |

SNELL & WILMER, LLP
Key Business Center
702 W. Idaho Street, Ste 1100
Boise, ID  83702
*Attorneys for Defendants Brek Pilling, Baub, LLC, Kodiak America, LLC, The Pilling Family Trust, PFT Enviro Investments, Kodiak Northwest, Inc., and Brek Pilling as Trustee of the Pilling Family Trust*

        /s/ John E. Cutler
Lee Radford
John E. Cutler
Daniel Biddulph