Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone:  208.522.6700
Facsimile:  208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for SRM-Kodiak America, LLC;*
*Lawrence Wayne Powell, Jr.; Kurt Harman;*
*Jonathan Price; and Kodiak America, LLC (Texas)*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY | Case No. 4:24-cv-00112-DCN<br><br>**SRM-KODIAK AMERICA, POWELL, HARMAN, PRICE, AND KODIAK TEXAS'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS (DKT. 150)** |

34546.001\4912-6133-3696

WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,

                    Defendants.

KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC.; BAUB, LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC;

                    Counterclaimants,

                    vs.

SRM-KODIAK, AMERICA, LLC, an Idaho limited liability company, LAWRENCE WAYNE POWELL, JR., an individual aka Lawrence W. Powell; KURT HARMAN, an individual; JONATHAN PRICE, an individual; KODIAK AMERICA, LLC, a Texas limited liability company; and BRIAN L. TIBBETTS, an individual,

                    Counterdefendants.

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

                    Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

                    Counterdefendant.

Plaintiff and Counterclaim Defendant SRM-Kodiak America, LLC ("SRM"), and

Counterclaim Defendants Larence Wayne Powell, Jr. ("Powell"), Kurt Harman ("Harman"),

Jonathan Price ("Price"), and Kodiak America, LLC ("Kodiak Texas"), by and through their undersigned counsel of record, hereby submit this *SRM-KODIAK America, Powell, Harman, Price, And Kodiak Texas's Memorandum In Support Of Motion To Strike Second Amended Counterclaims* (Dkt. 150).

The Brek Pilling Defendants' Second Amended Counterclaims ("SAC") were filed nearly two years after the deadline for amendment of pleadings established by this Court, three months after SRM filed its answer to the Amended Counterclaims (the "FAC"), and after a motion to dismiss on the pleadings had already been filed. The Brek Pilling Defendants did not seek leave to file the SAC, nor did they seek consent of the other parties. Instead, they simply docketed the SAC, in violation of the Court's Scheduling Order and the Federal Rules of Civil Procedure.

Assuming the Brek Pilling Defendants were attempting to amend as a matter of right under Federal Rule of Civil Procedure 15(a)(1), this amendment was untimely because it was more than 21 days after SRM filed its answer to the FAC. Fed. R. Civ. P. 15(a)(1)(B). More importantly, because this Court set a deadline of September 12, 2024, for amendment of pleadings, the Brek Pilling Defendants were required to establish good cause for their amendment under Federal Rule of Civil Procedure 16 and the requisite showing under Rule 15 <u>before</u> filing any amended pleadings. The Brek Pilling Defendants made no attempt to comply with this Court's scheduling order or the Federal Rules of Civil Procedure and instead simply filed an untimely and unauthorized SAC on the Court's docket. The SAC should be treated as a nullity and stricken under Federal Rule of Civil Procedure 12(f).[1] And, because the Brek Pilling Defendants did not respond (and the time to do so has expired) to the Motion to Dismiss the FAC, which are the

---

[1] Counterclaimants continue to assert the SAC – like the FAC – fails to state claims upon which relief can be granted and reserve the right to bring a further motion on that basis. *See* Fed. R. Civ. P. 12(b)(6).

operative counterclaims (Dkt. 145), that Motion to Dismiss should be granted as unopposed. The Court should not permit the Brek Pilling Defendants to belatedly respond to the substance of the motion to dismiss in response to this motion, nor should it entertain an argument for good cause in response. Defendants, like all litigants, must abide the governing rules—including the obligation to timely respond to Plaintiff's motion to dismiss, and to seek leave of court on their own motion *in advance* of filing an otherwise untimely second amended pleading.

