David W. Gadd (ISB# 7605)
**STOVER, GADD & ASSOCIATES, PLLC**
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone:  (208) 736-9900
Facsimile:  (208) 736-9929

Mark O. Morris (ISB# 10850)
Tara Martens Miller (ISB# 5773)
Benjamin J. Mills (ISB # 11748)
**SNELL & WILMER L.L.P.**
Key Business Center
702 W. Idaho Street, suite 1100
Boise, ID 83702
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800
Email: mmorris@swlaw.com
        tmmiller@swlaw.com
        bemills@swlaw.com

*Attorneys for Kodiak America, LLC; Kodiak Northwest, Inc.,*
*BAUB LLC; Brek Pilling; and PFT Enviro investments, LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BREK PILLING, in individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an | **RESPONSE TO MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS [Dkt. 151]**<br><br>Case No. 4:24-cv-00112-DCN<br><br>District Judge David C. Nye |

Idaho limited liability company, IIOVIII PRECISION, LLC, an Idaho limited liability company, INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual;  DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XXX,

        Defendants.

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; AND PFT ENVIRO INVESTMENTS, LLC,

        Counterclaimants,

v.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

        Counterdefendant.

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC, IIOVIII PRECISION, LLC; AND INTERMOUNTAIN LIVING, LLC,

        Counterclaimants,

v.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

        Counterdefendant.

Pursuant to Dist. Idaho Loc. Civ. R. 7.1(c), Brek Pilling, Kodiak America, LLC, Kodiak Northwest, Inc., BAUB LLC, and PFT Enviro Investments LLC (collectively, "**Brek Pilling Parties**") respectfully submit this opposition to the *Motion to Strike Second Amended Counterclaims* ("**Motion**") filed by Counterclaim Defendants SRM-Kodiak America, LLC ("**SRM-Kodiak**"), Lawrence Wayne Powell, Jr., Kurt Harman, Jonathan Price, and Kodiak America, LLC ("**Kodiak Texas**") (collectively, "**Counterclaim Defendants**"). Because the *Answer and Second Amended Counterclaims* ("**Operative Pleading**") was timely, proper, and caused no undue prejudice to any party, the Court should deny the Motion.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

LEGAL STANDARD............................................................................................................ 4

ARGUMENT........................................................................................................................ 5

    I.    The Court Should Deny the Motion Because the Operative Pleading Did Not
        Violate the Federal Rules of Civil Procedure.................................................................5

        A.  The Brek Pilling Parties properly and timely amended as a matter of right. .............5

        B.  The Operative Pleading complied with the purposes of Rule 15's
            amendments.........................................................................................................6

        C.  The Motion misapplied Rule 15's timing provision in multi-party lawsuits. ............7

        D.  *Mendez* undermines the Motion and serves as a good counterexample.....................9

    II.    The Court Should Deny the Motion Because Operative Pleading Did Not Violate
        the Court's Scheduling Order..........................................................................................10

        A.  The Operative Pleading did not violate the Scheduling Order because its
            pleading amendment deadline was expressly limited to motions for leave to
            amend, not other types of amendments. .................................................................10

        B.  The Operative Pleading complied with the purposes of the Scheduling Order. ......11

        C.  The Motion missed the mark because the Operative Pleading did not surpass
            any deadline in the Scheduling Order and Rule 16 did not apply............................12

    III.  The Court Should Deny the Motion Because, Even If the Operative Pleading
        Were Procedurally Improper, It Does Not Cause Undue Prejudice...............................13

    IV.  Alternatively, If the Court Is Inclined to Grant the Motion, the Court should
        permit an Opportunity to Respond to the Motion to Dismiss. ......................................16

CONCLUSION.................................................................................................................... 17

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ahanchian v. Xenon Pictures, Inc.*,
624 F.3d 1253 (9th Cir. 2010) ...................................................................................16

*Barksdale v. King*,
699 F.2d 744 (5th Cir. 1983) ........................................................................................7

*BLOM Bank SAL v. Honickman*,
605 U.S. 204 (2025)...........................................................................................4, 5, 14

*Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.*,
No. 1:13-CV-00296-BLW, 2014 WL 3341140 (D. Idaho July 7, 2014).................................13

*Colaprico v. Sun Microsystems, Inc.*,
758 F. Supp. 1335 (N.D. Cal. 1991) .............................................................................4

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995) ........................................................................................6

*Esteras v. United States*,
606 U.S. 185 (2025)...................................................................................................11

*Goldlawr, Inc. v. Shubert*,
169 F. Supp. 677 (E.D. Pa. 1958) ...............................................................................7

*Hayes v. D.C.*,
275 F.R.D. 343 (D.D.C. 2011).....................................................................................6

