Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT COURT OF IDAHO**

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY | Case No. 4:24-cv-00112-DCN<br><br>**SRM-KODIAK AMERICA, POWELL, HARMAN, PRICE, AND KODIAK TEXAS'S REPLY IN SUPPORT OF MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS (DKT. 150)** |

WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,

Defendants.

---

KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC.; BAUB, LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC;

Counterclaimants,

vs.

SRM-KODIAK, AMERICA, LLC, an Idaho limited liability company, LAWRENCE WAYNE POWELL, JR., an individual aka Lawrence W. Powell; KURT HARMAN, an individual; JONATHAN PRICE, an individual; KODIAK AMERICA, LLC, a Texas limited liability company; and BRIAN L. TIBBETTS, an individual,

Counterdefendants.

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

---

Plaintiff and Counterclaim Defendant SRM-Kodiak America, LLC ("SRM"), and Counterclaim Defendants Lawrence Wayne Powell, Jr. ("Powell"), Kurt Harman ("Harman"),

Jonathan Price ("Price"), and Kodiak America, LLC ("Kodiak Texas"), by and through their undersigned counsel of record, respectfully submit this reply in support of their motion to strike the Second Amended Counterclaims (Dkt. 150) pursuant to Federal Rule of Civil Procedure 12(f) and this Court's inherent authority. *See Mendez v. City of Boise*, No. 1:21-CV-00446-DCN, 2023 WL 4902504, at *2 (D. Idaho July 31, 2023), *aff'd*, No. 23-35573, 2024 WL 2933475 (9th Cir. June 11, 2024) (citing *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004)).

The Brek Pilling Defendants do not dispute the two facts that decide this motion: they filed a brand-new pleading nearly two years after the only amendment deadline in the Court's scheduling order, and they never sought leave of Court before doing so. Their response asks the Court to excuse that violation by treating Rule 15(a)(1) as a standing license to re-plead each time a new motion is filed. It is not. Rule 15 permits a *single* amendment as a matter of course within the proper time period. That window closed months before the Second Amended Counterclaims ("SAC") were filed; and the Court's scheduling order—which Rule 16(b)(3)(A) required the Court to enter—independently foreclosed any further amendment absent good cause the Brek Pilling Defendants have never even attempted to show. Their response cannot manufacture a right the Rules withhold. The SAC should be stricken.

**ARGUMENT**

The Brek Pilling Defendants focus heavily on their "right" to amendment. But that "right" must be timely exercised. It was not. Any amendment as a matter of right under Federal Rule of Civil Procedure 15(a)(1) was untimely because it came far later than 21 days after SRM filed its answer to the FAC. Fed. R. Civ. P. 15(a)(1)(B). This period is not cumulative and Counterclaimants do not get a second bite at the apple once it expires. More importantly, because this Court was expressly required by Federal Rule of Civil Procedure 16(b)(3)(A) to set a deadline

for all amendments (not only those by "motion"), and did so by setting that deadline as September 12, 2024, the Brek Pilling Defendants were required to establish good cause for their amendment under Federal Rule of Civil Procedure 16 and to make the requisite showing under Rule 15 before filing any amended pleadings. They did not do so. The SAC was untimely and unjustified and should be stricken.

Nothing in the Brek Pilling Defendants' response justifies any other conclusion. The Brek Pilling Defendants' description of their entitlement to amend under Rule 15(a) is mistaken. Though they acknowledge the 2009 Amendments to Federal Rule of Civil Procedure 15, discussing its alleged purposes (*See* ECF No. 152 at 12), the Brek Pilling Defendants avoid the only Advisory Committee Note which speaks directly to (and contradicts) their argument on amendments. As the Advisory Committee explained: "**The 21-day periods to amend once as a matter of course** after service of a responsive pleading or after service of a designated motion **are not cumulative**. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." Fed. R. Civ. P. 15, advisory committee's notes (2009 amendment) (emphasis added). Because SRM already filed a responsive pleading (its answer), the Motion to Dismiss did not restart the clock to allow the Brek Pilling Defendants a second chance for an amendment as of right. Because far more than 21 days have elapsed since SRM filed its answer, any amendment as a matter of right would be untimely. Plainly, as to SRM, the time to amend has unequivocally expired, and the SAC must be stricken.

