# EXHIBIT B

## to 2026-10-12 Declaration of Counsel in Support of Plaintiff's Motion for Discovery Sanctions Against the Scott Pilling Defendants

**Kenna Burgie**

| | |
|---|---|
| **From:** | John E. Cutler |
| **Sent:** | Friday, March 6, 2026 3:14 PM |
| **To:** | Kyle Bastian; Daniel Biddulph; Bren Mollerup; David W. Gadd; Morris, Mark; Mills, Benjamin; Miller, Tara Martens; Marty R. Anderson; Peter Wells; Kim Trout; Alyssa Jones |
| **Cc:** | admin@magicvalleylaw.com; Jeffs, Cheryl; kim@eastidaholaw.net |
| **Subject:** | RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN |
| **Attachments:** | Follow Up on Discovery Production and Supplement and Prior Meet and Confer Efforts; RE: Follow Up on Discovery Production and Supplement and Prior Meet and Confer Efforts; Meet and Confer Conference - SRM Kodiak Litigation; 2025-09-08 SRM-Kodiak America LLC's Overview on Oustanding Discovery Issues.pdf |
| **Importance:** | High |

Kyle,

You have declined to respond to timely respond to this email. And the more we dig into this issue on our end, the more problematic your clients' response to our request for supplementation appears. As evidenced from each the emails and filings attached, your clients have been fully aware our meet and confer efforts seeking the digital design files, including .slddrw files or their equivalents in another program. Indeed our discovery requests from May 2025 specifically sought all Computer-Aided Design (CAD) digital files—without regard for the program used to generate them. Moreover, your clients' production of numerous PDF schematics and drawings at various points during this lawsuit demonstrate possession of the .slddrw (or equivalent) digital file. And yet the corresponding .slddrw (or equivalent) files have not been produced in direct violation of the Court's order that such were to be produced by October 10, 2025.

So, again, I would ask that you please confirm by no later than March 10, 2026, whether your clients possess digital drawing files (e.g., .slddrw). If your clients do possess such files, please advise by this same date whether the files will be produced (and if so when). If your clients assert that they do not possess such files, please advise by this same date what happened to the files (as they appear to have existed earlier in the case based on your production of PDF drawings that could not exist without the existence of digital files).

Best,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Monday, February 23, 2026 6:49 PM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>

**Cc:** admin@magicvalleylaw.com; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net
**Subject:** Re: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Kyle,

Just to make sure my non-engineer speak isn't part of the issue, the files we're looking for are "SolidWorks Drawings" files or ".slddrw" files or the equivalent drawing file from a solid works competitor program. Our prior correspondence and court filings have consistently been referring to solidworks files and I would expect my colloquial reference in one email to .drw would fairly communicate to your client the type of file we are looking for— see my more precise description above and in prior correspondence. But in case there was some hang up with respect to .drw specifically — I want to be clear we are missing and still overdue to receive all "SolidWorks Drawings files" or ".slddrw files" or the equivalent drawing file from a solid works competitor program.

As non-exhaustive examples of the types of information contained in these files, drawing files are what capture revisions, manufacturing instructions, material characteristics, and within assemblies they include complete instructions on how to assemble or weld something together.

Please confirm either (a) such files exist and have not yet been produced, or (b) your client has no drawing files for their machines.

Lastly, I expect it goes without saying that when you indicate these files do not exist, the assertion is that they have never existed— and not that they have been destroyed or otherwise placed outside your clients' possession or control during the course of this lawsuit. But please advise if my assumption is inaccurate.

Thanks,

John

Get Outlook for iOS

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Monday, February 23, 2026 3:46 PM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Cc:** admin@magicvalleylaw.com <admin@magicvalleylaw.com>; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net <kim@eastidaholaw.net>
**Subject:** RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Kyle,

Can you confirm with respect to .drw Solidworks files that the equivalent of this file type is not simply maintained in a comparable competitor program to solidworks? I'm trying to understand if the representation being made is that Scott Pilling's companies do not possess/maintain any digital files conveying the same types of information or having the same purpose as a Solidworks .drw file.