### BACKGROUND

SRM filed its Complaint against Brek Pilling ("Brek"), Kodiak America, LLC ("Sold Kodiak"), [2] and PFT Enviro Investments LLC ("PFT") (collectively, the "Brek Pilling Defendants"), amongst other defendants on February 26, 2024. Dkt. 1. On April 30, 2024, the Brek Pilling Defendants filed their Answer and Counterclaim against SRM. Dkt. 33; *see also* Dkts. 42-43 (SRM's Answer). On the very last day provided for in the then-operative scheduling order (Dkt. 58 at 2), September 12, 2024, the Brek Pilling Defendants filed a *Motion to Amend Answer, Counterclaim, and Demand for Jury Trial [Dkt 133] and Motion to Join Parties* ("Motion to Amend"), seeking to join Powell, Harman, Price, Kodiak Texas, and Tibbets and to add a "Civil RICO" claim, amongst other revisions. Dkt. 61. SRM opposed, in relevant part arguing that there was no basis for any claim to be asserted against Powell, Harman, and Price, and that "the purported Civil RICO claim fails to state a claim and will be the subject of a motion to dismiss." Dkt. 64 at 2-3. The Court did not issue an order on the Motion to Amend and the parties engaged

---

[2] Counterclaimants have asserted that Kodiak America, LLC is the former name of KAM MFG LLC and refer to "Sold Kodiak" as "KAM" in their counterclaims, rather than "Sold Kodiak." *See, e.g.,* Dkt. 133 at 19, ¶ 2. For the purposes of evaluating this motion, "KAM" and "Sold Kodiak" should be treated as the same entity.

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS - 4

34546.001\4912-6133-3696

in extensive discovery and motions practice for the next 16 and a half months. *See generally* Dkts. 62-132.

On April 2, 2026, the parties jointly represented to the Court:

> In both the first and second stipulated motions to amend the scheduling order, the parties recognized that they were awaiting a decision on the pending *Motion for Leave to Amend Answer and Counterclaim and Motion to Join Parties* filed on September 12, 2024 [Dkt. 61], and the parties recognized that the decision on this motion would impact discovery. This motion remains outstanding, and to avoid the challenges of continued uncertainty associated with when a decision may be rendered and what impact the decision might have on the discovery process, consistent Federal Rule of Civil Procedure 15(a)(2) the parties hereby consent to allow filing of the amended pleading proposed at Dkt. 61-1 by Defendants KAM MFG LLC, Kodiak Northwest, Inc., BAUB, LLC, and Brek Pilling (individually and as trustee of the Pilling Family Trust) (collectively the "Brek Pilling Defendants").

Dkt. 132 at 3.

The parties further requested that "[t]o facilitate completion of discovery in light of the amendment to the pleadings, the Parties respectfully ask this Court to modify its Second Amended Scheduling Order [Dkt. 124] in accordance with the proposed Third Amended Scheduling Order . . . which reflects a six (6) month extension of all **un-expired** case deadlines." Dkt. 132 at 3-4 (emphasis added).

Accordingly, on April 4, 2026, this Court entered a Third Amended Scheduling Order as requested. (Dkt. 134.) Consistent with the parties' stipulation, the Third Amended Scheduling Order did not extend the time for further amendment of pleadings or joinder of parties. It provided:

> Amendment of Pleadings and Joinder of Parties: All motions to amend pleadings and join parties,[3] except for allegations of punitive damages, shall be filed on or before **September 12, 2024**. This deadline shall only be extended for good cause shown. All parties are entitled to know the claims and parties well before trial rather

---

[3]

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED
COUNTERCLAIMS - 5
34546.001\4912-6133-3696

than be forced to pursue or defend against a moving target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

Dkt. 134 at 2 (emphasis in original).

At no time during this period did the Brek Pilling Defendants request to file a new operative set of counterclaims, nor did they request the deadline for amendment or joinder be extended. Instead, the Brek Pilling Defendants served the new counterclaim defendants the FAC. *See* Dkts. 139-143 (waivers of service and executed summons returned).