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ...............................................................................12, 13

*Kotteakos v. United States*,
328 U.S. 750 (1946)....................................................................................................14

*Martensen v. Chicago Stock Exchange*,
882 F.3d 744 (7th Cir. 2018) ...............................................................................5, 11

*Mendez v. City of Boise*,
No. 1:21-CV-00446-DCN, 2023 WL 4902504 (D. Idaho July 31, 2023)...........................9, 10

*Pallant v. Sinatra*,
7 F.R.D. 293 (S.D.N.Y. 1945) .....................................................................................7

*Ramirez v. Cnty. of San Bernardino*,
    806 F.3d 1002 (9th Cir. 2015) ...................................................................... *passim*

*Scott-Blanton v. Universal City Studios Prods., LLP*,
    244 F.R.D. 67 (D.D.C. 2007)........................................................................7

*Shinseki v. Sanders*,
    556 U.S. 396, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009)......................................14

*Stevens v. Lee*,
    No. 2:22-CV-00529-DCN, 2024 WL 729960 (D. Idaho Feb. 22, 2024).......................4, 5, 14

*In re Veritas Software Corp. Sec. Litig.*,
    496 F.3d 962 (9th Cir. 2007) ......................................................................16

*Williams v. Bd. of Regents of Univ. Sys. of Ga.*,
    477 F.3d 1282 (11th Cir. 2007) ....................................................................7

**Statutes**

RICO ....................................................................................................2

**Other Authorities**

Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed. 2026) ...................................... *passim*

Fed. R. Civ. P.
    Rule 1 ...............................................................................................14
    Rule 6(b) ...........................................................................................16
    Rule 6(b)(1)(B) .....................................................................................16
    Rule 12 .............................................................................................7, 14
    Rule 12(b), (e) .......................................................................................5
    Rule 15 .......................................................................................... *passim*
    Rule 15(a)...........................................................................................7, 10, 12
    Rule 15(a)(1)........................................................................................6, 7, 14, 15
    Rule 15(a)(1)(B)................................................................................... *passim*
    Rule 15(a)(2)..................................................................................... *passim*
    Rule 15(a)(3)........................................................................................14
    Rule 16 .............................................................................................12
    Rule 16(b) ..........................................................................................10, 12, 13
    Rule 61 .............................................................................................4, 14

## **INTRODUCTION**

The Court should deny the Motion. Counterclaim Defendants asked this Court to strike the Operative Pleading the Brek Pilling Parties filed as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), which was filed within twenty-one days of Counterclaim Defendants' Motion to Dismiss. But striking a pleading is a disfavored remedy reserved for pleadings that are redundant, immaterial, impertinent, or scandalous—not for a timely pleading that a party had an unqualified procedural right to file and that caused zero undue prejudice. Counterclaim Defendants have taken great pains to avoid an adjudication on counterclaims against them. SRM-Kodiak resisted the timely filed motion for leave to amend for many months before finally stipulating to it. Now, Counterclaim Defendants have contended that the Operative Pleading was untimely under the Federal Rules of Civil Procedure or the Court's Scheduling Order. Counterclaim Defendants were wrong on both points. The Operative Pleading was filed within twenty-one days of the Motion to Dismiss precisely as required under Fed. R. Civ. P. 15(a)(1)(B), and the Scheduling Order set a deadline for motions for leave to amend only, not amending pleadings as a matter of right. Therefore, there was no procedural error and no basis to strike the Operative Pleading.

Even if there were a procedural error, Counterclaim Defendants have not and cannot identify any undue prejudice from the timing of the Operative Pleading—discovery is ongoing, many depositions (including all the key depositions related to the counterclaims) remain unscheduled, and ample time exists to address the counterclaims. For all these reasons, the Court should deny the Motion.

Alternatively, if the Court is inclined to strike the Operative Pleading, the Court should permit the Brek Pilling Parties to respond to the Motion to Dismiss with an opposition brief rather than deciding their counterclaims by default.

## BACKGROUND

SRM-Kodiak started this lawsuit in 2024. Specifically, on February 26, 2024, SRM-Kodiak filed its Complaint against, among others, the Brek Pilling Parties. (Dkt. 1.) On April 30, 2024, the Brek Pilling Parties filed their initial pleading. (Dkt. 33.) Consistent with the Court's initial Scheduling Order, the Brek Pilling Parties timely filed a *Motion to Amend Answer, Counterclaim, and Demand for Jury Trial and Motion to Join Parties* ("**Motion to Amend**"), seeking to join Powell, Harman, Price, and Kodiak Texas as parties and to add a civil RICO counterclaim. (Dkt. 61.) The Motion to Amend was fully briefed in the fall of 2024, but the Court did not rule on it, presumably due to its extremely busy docket. Over the next year and a half, the parties continued to conduct discovery and stipulated to modify the Scheduling Order on multiple occasions. (Dkt. 114, 124, 134.)