The Brek Pilling Defendants argue a different conclusion should be reached regarding other Counterclaim Defendants, citing to pre-2009 cases and a partial explanation from Wright &

Miller of how Rule 15 operates in multi-party cases.[1] However, these citations do not support their conclusion. *See* ECF No. 152 at 13-14.[2] To the contrary, district courts around the country have concluded that the 21-day clock "applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case." *Doe v. Gupta*, No. 3:22-CV-1122, 2023 WL 6290625, at *2 (N.D. Ohio Sept. 27, 2023) (collecting cases) (emphasis in original); *Knox v. Rhodes*, No. 08-CV-277-JPG, 2010 WL 1444875, at *2 (S.D. Ill. Apr. 9, 2010) (quoting 3 *Moore's Federal Practice,* § 15.12) ("The *earliest* served responsive pleading or motion starts that single period running"); *Kieffer v. Tundra Storage LLC*, No. CIV. 14-3192 ADM/LIB, 2015 WL 5009012, at *3 (D. Minn. Aug. 21, 2015) (time periods "do[] not run cumulatively"); *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 878 (E.D. Va. 2015) ("the text of the rule and the advisory committee notes strongly suggest that a party does not get multiple 21–day periods to amend"). This is not only consistent with the Advisory Committee notes, but makes sense because "the right to amend might [otherwise] become a mechanism for abuse by encouraging [a counterclaim] plaintiff to add nominal parties to keep the right to amend alive, providing a potential source of harassment. . . . if plaintiff can extend that time period substantially there may be situations in which defendant has relied on the original pleading (by responding to it, for example) and would be disadvantaged by the delayed amendment." § 1481 Amendments as of Course—Actions By or Against More Than One Party, 6 Fed. Prac. & Proc.

---

[1] *Ramirez*, also cited for this proposition, does not help their argument. ECF No. 152 at 14. *Ramirez* dealt with two different amended pleadings, both timely filed under the applicable rules. Nothing in *Ramirez* suggests the clock restarts to amend a single operative pleading after each responsive pleading or motion to dismiss filed in response to that operative pleading. Moreover, timeliness was not at issue in *Ramirez*. In fact, *Ramirez* simply stood for the proposition that an amendment of right could be made "so long as [the party] files it timely." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015). Here, the Brek Pilling Defendants simply did not.

Civ. § 1481 (3d ed.).[3] The first responsive pleading was SRM's and the right to amend extinguished 21-days later. It is not revived simply because Counterclaimants named other Counterclaim Defendants.

The Brek Pilling Defendants go on to argue that a Scheduling Order may not interfere with their "right" to amend under Rule 15(a). *See* ECF No. 152 at 11-12. But Federal Rule of Civil Procedure 16 not only *permits* a Court to limit the time for filing an amendment, it expressly *requires* it. Rule 16 explains that a Court's scheduling order "**must** limit the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A) (emphasis added). The rule does not distinguish between different mechanisms of amendment but instead says that all amendments must be time-limited. And the Court complied with this Rule 16 mandate by setting the deadline for amendment on September 12, 2024—nearly two years ago. Counterclaimants do not even attempt to point to an alternative date in the scheduling order which limits the time for amendments. Instead, they simply suggest this deadline was only for certain types of amendments. But this crabbed interpretation is inconsistent with Rule 16's plain language which does not distinguish between types of amendments for which the Court "must" time limit. "[A p]laintiff's ability to amend its complaint as a matter of course [i]s extinguished once the Court entered a scheduling order limiting the parties' ability to amend their pleadings." *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, No. C19-0062-JCC, 2020 WL 1128207, at *2 (W.D. Wash. Mar. 6, 2020) (quoting *Johnson*, 975 F.2d at 608; *Kassner*, 496 F.3d at 243; *Long Beach Mem'l Med. Ctr.*, 2018 WL 5099494, slip op. at 4). Because the Scheduling Order sets an amendment date and that date is passed, the right to amend is extinguished.[4]

---

[3] Counterclaimants simply omit this portion of Wright & Miller's discussion from their brief.