Let me know if that's at all unclear, but I do believe if parallel file types maintained in a competitor program to Solidworks (e.g. Google Sheets vs. Excel) that my clients would be entitled to receive such files under the existing discovery and court order.

Thanks in advance for the clarification on this matter.

Best,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

---

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Monday, February 23, 2026 3:26 PM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Cc:** admin@magicvalleylaw.com; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net
**Subject:** RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

**This Message Is From an External Sender**
This message came from outside your organization. Report Suspicious

John,

In response to the issues you raised below:

- Following a diligent search, no .drw Solidworks files were located.
- Any split back files were produced previously in pdf/digital format.
- Redactions to SP&E 21375–21380 and 21382 were limited to Wells Fargo routing and account numbers. Unredacted versions will be produced as Attorney Eyes Only, if necessary.

Thanks,
-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107

(208) 733-1669 (fax)
www.wrightbrotherslaw.com

*********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Wednesday, February 18, 2026 11:09 AM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Cc:** admin@magicvalleylaw.com; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net
**Subject:** RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Kyle,

I'm also seeing redactions on SP&E 21375 to 21380 and 21382. I do not see any privilege log explaining the redaction or the basis for it. These are already marked attorney eyes only, we will need to receive unredacted copies. If you believe there is a basis for redaction, please explain it.

Thank you,

John

PARSONS BEHLE & LATIMER
A Professional Law Corporation

**John E. Cutler**
Attorney at Law
**Parsons Behle & Latimer**
350 Memorial Drive, Suite 300 • Idaho Falls, Idaho 83402
Main +1 208.522.6700 • Direct +1 208.528.5223

parsonsbehle.com • JCutler@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Wednesday, February 18, 2026 9:05 AM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>

**Cc:** admin@magicvalleylaw.com; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net
**Subject:** Re: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Kyle,

We have also confirmed that our experts do not have any files whether digital or PDF for a splitpack machine. And these files are ones that your clients advised in prior written discovery that they were compiling and would be producing. That was months ago, so I expect the files should now be ready to go and can also be delivered in similar timeframe to the .drw solidworks files.

Thanks,

John

Get Outlook for iOS

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Monday, February 16, 2026 1:59:45 PM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Cc:** admin@magicvalleylaw.com <admin@magicvalleylaw.com>; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net <kim@eastidaholaw.net>
**Subject:** RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Kyle,

Our experts have been reviewing the files provided, and it has become apparent that they are missing all the .drw solidworks files associated with the parts and assemblies. These .drw files contain critical feature tree and revision history data that show information (e.g. when a document was created, what the tolerances were, etc.). Please advise whether these files in working format can be provided within 10 days. If that timeframe is not workable, please advise a reasonable time when these can be provided as they are encompassed within the requirements of the existing order on the motion to compel. And as such they should already have been provided months ago.

Thank you,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Friday, October 17, 2025 11:30 AM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Cc:** admin@magicvalleylaw.com; Jeffs, Cheryl <cjeffs@swlaw.com>; kim@eastidaholaw.net
**Subject:** RE: SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

All-

We were notified of a potential issue with this production, specifically native files produced last Friday as SP&E 21453 – SP&E 23262. In reviewing that production, we determined that using bates numbers for file names may have caused the issue. This morning we are reproducing those files using original file names, which should solve the issue. The reproduction can be accessed using the same link provided previously in a new folder entitled "2025.10.17 Reproduction." Let us know if you have any further issues accessing the production. Thanks.