On April 16, 2026, SRM filed its answer to the FAC. Dkt. 136. The Brek Pilling Defendants gave no indication they intended to yet again seek to amend their counterclaims. On June 18, 2026, SRM, Harman, Powell, Price, and Kodiak Texas filed a motion to dismiss the FAC, which Tibbets joined on June 29, 2026. Dkts. 147-148. The Brek Pilling Defendants filed no response to this Motion to Dismiss. Instead, without any showing of diligence, without leave of court, and without consent of the parties, the Brek Pilling Defendants docketed the SAC on July 9, 2026. Dkt. 150.

## ARGUMENT

"Under Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike 'any redundant, immaterial, impertinent, or scandalous matter.' Additionally, a court may exercise discretion to strike any pleadings that violate the Federal Rules of Civil Procedure." *Mendez v. City of Boise*, No. 1:21-CV-00446-DCN, 2023 WL 4902504, at *2 (D. Idaho July 31, 2023), *aff'd*, No. 23-35573, 2024 WL 2933475 (9th Cir. June 11, 2024) (citing *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004)); *see also Warren v. City of Las Vegas, Nevada,* No. 2:23-CV-00065-GMN-DJA, 2025 WL 89761, at *1 (D. Nev. Jan. 13, 2025) (granting motion to strike amendment filed without leave). When a party files an unauthorized or untimely amended

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS - 6
34546.001\4912-6133-3696

pleading, the amended pleading is treated as a nullity. *See Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011), *aff'd in part*, 604 F. App'x 545 (9th Cir. 2015) (*citing United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir.2003)); *Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.3d 1538, 1544 (11th Cir.1988); *Lau v. Guam Dep't of Educ.*, No. CIV. 10-00035, 2011 WL 2531061, at *3 (D. Guam June 23, 2011) ("without obtaining leave . . . Plaintiff's Amended Complaint is a nullity").

First, assuming the Brek Pilling Defendants were attempting to file their SAC as a matter of right under Rule 15(a)(1)(B), their SAC was untimely. "A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), **whichever is earlier**." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). "The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative." Rule 15 Committee Notes (2009 Amendment). "If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." *Id.*; *see also Mendez v. City of Boise*, No. 1:21-CV-00446-DCN, 2023 WL 4902504, at *3 (D. Idaho July 31, 2023), *aff'd*, No. 23-35573, 2024 WL 2933475 (9th Cir. June 11, 2024) (striking pleading not timely filed without leave of court under this rule).

Here, SRM's answer to the FAC was filed on April 16, 2026. Dkt. 136. Thus, if Rule 15(a)(1)(B) applied (as explained further below, it does not), any amendment as a matter of right would have to be filed by May 7, 2026. *See* Fed. R. Civ. P. 15(a)(1)(B). Once that date passed, there was not even a single thread of legal support in Rule 15 for Defendants' decision not to respond to Plaintiff's motion to dismiss and instead to simply docket a second amended answer and counterclaim. The Brek Pilling Defendants were legally obligated to timely respond to

Plaintiff's motion to dismiss and they needed leave of Court or consent of the parties before filing another amendment. Fed. R. Civ. P. 15(a)(2). The Brek Pilling Defendants did not attempt to file a SAC until two months after May 7, without seeking consent of the parties or leave of Court under Rule 15(a)(2). Because the SAC was unauthorized under Rule 15, it is a nullity and should be stricken.

More importantly, once a deadline for joinder or amendment is set by the Court "[a party's] ability to amend his complaint [i]s governed by Rule 16(b), not Rule 15(a)." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation omitted).[4] "If [Rule 16 were] disregarded it would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Bright Harvest Sweet Potato Co. v. H.J. Heinz Co., L.P.*, No. 1:13-CV-00296-BLW, 2014 WL 3341140, at *1 (D. Idaho July 7, 2014). Thus, "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "If [the] party [seeking amendment] was not diligent, the inquiry should end" and amendment is not permitted. *Id.*

---

[4] The Parties were explicitly instructed this would be the governing standard in the Scheduling Order:

> The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."