Based on written consent from SRM-Kodiak and pursuant to Fed. R. Civ. P. 15(a)(2), on April 2, 2026, the Brek Pilling Parties filed their *First Amended Answer and Counterclaim* ("**First Amended Counterclaim**")—the same pleading for which they had timely sought leave from the Court many months before. (Dkt. 133.)

On April 4, 2026, the Court issued its current and *Third Amended Scheduling Order* ("**Scheduling Order**"). (Dkt. 134.) The Scheduling Order did not modify the original September 12, 2024 deadline for filing motions for leave to amend, but it also did not mention a party's

absolute right to amend as a matter of course under Rule 15(a)(1)(B). (*Id.* at 2.) Its language on amending pleadings states:

> All ***motions*** to amend pleadings and join parties, except for allegations of punitive damages, shall be ***filed*** on or before **September 12, 2024**. This deadline shall only be extended for good cause shown. ***All parties are entitled to know the claims and parties well before trial rather than be forced to pursue or defend against a moving target***. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

(*Id.* (emphasis added except for the emphasis of the date).) The Scheduling Order set the fact discovery deadline as November 13, 2026; the expert discovery deadline as March 2, 2027; and other deadlines thereafter. (*Id.* at 1, 3–4.)

Later proceedings led to the Operative Pleading. On April 16, 2026, SRM-Kodiak alone filed its Answer to the First Amended Counterclaim. (Dkt. 136.) The Brek Pilling Parties provided waivers of service and executed summonses to the newly named parties and additional time to respond to the First Amended Counterclaim. (*See* Dkts. 138–42.) None of the other Counterclaim Defendants answered the First Amended Counterclaim. Instead, on June 18, 2026, Counterclaim Defendants filed their *SRM-Kodiak America, Powell, Harman, Price, and Kodiak Texas's Motion to Dismiss Amended Counterclaims* ("**Motion to Dismiss**"). (Dkt. 147.) Twenty-one days later, on July 9, 2026, the Brek Pilling Parties filed, as a matter of right and pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Operative Pleading. (Dkt. 150.) No leave to amend was required, and so the Scheduling Order's deadline for a *motion* for leave to amend was never implicated.

In response to the Operative Pleading, Counterclaim Defendants filed the instant Motion. (Dkt. 151.) Discovery is ongoing, many depositions have not been taken, and many depositions

3

have not yet been scheduled, including depositions of Counterclaim Defendants and all the key people related to the counterclaims in the Operative Pleading.

**LEGAL STANDARD**

The Motion does not meet the standard disfavoring striking pleadings. "[A] court must view the challenged pleadings in the light most favorable to the [pleading party] when resolving a motion to strike." *Stevens v. Lee*, No. 2:22-CV-00529-DCN, 2024 WL 729960, at *6 (D. Idaho Feb. 22, 2024). The purpose of a motion to strike is to remove redundant, immaterial, or impertinent matters from pleadings, but a court may not use a motion to strike to "resolve disputed factual or legal issues." *Id.* (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Motions to strike are highly disfavored "because of the limited importance of pleading in federal practice[.]" *Id.* (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)); *see also Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."). Motions to strike are also disfavored because courts must "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *E.g.*, *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213 (2025). Courts must not strike a pleading absent "a showing of prejudice by the moving party." *Stevens*, 2024 WL 729960, at *6 (quoting *Sec. and Exch. Comm'n v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)); *see also* Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

If there is a basis to strike a pleading, whether to strike the pleading ultimately "is within the court's discretion." *Stevens*, 2024 WL 729960, at *6. The Motion fails to meet this standard.

**ARGUMENT**

The Operative Pleading is procedurally proper. It does not violate either the Federal Rules of Civil Procedure or the Court's Scheduling Order. Still, even assuming it did for the sake of argument, such a violation is merely a procedural technicality of timing that does not present any undue prejudice to any party and would not be a sound basis for striking the Operative Pleading. The Motion raised form over substance contrary to the fundamental purposes of the judicial system. Striking the Operative Pleading is not warranted.

**I.     The Court Should Deny the Motion Because the Operative Pleading Did Not Violate the Federal Rules of Civil Procedure.**

The Court should deny the Motion because the Brek Pilling Parties properly and timely filed the Operative Pleading as a matter of right under Fed. R. Civ. P. 15(a)(1)(B). In general, courts "freely give leave" for amended pleadings. Fed. R. Civ. P. 15(a)(2). Courts must "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *BLOM Bank SAL*, 605 U.S. at 213. In line with those principles, a party may amend its pleading once as a matter of right within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Motion misapplied these principles because leave to amend was not necessary.