[4] The Brek Pilling Defendants' attempts to reach a different conclusion by discounting *Johnson* are unavailing. First, they argue that *Johnson* predates the 2009 amendments to Rule 15(a). ECF

Finally, Counterclaimants filed an *Alternative Motion for Time to Respond to Motion to Dismiss [Dkt. 147]*. ECF No. 153. Counterclaimants argue this is necessary "for the reasons set forth in the Response." ECF No. 153 at 3. But nothing in the Response explains why leave to file an untimely response to a motion to dismiss should be granted. The time for responding to the Motion to Dismiss has long passed and Counterclaimants filed no response. Even more than a month after their response to that Motion to Dismiss was due, Counterclaimants have yet to so much as file a *proposed* response. Their failure to respond should be deemed an admission and the Motion to Dismiss should be granted. L.R. 7.1(f)(1).

**CONCLUSION**

For the reasons above and in the Motion to Strike and Memorandum in Support (ECF No. 151), the Court should strike the Brek Pilling Defendants' SAC and grant Counterclaim Defendants' Motion to Dismiss the FAC.

DATED August 27, 2026

PARSONS BEHLE & LATIMER

Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

---

No. 152 at 18. But *Johnson* speaks to Rule 16 which was not amended in 2009. Moreover, *Johnson's* holding—that Rule 16 rather than Rule 15 governs after a district court enters its scheduling order—has been affirmed by the Ninth Circuit post-2009. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). And courts continue in this district to recognize that *Johnson* "ma[kes] no distinction between amendment as a matter of course and amendment by the court's freely given leave, analyzing the issue by reference to Rule 15(a), which governs both types of amendment." *Ski Lifts, Inc. v. Schaeffer Mfg. Co.*, No. C19-0062-JCC, 2020 WL 1128207, at *1 (W.D. Wash. Mar. 6, 2020) (quoting *Long Beach Mem'l Med. Ctr. v. Blue Cross & Blue Shield of S.C.*, 2018 WL 5099494, slip op. at 4 (C.D. Cal. 2018)).

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on the date given below, s/he caused to be served a copy of the foregoing *SRM-Kodiak America, Powell, Harman, Price, And Kodiak Texas's Reply in Support of Motion to Strike Second Amended Counterclaims* upon the following persons by the method of service indicated below:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC<br>P.O. Box 366<br>Twin Falls, ID 83303<br>*Attorneys for Defendant Carolyn Shoemaker* | [x] CM/ECF<br>benoitlaw@benoitlaw.com<br>messinger@benoitlaw.com<br>mollerup@benoitlaw.com |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID 83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>dwg@magicvalleylaw.com |
| Mark O. Morris<br>Tara Martens Miller<br>Benjamin J. Mills<br>SNELL & WILMER, LLP<br>Key Business Center<br>702 W. Idaho Street, Ste 1100<br>Boise, ID 83702<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>mmorris@swlaw.com<br>tmmiller@swlaw.com<br>bemills@swlaw.com |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, CHARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID 83204-0370<br>*Attorneys for Defendant Gary Wickersham* | [x] CM/ECF<br>pete@mrwlaw.net |

Kyle Eric Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P.O. Box 5678
Twin Falls, ID 83303
*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC*

[x] CM/ECF
*kbastian@wrightbrotherslaw.com*

DATED August 27, 2026.

*/s/ Daniel Biddulph*
Lee Radford
John E. Cutler
Daniel Biddulph