-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

**********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

**********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** Kyle Bastian
**Sent:** Friday, October 10, 2025 4:51 PM
**To:** John E. Cutler <jcutler@parsonsbehle.com>; Daniel Biddulph <dbiddulph@parsonsbehle.com>; Gabe Davis <gdavis@parsonsbehle.com>; Bren Mollerup <mollerup@benoitlaw.com>; David W. Gadd <dwg@magicvalleylaw.com>; Morris, Mark <mmorris@swlaw.com>; Mills, Benjamin <bemills@swlaw.com>; Miller, Tara Martens <tmmiller@swlaw.com>; Marty R. Anderson <marty@eastidaholaw.net>; Peter Wells <pete@mrwlaw.net>; Kim Trout <ktrout@trout-law.com>; Alyssa Jones <ajones@trout-law.com>
**Subject:** SRM-Kodiak America, LLC v. Pilling et al., Case No. 4:24-cv-00112-DCN

Counsel-

Attached please find the following:

- Second Supplemental Response to First Set of Discovery Requests to Scott Pilling
- Second Supplemental Response to First Set of Discovery Requests to Sawtooth Industrial, LLC
- Second Supplemental Response to First Set of Discovery Requests to IIOVIII Precision, LLC

Our document production, SP&E 21453 – SP&E 23531, will follow in a separate email. Let us know if you encounter any issues accessing the production. Thanks.

-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

**********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

**********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

## Kenna Burgie

**From:** John E. Cutler
**Sent:** Friday, August 1, 2025 1:03 PM
**To:** Kyle Bastian
**Cc:** Daniel Biddulph; Gabe Davis; Leah Trahan; Kenna Burgie; Reagan Mortensen
**Subject:** Follow Up on Discovery Production and Supplement and Prior Meet and Confer Efforts

Kyle,

Let me know when you have time early next week to have a follow up on our prior meet and confer efforts, on which we have not received any supplement or response from you. Added to the prior areas, we'll need to confer on resolving the improper delay in production of information that your clients indicated they would be providing in their June 30, 2025, discovery responses. It has been a month since the responses there were served. And there has been no supplement. What is more, the responses on those were already afforded substantial extensions. Accordingly, we really need accelerated production of the outstanding items. Among the most time-sensitive documents that must be produced immediately are the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date. This is just a starting point as our requests encompass every similar file in the industrial snow removal space—consistent with our allegation that all of the defendants business is unlawful and built on the back of SRM's technology. I've called out the specific machines (and their associated parts) above solely for purposes of speeding along an initial portion of the discovery.

Again, please let me know your availability for a call early next week. My schedule is very open and flexible.

Best,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

**Kenna Burgie**

| | |
|---|---|
| **From:** | John E. Cutler |
| **Sent:** | Wednesday, August 6, 2025 5:53 PM |
| **To:** | Kyle Bastian |
| **Cc:** | Daniel Biddulph; Gabe Davis; Leah Trahan; Kenna Burgie; Reagan Mortensen |
| **Subject:** | RE: Follow Up on Discovery Production and Supplement and Prior Meet and Confer Efforts |

Kyle,

I'm following up, when are you available to discuss these matters.

Thanks,

John

PARSONS BEHLE & LATIMER
A Professional Law Corporation

**John E. Cutler**
Attorney at Law
**Parsons Behle & Latimer**
350 Memorial Drive, Suite 300 • Idaho Falls, Idaho 83402
Main +1 208.522.6700 • Direct +1 208.528.5223

**parsonsbehle.com** • JCutler@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

---

**From:** John E. Cutler
**Sent:** Friday, August 1, 2025 1:03 PM
**To:** Kyle Bastian
**Cc:** Daniel Biddulph ; Gabe Davis ; Leah Trahan ; Kenna Burgie ; Reagan Mortensen
**Subject:** Follow Up on Discovery Production and Supplement and Prior Meet and Confer Efforts

Kyle,

Let me know when you have time early next week to have a follow up on our prior meet and confer efforts, on which we have not received any supplement or response from you. Added to the prior areas, we'll need to confer on resolving the improper delay in production of information that your clients indicated they would be providing in their June 30, 2025, discovery responses. It has been a month since the responses there were served. And there has been no supplement. What is more, the responses on those were already afforded substantial extensions. Accordingly, we really need accelerated production of the outstanding items. Among the most time-sensitive documents that must be produced immediately are the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date. This is just a starting point as our requests encompass every similar file in the industrial snow removal space—consistent with our allegation that all of the

defendants business is unlawful and built on the back of SRM's technology. I've called out the specific machines (and their associated parts) above solely for purposes of speeding along an initial portion of the discovery.