(Dkt. 134 at 2, n. 2) (citing *Johnson,* 975 F.2d 604).

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS - 8
34546.001\4912-6133-3696

Here, the Court set a deadline of September 12, 2024, for the parties to join parties or amend pleadings. Dkt. 58; Fed. R. Civ. P. 16(b)(3)(A) (requiring Court to "limit the time to join other parties, [and] amend the pleadings"). Yet the Brek Pilling Defendants failed to even attempt to show good cause or diligence prior to filing the SAC. This is the end of the inquiry and the SAC should be stricken on this basis. *See Johnson*, 975 F.2d at 609; *see also Heit v. Livingston*, No. 2:23-CV-00507-BLW, 2025 WL 1796101, at *4 (D. Idaho June 30, 2025) (amendment not permitted when party failed to make any showing of diligence or make an effort to explain why they failed to meet the deadline for amendment).[5]

Finally, because the Brek Pilling Defendants did not respond to SRM's Motion to Dismiss (Dkt. 145), the Motion to Dismiss should be granted. L.R. 7.1(f)(1) (failure to respond "may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion").

## CONCLUSION

For the reasons identified above, the Court should strike the Second Amended Counterclaims (Dkt. 150) and grant the motion to dismiss the Amended Counterclaims (Dkt. 145).

DATED July 23, 2026.

---

[5] Counterclaimants are under no obligation to show that the Brek Pilling Defendants lacked diligence, since that burden is on the Brek Pilling Defendants. The Brek Pilling Defendants did not even try to meet their burden before filing the SAC without leave. This Court should not entertain any attempt to argue good cause in response. This motion is limited to the law governing the status of a pleading filed in violation of the rules and the scheduling order. And that law is settled: the pleading must be stricken. Any effort to further amend the pleadings must be the subject of a new motion filed by the Brek Pilling Defendants, after striking their unlawful attempt to file a SAC and granting Plaintiff's unopposed motion to dismiss.

PARSONS BEHLE & LATIMER


*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on the date given below, s/he caused to be served a copy of the foregoing *SRM-Kodiak America, Powell, Harman, Price, And Kodiak Texas's Memorandum in Support of Motion to Strike Second Amended Counterclaims* upon the following persons by the method of service indicated below:

Bren Mollerup
BENOIT, ALEXANDER, MOLLERUP &
DANIELSON, PLLC
P.O. Box 366
Twin Falls, ID  83303
*Attorneys for Defendant Carolyn Shoemaker*

[x] CM/ECF
    *benoitlaw@benoitlaw.com*
    *messinger@benoitlaw.com*
    *mollerup@benoitlaw.com*

David W. Gadd
STOVER GADD & ASSOCIATES, PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, ID  83303-1428
*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust*

[x] CM/ECF
    *dwg@magicvalleylaw.com*

Mark O. Morris
Tara Martens Miller
Benjamin J. Mills
SNELL & WILMER, LLP
Key Business Center
702 W. Idaho Street, Ste 1100
Boise, ID  83702
*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust*

[x] CM/ECF
    *mmorris@swlaw.com*
    *tmmiller@swlaw.com*
    *bemills@swlaw.com*

Peter M. Wells
MAY, RAMMELL & WELLS, CHARTERED
216 W. Whitman
PO Box 370
Pocatello, ID  83204-0370
*Attorneys for Defendant Gary Wickersham*

[x] CM/ECF
    *pete@mrwlaw.net*

Kyle Eric Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P.O. Box 5678
Twin Falls, ID  83303
*Attorneys for Defendants Scott Pilling, IIOVIII*
*Precision, LLC, Sawtooth Industrial, LLC, and*
*Intermountain Living, LLC*

[x] CM/ECF
    *kbastian@wrightbrotherslaw.com*

DATED July 23, 2026.

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

MEMORANDUM IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED
COUNTERCLAIMS - 12
34546.001\4912-6133-3696