**A.     The Brek Pilling Parties properly and timely amended as a matter of right.**

The procedural right to amend a pleading is self-executing and requires no leave of court. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1006–07 (9th Cir. 2015) ("Rule 15 confers a 'right' to amend upon parties."); *see also Martensen v. Chicago Stock Exchange*, 882 F.3d 744,

5

745 (7th Cir. 2018) ("An amendment authorized by Rule 15(a)(1) must be accepted."). "Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive." *Ramirez*, 806 F.3d at 1007. Nor is the right to amend lost when a party has amended before with the opposing party's written consent, as was the case here. *Id.* (holding that a party "may amend in whatever order he sees fit" and that the amendment as a matter of right that occurred after the prior stipulated amendment was procedurally proper). The Brek Pilling Parties properly availed themselves of their absolute right to amend.

**B.      The Operative Pleading complied with the purposes of Rule 15's amendments.**

Although originally a party could amend as a matter of right after a responsive pleading, the 2009 amendments to Rule 15(a)(1)(B) made certain motions an independent trigger for a new 21-day amendment window. *Id.*; *see also* Fed. R. Civ. P. 15 advisory committee's note (2009); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (applying the outdated rule restricted to responsive pleadings rather than motions and holding that a motion to dismiss was not a "responsive pleading"). The Advisory Committee revised Rule 15 to encourage pleaders to amend "to meet the arguments in the motion," which in turn could "avoid the need to decide the motion or reduce the number of issues to be decided" by the Court and "expedite determination of issues." Fed. R. Civ. P. 15 advisory committee's note (2009); *see also Hayes v. D.C.*, 275 F.R.D. 343, 345 (D.D.C. 2011) ("[T]he purpose of the amendment was . . . to increase efficient management of the court's docket."); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed. 2026) ("The purpose of the amendment-as-of-right provision is to avoid judicial involvement in the pleading process when there is little reason for doing so."). The Operative Pleading complied with purposes of these

6

changes to Rule 15, and Counterclaim Defendants' filing of their Motion to Strike is the very motion practice the change to Rule 15 was designed to avoid.

### C.        The Motion misapplied Rule 15's timing provision in multi-party lawsuits.

Counterclaim Defendants were wrong that the Operative Pleading was late. In multi-party litigation like this case, the window to amend as a matter of right remains open until all defendants have responded with either their first pleading or motion. *See, e.g.*, *Pallant v. Sinatra*, 7 F.R.D. 293, 300 (S.D.N.Y. 1945) ("As to those claims the question is presented as to whether 'a responsive pleading' is served to the complaint if not all of the said defendants have answered. . . . [W]here a claim asserted by a [party] is against a number of defendants . . . 'a responsive pleading' is not served until all of the defendants have answered the claim, not just some of them."); *Goldlawr, Inc. v. Shubert*, 169 F. Supp. 677, 689 (E.D. Pa. 1958) (allowing the amendment of the pleading because some of the defendants had "not filed or served responsive pleadings" and holding that the mere fact that "a responsive pleading was served by one defendant, Lawrence, d[id] not alter this result"); Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed. 2026). An authoritative treatise has explained:

> Since the amended rule also extends the amendment-as-of-course period to 21 days after a responsive pleading is filed if no prior amendment has been made, arguably ***that extension also might apply to pleadings embracing both the responding and nonresponding defendants***. But, given the short and clear time limit involved, it seems unlikely that that extension would result in any prejudice to the nonresponding parties and it seems preferable to allow the amendment under Rule 15(a)(1), rather than to require plaintiff to make a motion under Rule 15(a)(2).

*Id.* (emphasis added).[1] Thus, the Operative Pleading was on time because this case is a multi-party

---

[1] The Brek Pilling Parties acknowledge that there are other legal authorities that provide that "each defendant is treated separately for purposes of calculating the plaintiff's window to amend once as of right under Federal Rule of Civil Procedure 15(a)." *See, e.g.*, Federal Rules of Civil Procedure,

lawsuit, the Motion to Dismiss was the first response from all the Counterclaim Defendants except SRM-Kodiak, and the Operative Pleading was filed within twenty-one days of the Motion to Dismiss.