Again, please let me know your availability for a call early next week. My schedule is very open and flexible.

Best,

John

PARSONS BEHLE & LATIMER

**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

**Kenna Burgie**

| | |
|---|---|
| **From:** | John E. Cutler |
| **Sent:** | Tuesday, August 12, 2025 10:50 AM |
| **To:** | L Thompson |
| **Cc:** | Kyle Bastian; Daniel Biddulph; Gabe Davis; Leah Trahan; Kenna Burgie; Reagan Mortensen |
| **Subject:** | Meet and Confer Conference - SRM Kodiak Litigation |

Lauri,

Opposing counsel has refused to follow through on prior commitments for supplemental production on core issues in the case regarding, among many other things, (1) non-email documents pertaining to the defendants' business dealings in the industrial snow removal market, and (2) production of the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date.

Today, SRM learned that the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter. In SRM's view, Defendants' refusal to participate in good faith efforts to meet and confer is inconsistent with both the federal rules and the local rules of this court. Defendants justify their refusal to participate in the meet and confer process on SRM's specific objections to further e-mail related searches. Specifically, SRM has objected to further email discovery on account of a lack of proportionality, relevance, and extensive prior e-mail/e-discovery review and production that has eaten up the presumptive limit for e-discovery in the case. It is SRM's position that the Scott Pilling Defendants are free to bring their dispute over SRM's e-discovery objection to the law clerk for further discussion if needed. But withdrawing from the meet and confer process on all matters related to SRM's discovery is not an acceptable option for the defendants.

Ultimately, the Defendants' failure to follow through on prior commitments to supplement production, arising from both prior written discovery responses and meet and confer conferences, will imminently prejudice SRM in its ability to get the information necessary in time to conduct depositions this fall. And without swift resolution to this issue, SRM will be forced to seek further extension of the schedule to address the dilatory conduct of the Scott Pilling defendants.

To address these issues, SRM asks for the earliest available time for a law clerk conference.

Thank you,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an | Case No. 4:24-cv-00112-DCN<br><br>**SRM-KODIAK AMERICA, LLC'S OVERVIEW OF OUSTANDING DISCOVERY ISSUES** |

individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX

Defendants.

---

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant,

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant,

Plaintiff/Counterdefendant SRM-Kodiak America, LLC ("SRM"), by and through its undersigned counsel, Parsons Behle & Latimer, submits this overview of outstanding discovery issues as directed by the Court's September 2, 2025, docket text order (Dkt. 118).

## RELEVANCE & PROPORTIONALITY

Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC (collectively the "Scott Pilling Defendants"), regularly equate their conduct in discovery with that of SRM. But the fact that both the Scott Pilling Defendants and SRM have made objections in discovery does not mean anything in itself. Each party's objections must be individually viewed against (1) the governing standard of relevance and proportionality, and (2) the factual allegations and legal claims in dispute.

To be discoverable, information must be both "relevant" to a claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b). Proportionality is measured by reference to the "importance of the issues at stake," "the amount in controversy," each party's "relative access to relevant information," each party's "resources," how important the discovery is to "resolving the issues," and the degree to which the burden or expense of production outweighs the benefit of the information. *Id.*

## SRM'S BROAD DISCOVERY PROPORTIONATELY SEEKS RELEVANT EVIDENCE

Beginning with its August 28, 2024, discovery requests, SRM has issued interrogatories and requests for production seeking information on all the Scott Pilling Defendants' communications and documents (including files in native format) within the commercial snow removal industry. The series of interrogatories and requests for production directed at obtaining this information are indeed broad. But none of the rules of discovery prohibit very broad requests for production or interrogatories. Only irrelevant and disproportionate requests are barred.