*Ramirez* is instructive. There, the Ninth Circuit reversed a district court's decision to strike a pleading, held that the right to amend the party's pleading survived, even though a previous amendment had occurred through stipulation, and remanded the case for further proceedings on that stricken pleading. *Id.* at 1006–08. Although timing of the pleading was not an issue there, the Ninth Circuit pointed out that, in response to the amended pleading, the defendants filed a motion to dismiss, and within twenty-one days, the plaintiff filed his second amended complaint. *Id.* The same chronology has occurred in this case: the Brek Pilling Parties amended their pleading through

---

Rules and Commentary, 1 Fed. R. Civ. P. § 15:18 (2026); *see also Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983) ("[I]f the amendment affects all defendants or one or more of those that have not responded, then it is generally held that a 'responsive pleading' has not been served for purposes of Rule 15(a) and plaintiff may amend his complaint as of course with regard to those defendants that have not answered." (cleaned up)); *accord Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Scott-Blanton v. Universal City Studios Prods., LLP*, 244 F.R.D. 67, 69 (D.D.C. 2007). Because a pleading can name several defendants who may each file separate responsive pleadings or Rule 12 motions, Rule 15(a)(1)(B) refers to *a* responsive pleading or motion—not *the* responsive pleading or motion—the end result being that the window to amend as a matter of right has potentially several different triggering conditions.

Even under the rule announced in these legal authorities, which the Court has no obligation to follow, the only party for which the Operative Pleading was at all arguably late was SRM-Kodiak. In turn, the Court would need to deny the Motion as to all the Counterclaim Defendants except for SRM-Kodiak, for which the Court would still retain its discretion not to strike the Operative Pleading due to the lack of prejudice. Applying this approach would only unnecessarily complicate the proceedings and go against the primary and more sound authorities on this issue. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed. 2026) (commenting on the lack of prejudice any delay would cause and that "it seems preferable to allow the amendment under Rule 15(a)(1), rather than to require plaintiff to make a motion under Rule 15(a)(2)"). Thus, under either legal rule, the Court should not strike the Operative Pleading as to any of the Counterclaim Defendants.

8

stipulation in April, which led to the Motion to Dismiss, and then they timely and properly responded to the Motion to Dismiss under the Rules by filing the Operative Pleading.

Counterclaim Defendants' argument that the clock began running from SRM-Kodiak's earlier pleading in response to the First Amended Counterclaim is incorrect. None of the other Counterclaim Defendants (Powell, Harman, Price, or Kodiak Texas) had filed a responsive pleading or motion in response to the First Amended Counterclaim prior to the Motion to Dismiss. That Motion to Dismiss allowed the Brek Pilling Parties to amend as of right within twenty-one days *of that filing*. In other words, until the Motion to Dismiss, the window to amend remained open. And the Brek Pilling Parties had no need to amend until the Motion to Dismiss, which they opted to respond to with an amendment for the purposes of judicial economy. *See* Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed. 2026). The timing of the Operative Pleading was proper.

**D.**     ***Mendez* undermines the Motion and serves as a good counterexample.**

Counterclaim Defendants' cited authority, *Mendez v. City of Boise*, No. 1:21-CV-00446-DCN, 2023 WL 4902504 (D. Idaho July 31, 2023), is inapposite. There, this Court correctly explained that it "may exercise discretion to strike any pleadings that violate the Federal Rules of Civil Procedure." *Id.* at *2. While recognizing the right to amend, the Court nonetheless struck the pro se plaintiff's pleading that he attempted to file as a matter of right because the plaintiff filed it 27 days after the motion to dismiss—six days late—having mistakenly relied on an extension to respond to the motion rather than the Rule 15(a)(1)(B) deadline. *Id.* at *3. *Mendez* involved only one plaintiff and fully aligned defendants all represented by the same counsel. *Id.* Conversely, here, the Brek Pilling Parties timely and properly filed their amended pleading within twenty-one days of the Motion to Dismiss—the very deadline Rule 15 sets and *Mendez* confirms is available

as of right. *Id.* And this case involves multiple defendants represented by various and separate attorneys. Thus, *Mendez* is different from this case and, if anything, serves as a useful counterexample that proves the procedural propriety of the Operative Pleading.

In sum, the Operative Pleading complied with Rule 15. It was consistent with the Brek Pilling Parties' procedural right to amend. For these reasons, the Court should deny the Motion.

**II.    The Court Should Deny the Motion Because Operative Pleading Did Not Violate the Court's Scheduling Order.**

The Operative Pleading also complied with both the plain terms and spirit of the Scheduling Order.

**A.    The Operative Pleading did not violate the Scheduling Order because its pleading amendment deadline was expressly limited to motions for leave to amend, not other types of amendments.**

Here, by its own plain terms, the Scheduling Order's amendment deadline applied only to ***motions*** seeking leave to amend under Rule 15(a)(2), not amendments filed as a matter of right under Rule 15(a)(1)(B).