Applying the standard in Rule 26(b), SRM's very broad requests for information seek highly relevant information and are not disproportionate. To date, SRM has prevailed on both a preliminary injunction and a temporary restraining order, demonstrating a high likelihood of success on the merits of its claims against the Scott Pilling Defendants. Specifically, the Court held that SRM's preliminary injunction motion was "replete with both direct and circumstantial evidence that Scott misappropriated SRM's trade secrets." (Dkt. 87 at 18). The Court explained "the many acts of misappropriation, taken together, illustrate Scott knew or, at the very least, should have known, that he improperly disclosed SRM's proprietary information, including by breaching his duty to maintain secrecy" under his independent contractor agreement and as SRM's president." *Id.* at 18–19.

Obtaining actual evidence from the Scott Pilling Defendants on (1) the snow removal equipment designs in their possession, and (2) their use of those designs in commerce, is at the core of the claims in dispute. SRM contends that the entire business operation of the Scott Pilling Defendants in the snow removal industry is built on their misappropriation of SRM's designs. The corroborating evidence of this is amply set forth in support of the injunction issued by the district court—including evidence that Scott Pilling exported proprietary designs to his personal network drives, Scott Pilling poached SRM employees to work at his new facility, and Scott Pilling issued separate purchase orders to SRM customers even while still working as SRM's president. Since the injunction, SRM has demonstrated at a temporary restraining order hearing that the Scott Pilling Defendants' "L40 Prototype" appears to be a direct copy of SRM's proprietary designs with only a few modifications.

With respect to access to information, SRM has no access to the Scott Pilling Defendants files, and no way to determine all of the business being done using SRM's stolen designs. The

Scott Pilling Defendants have failed to put forward any evidence showing they lack resources to produce the documents and information requested. And all the information requested is necessary for SRM to establish the full scope of the damage suffered in this multi-million-dollar case. Accordingly, on the current record SRM's admittedly broad requests seek only relevant information and are directly proportional to the weighty claims at issue.

**THE EMAIL DISCOVERY TO SRM IS DISPROPORTIONATE AND IRRELEVANT**

In direct contrast to SRM's relevant and proportionate requests, the Scott Pilling Defendants have issued multiple rounds of email discovery using broad terms widely used in the ordinary conduct of SRM's business unrelated to the issues in the case. The predecessors to SRM were Kodiak Northwest and Idaho Norland. These terms show up everywhere in the historical schematics and business documents of the company. Likewise SRM conducted business out of a facility in Paul Idaho for a period following the acquisition of assets from Kodiak America, LLC. Thus, requests for production of emails from all SRM's owners and officers that also used these broad terms inherently sweeps in overwhelmingly irrelevant documents about the ordinary conduct of SRM's business unrelated to any claim or defense. Whereas, the Scott Pilling Defendants are alleged to have built their business on stolen intellectual property, no such allegation exists with respect to SRM. As such the vast majority of SRM's business communications are not relevant to this case, and the obligation to review these emails and produce them has been a serious burden that SRM has undertaken solely to avoid a discovery dispute that would distract from the core issue of the Scott Pilling Defendants' theft of SRM's trade secrets.

SRM incurred well over $50,000 in expenses to review and produce more than 50,000 pages/native emails and attachments in response to the Scott Pilling Defendants' first round of

irrelevant and disproportionate e-discovery in February 2025. Accordingly, when the Scott Pilling Defendants came back with a second round of email discovery on equally broad terms directed at yet more custodians, SRM pushed back—seeking to avoid yet more waste of time and money reviewing documents that overwhelming have nothing to do with any material issue.

But as soon as the informal law clerk conference revealed that the Court may perceive this issue differently, SRM immediately internalized the feedback from the law clerk and conducted the disputed review to ensure this did not distract from the real issues in the case: misappropriation and ongoing contempt by the Scott Pilling Defendants. Accordingly, in roughly one-weeks' time SRM completed review of more than 12,000 additional pages of emails/attachments and produced those to the Scott Pilling Defendants on September 5th. That brings the total email/attachment production to 66,680 pages of the total 70,387 pages produced by SRM in discovery. SRM requests only that the Court recognize the disproportionately burdensome and largely irrelevant nature of the Scott Pilling Defendants' email discovery to date and relieve it of further obligations to conduct email discovery by these defendants.