Indeed, the Scheduling Order states that "[a]ll ***motions*** to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **September 12, 2024**." (Dkt. 134, at 2 (first emphasis added). The Scheduling Order also references "***motions*** to amend filed after the Scheduling Order deadline" and that they "are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of 'good cause.'" (Dkt. 134, at 2 n.2 (emphasis added) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)). The Scheduling Order does not even mention, much less set a deadline for amending by stipulation, which the parties did in this case, or as a matter of right. (*See generally id.*) The Scheduling Order's explicit references to "motions"

10

and not the two other avenues to amend a pleading shows the latter were not part of that deadline. *See Esteras v. United States*, 606 U.S. 185, 195 (2025) ("This conclusion follows directly from the application of a well-established canon of statutory interpretation: "*expressio unius est exclusio alterius*"—in plain English, "'expressing one item of [an] associated group or series excludes another left unmentioned."). To strike the Operative Pleading would be to misapply the terms of the Scheduling Order.

More to the point, the Scheduling Order's deadline distinction makes sense. It preserves both (1) a procedural right to amend that is self-executing and must be accepted and (2) the two avenues to amend that do not involve judicial intervention. *See Ramirez*, 806 F.3d at 1006–07 ("Rule 15 confers a 'right' to amend upon parties."); *see also Martensen*, 882 F.3d at 745 ("An amendment authorized by Rule 15(a)(1) must be accepted."). Reading the Scheduling Order to extinguish those rights and procedures would require the Court to have silently revoked procedural entitlements expressly set forth in the Federal Rules of Civil Procedure. That is neither what the Scheduling Order states or implies. It is telling that SRM-Kodiak did not think that the deadline to amend through written consent had passed since it gave its consent long after that amendment deadline for *motions*. Because the Operative Pleading did not arise from a motion for leave to amend, the Scheduling Order's deadline is inapplicable.

**B.      The Operative Pleading complied with the purposes of the Scheduling Order.**

The Operative Pleading also does not violate the spirit of the Scheduling Order. Although the Scheduling Order states that "[a]ll parties are entitled to know the claims and parties well before trial rather than be forced to pursue or defend against a moving target" (dkt. 134, at 2), that statement is still fulfilled by the timing of the Operative Pleading. There is no trial set, very few

11

depositions have been taken, fact discovery is ongoing, and expert discovery will not end until next year. (*See generally id.*) There is ample time for the parties to prepare for trial on the counterclaims. The Operative Pleading is not a "moving target" because it elaborates on the same factual foundation from the prior pleading. And any pleading delay in this case reflects nothing other than the Court's busy docket, not any dilatory conduct from the Brek Pilling Parties who timely filed their motion for leave to amend many, many months ago. (*See* Dkt. 61.) After SRM-Kodiak finally consented to the filing of the First Amended Counterclaim, the Operative Pleading was filed within regular deadlines and mere months later. (Dkt. 150.) None of that was the Brek Pilling Parties' fault. Delay in this case has also been due to multiple stipulations of this case's schedule. Therefore, even if it applied, not even the purposes of the Scheduling Order's amendment deadline barred the Operative Pleading.

C.    **The Motion missed the mark because the Operative Pleading did not surpass any deadline in the Scheduling Order and Rule 16 did not apply.**

Counterclaim Defendants' contentions misread the Scheduling Order, overlooked its key language, and were simply incorrect. Counterclaim Defendants contended that, because the Scheduling Order has been issued, Rule 16(b) governs and not Rule 15(a). (Dkt. 151-1, at 8 (citing *Johnson*, 975 F.2d at 608). But *Johnson* predates the 2009 amendment to Rule 15(a), meaning it applied the outdated version of the Rule, and it applied a totally different scheduling order to different facts. *Johnson*, 975 F.2d at 608. There, the plaintiff moved to amend under Rule 15(a)(2), the plaintiff did not timely amend as a matter of right, and the scheduling order expressly stated that "[n]o further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown." *Id.* at 606, 608. On the contrary, here, this Court's Scheduling Order contains no such blanket prohibition. For the reasons explained, the Scheduling

Order's September 12, 2024 deadline, and the good-cause standard the Court imported from *Johnson* for late motions to amend, did not apply to the Operative Pleading under the Scheduling Order and the current law. Counterclaim Defendants' contentions were also premised on the inaccurate notion that a deadline had not been met, which is not the case. Rule 15 governed and allowed the Operative Pleading.

Counterclaim Defendants' assertion that ignoring Rule 16(b) would disrupt the litigation process equally missed the mark. (Dkt. 151-1, at 8 (citing *Bright Harvest Sweet Potato Co. v. H.J. Heinz Co.*, No. 1:13-CV-00296-BLW, 2014 WL 3341140 (D. Idaho July 7, 2014)). Rule 16(b) would only apply if the Scheduling Order set an applicable deadline. It did not. Plus, in *Bright Harvest*, the plaintiff had already exhausted its one amendment as of right and moved for leave to amend under Rule 15(a)(2) after the scheduling order's deadline passed. *Id.* at *1. The court denied leave because the plaintiff unreasonably delayed in adding claims it should have known about earlier and because granting leave would have compressed the time for discovery on new claims before an imminent cutoff. *Id.* at *2–3. Again, this case is unlike *Bright Harvest* because there is no motion for leave to amend, no passed deadline, and no compressed discovery timeline at issue since months of fact discovery still remain.

In short, neither the letter nor the spirit of the Scheduling Order barred filing the Operative Pleading. Because the Operative Pleading did not violate the Scheduling Order, the Court should deny the Motion.

III. **The Court Should Deny the Motion Because, Even If the Operative Pleading Were Procedurally Improper, It Does Not Cause Undue Prejudice.**

Even if there were some technical error in the timing of the Operative Pleading, which there was not, the Court should exercise its discretion to allow it because no party has suffered any

13

undue prejudice. A court should not grant a motion to strike unless there is undue prejudice. *Stevens*, 2024 WL 729960, at \*6. Courts should "disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61. The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P. 1, and "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *BLOM Bank SAL*, 605 U.S. at 213; *see also Kotteakos v. United* States, 328 U.S. 750, 759 (1946) (judges are not supposed to be "citadels of technicality" and should overlook harmless procedural errors); *Shinseki v. Sanders*, 556 U.S. 396, 129 S. Ct. 1696, 1706, 173 L. Ed. 2d 532 (2009) (warning against "determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific application of judgment, based upon examination of the record"). These authorities support denial of the Motion to Strike.

As an authoritative treatise confirms, "a Rule 15(a)(1) amendment cannot prejudice an opposing party in any significant way." Wright & Miller, 6 Fed. Prac. & Proc. Civ. § 1480 (3d ed. 2026) "If the opponent has not served a responsive pleading and an amendment is made within the 21-day window, the opponent therefore probably has not relied to any appreciable extent on the contents of the original pleading. If the amendment is made 21 days after a responsive pleading or a Rule 12 motion, the amended response may reduce the number of issues to be decided and expedite other pretrial proceedings, as well as the determination of the issues involved." *Id.* "In addition, Rule 15(a)(3) protects the opposing party against being disadvantaged or surprised by the amendment because it provides that a response to an amended pleading is not due until at least 14 days after the service of the new pleading." *Id.* "And, as already mentioned, given the short and

14

clear time limit involved, it seems unlikely that that extension would result in any prejudice . . . and it seems preferable to allow the amendment under Rule 15(a)(1), rather than to require plaintiff to make a motion under Rule 15(a)(2)." *Id.* § 1480 (3d ed. 2026). These principles apply here.

Striking the Operative Pleading would improperly place form over substance, even though there is no undue prejudice to any party in allowing it. The only real complaint is one of timing, yet the timing of the Operative Pleading does not establish any undue prejudice to any party. Counterclaim Defendants have faced the factual foundation of the counterclaims in the Operative Pleading this entire case. Counterclaim Defendants have ample time left to conduct discovery on the counterclaims. None of Counterclaim Defendants have been deposed. Counterclaim Defendants have not taken many depositions. And Counterclaim Defendants have not deposed any of the key people related to the counterclaims in the Operative Pleading. Many depositions have not even been scheduled at all. The completed discovery also may be used against the operative counterclaims, and Counterclaim Defendants have ample time to conduct whatever additional discovery the amendment may warrant before the fact discovery deadline, if it even sticks.

As explained, any delay in the timing of the pleadings has been simply a function of the Court's busy docket, not any fault, bad faith, or delay on any party's part since the stipulated First Amended Counterclaims were filed a short time before the Operative Pleading. Had Counterclaim Defendants stipulated to that prior pleading sooner, after having had months to consider and prepare for it, the Operative Pleading would have happened all the sooner. Timing of the Operative Pleading is not a basis to grant the Motion. Counterclaim Defendants cannot demonstrate undue

15

prejudice.[2] As such, even if the Operative Pleading carried some procedural error, the Court should still deny the Motion for the various reasons and bases set forth above.

**IV.    Alternatively, If the Court Is Inclined to Grant the Motion, the Court should permit an Opportunity to Respond to the Motion to Dismiss.**

If the Court strikes the Operative Pleading in any way, the Court should permit the Brek Pilling Parties to respond to the pending Motion to Dismiss directed at the First Amended Counterclaim. The Brek Pilling Parties' good cause and excusable neglect for not responding to the Motion to Dismiss was filing the Operative Pleading, which was a good-faith basis to conclude that the First Amended Counterclaim was moot.

Rule 6(b)(1)(B) permits a court to extend a deadline that has already passed where the party's failure to act resulted from "good cause" and "excusable neglect." In determining whether those standards have been met, courts weigh four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *E.g.*, *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (citation omitted). Courts must construe Rule 6(b) liberally "to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted). Here, all four factors strongly favor granting the Brek Pilling Parties an opportunity to respond to the Motion to Dismiss.

---

[2] Counterclaim Defendants did not detail any other supposed prejudice in their Motion to Dismiss, thereby waiving other arguments or depriving the Brek Pilling Parties from a fair opportunity of responding, if they contend they suffered other prejudice.

First, Counterclaim Defendants face no prejudice. They have already briefed the Motion to Dismiss, and permitting a response would not require them to relitigate discovery or reopen any closed proceedings. Second, any delay would be minimal and would not disrupt the case schedule, given that discovery is ongoing, no dispositive deadlines are imminent, and no trial date is even remotely close to being set. Third and fourth, the Pilling Defendants held a good-faith, reasonable belief that filing the Operative Pleading, as a matter of right, was proper and mooted the pending Motion to Dismiss, in turn obviating the need for a separate response. *See Ramirez*, 806 F.3d at 1008 (explaining that an amended pleading "supersedes the original" and concluding "that the motion to dismiss should have been deemed moot" because it targeted the prior pleading). There was no bad-faith motive or intent to delay this case's proceedings.

In short, the Court should deny the Motion and find the Motion to Dismiss was mooted by the Operative Pleading. Nevertheless, if the Court grants the Motion and strikes the Operative Pleading, the Court should allow the Brek Pilling Parties to respond to the Motion to Dismiss by memorandum rather than terminating their claims by default on procedural technicalities.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, the Brek Pilling Parties respectfully request the Court to deny the Motion and allow this case to proceed with discovery and toward an adjudication on the merits instead of on procedural technicalities that the Rules do not support. If the Court is inclined to grant the Motion, the Court should permit the Brek Pilling Parties to respond to the pending Motion to Dismiss by memorandum.

17

DATED this 13th day of August, 2026.

**SNELL & WILMER L.L.P.**

/s/ *Mark O. Morris*
Mark O. Morris
Tara Martens Miller
Benjamin J. Mills

**STOVER, GADD & ASSOCIATES, PLLC**
David W. Gadd
905 Shoshone St. N.
P. O. Box 1428
Twin Falls, Idaho 83303-1428

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2026, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Idaho by using the Court's CM/ECF System which effected service upon all counsel of record in this case, including, but not limited to:

Lee Radford
John E. Cutler
Daniel Biddulph
Gabe Davis
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, ID 83405-1505
Email: LRadford@parsonsbehle.com
        JCutler@parsonsbehle.com
        DBiddulph@parsonsbehle.com
        GDavis@parsonsbehle.com
*Attorneys for Plaintiff and Counterdefendants Wayne Powell, Jonathan Price, Kurt Harmon, and Kodiak America, LLC*

Kyle E. Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P. O. Box 5678
Twin Falls, ID 83303
Email: kbastian@wrightbrotherslaw.com
*Attorneys for Defendants Scott Pilling; Sawtooth Industrial, LLC; IIOVIII Precision, LLC; Intermountain Living, LLC*

Martin R. Anderson
SMITH WOOLF ANDERSON & WILKINSON, PLLC
3480 Merlin Drive
Idaho Falls, ID 83404
Email: marty@eastidaholaw.net
*Attorneys for Defendant Budget Truck Center, LLC*

Peter M. Wells
MAY RAMMELL & THOMPSON CHARTERED
P. O. Box 370
Pocatello, ID 83204
Email: pete@mrwlaw.net
*Attorneys for Gary Wickersham*

19

Bren Erik Mollerup
BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC
P. O. Box 366
Twin Falls, ID 83303
Email: mollerup@benoitlaw.com
*Attorneys for Carolyn Shoemaker*

Kim J Trout
TROUT LAW, PLLC
3778 N. Plantation River Dr., Suite 101
Boise, ID 83703
Email: ktrout@trout-law.com
*Attorneys for Lurene Dille*

Brian L. Tibbets
1411 23rd Street
Ogden, Utah 84401
btibbets@gmail.com
*Counterdefendant, Pro Se*


                                        */s/ Edela Irvin*


20