**JUDICIAL ASSISTANCE IS NEEDED TO TIMELY OBTAIN CRITICAL DISCOVERY**

Excluding the old boxes of documents allegedly from the Paul facility that the Scott Pilling Defendants produced in support of their own defenses, the Scott Pilling Defendants have produced only 2,313 pages/native files compared to the 70,387 pages produced by SRM. To date, SRM has afforded the Scott Pilling Defendants numerous lengthy extensions of time to complete its production. The Scott Pilling Defendants first discovery responses to the August 2024 requests were made in October 2024, and SRM engaged in the first meet and confer conference on the very issues still in dispute today in November 2024—not June 2025. If there is any dispute, SRM has multiple emails documenting these efforts from November 2024 and

continuing to the present time. A year later, SRM still does not have the documents it requested.

Through third-party subpoenas, SRM has discovered hundreds of pages of non-email documents comprised of invoices, bids, text messages, and other business communications that the Scott Pilling Defendants impliedly denied possessing and did not produce. Without issuing subpoenas to every vendor and customer, SRM will never get the full evidence of damages arising from defendants' business dealings. Even on the compelled production regarding the L40 prototype, it appears communications remain missing (e.g., none of the documents produced on September 5th mention an L40 prototype). Court assistance remains needed in this area.

SRM has sought all the designs and schematics in the Scott Pilling Defendants possession including the "SolidWorks" program native formats. The native formats for these files end in extensions ".sldprt," ".sldasm," and ".slddrw." These file formats retain a "feature tree" that shows the history of how an engineer drew out each design. This history is like the fingerprint of an engineering drawing—showing each step an engineer took in drawing it out and changes made over time. But this critical history is destroyed when the SolidWorks files are converted to a standardized ".stp" or ".STEP" format. Unfortunately, it is no surprise that on September 5th when SRM opened the first digital files produced after more than a year waiting, the files were not the ".sldprt," ".sldasm," or ".slddrw" files specifically requested—but instead ".stp" and ".STEP" files with all the digital DNA stripped away.

At the start of summer, SRM obtained a six-month extension on discovery precisely because of the slow pace of discovery production by the Defendants (including but not limited to the Scott Pilling Defendants). It's now September, and no progress was made over the summer. SRM now needs more time in discovery due to the delays and an immediate increase in the pace of production. SRM Respectfully requests the Court's direction on how to address these issues.

DATED this 8th day of September 2025.

PARSONS BEHLE & LATIMER

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2025, I caused a true and correct copy of the foregoing document to be served on counsel for the party of interest via email, as follows:

Bren Mollerup
BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC
P.O. Box 366
Twin Falls, ID 83303
*Attorneys for Defendant Carolyn Shoemaker*
*benoitlaw@benoitlaw.com*

David W. Gadd
STOVER GADD & ASSOCIATES, PLLC
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, ID 83303-1428
*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust*
*dwg@magicvalleylaw.com*

Kyle Eric Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P.O. Box 5678
Twin Falls, ID 83303
*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC*
*kbastian@wrightbrotherslaw.com*

Peter M. Wells
MAY, RAMMELL & WELLS, CHARTERED
216 W. Whitman
PO Box 370
Pocatello, ID 83204-0370
*Attorneys for Defendant Gary Wickersham*
*pete@mrwlaw.net*

Kim J. Trout
Alyssa Jones
TROUT LAW, PLLC
3778 N. Plantation River Drive, Ste 101
Boise, ID 83703
*Attorneys for Defendant Lurene Dille*
*ktrout@trout-law.com*
*ajones@trout-law.com*

Mark O. Morris mmorris@swlaw.com
Tara Martens Miller tmmiller@swlaw.com
Benjamin J. Mills bemills@swlaw.com
SNELL & WILMER, LLP
Key Business Center
702 W. Idaho Street, Ste 1100
Boise, ID 83702
*Attorneys for Defendants Brek Pilling, Baub, LLC, Kodiak America, LLC, The Pilling Family Trust, PFT Enviro Investments, Kodiak Northwest, Inc., and Brek Pilling as Trustee of the Pilling Family Trust*

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph