David W. Gadd (ISB# 7605)
**STOVER, GADD & ASSOCIATES, PLLC**
905 Shoshone St. N.
P.O. Box 1428
Twin Falls, Idaho 83303-1428
Telephone: (208) 736-9900
Facsimile: (208) 736-9929

Mark O. Morris (ISB# 10850)
Tara Martens Miller (ISB# 5773)
Benjamin J. Mills (ISB# 11748)
**SNELL & WILMER L.L.P.**
Key Business Center
702 W. Idaho Street, Suite 1100
Boise, ID 83702
Telephone: (801) 257-1900
Facsimile: (801) 257-1800
Email: mmorris@swlaw.com
tmmiller@swlaw.com
bemills@swlaw.com

*Attorneys for Kodiak America, LLC; Kodiak Northwest, Inc., BAUB LLC; Brek Pilling; and PFT Enviro Investments, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

<table>
<tr><td>SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BREK PILLING, an individual; et al.,<br><br>Defendants.</td><td rowspan="2">BREK PILLING PARTIES' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE BRIAN L. TIBBETS JOINDER IN MOTION TO STRIKE SECOND AMENDED COUNTERCLAIMS [Dkt. 164]<br><br>Case No. 4:24-cv-00112-DCN<br><br>District Judge David C. Nye</td></tr>
<tr><td>KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; AND PFT ENVIRO INVESTMENTS, LLC,</td></tr>
</table>

| | |
|---|---|
| Counterclaimants,<br><br>v.<br><br>SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Counterdefendant. | |
| SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC, IIOVIII PRECISION, LLC; AND INTERMOUNTAIN LIVING, LLC,<br><br>Counterclaimants,<br><br>v.<br><br>SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Counterdefendant. | |

Pursuant to Federal Rule of Civil Procedure 12(f) and this Court's inherent authority to strike in appropriate filings, Defendants and Counterclaimants Kodiak America, LLC; Kodiak Northwest, Inc.; BAUB LLC; Brek Pilling; and PFT Enviro Investments, LLC (collectively, the "**Brek Pilling Parties**") submit this *Memorandum in Support of Motion to Strike Brian L. Tibbets Joinder in Motion to Strike Second Amended Counterclaims*.

## INTRODUCTION

This Court should strike Brian L. Tibbets' ("**Tibbets**") *Joinder in Motion to Strike Second Amended Counterclaims* ("**Joinder**"). Tibbets filed the Joinder 95 days after SRM-Kodiak America, LLC ("**SRM-Kodiak**"), Lawrence Wayne Powell, Jr., Kurt Harman, Jonathan Price, and

Kodiak America, LLC (Texas) ("**Kodiak Texas**") filed their *Motion to Strike Second Amended Counterclaims* (the "**Motion to Strike**") and 60 days after briefing on that motion closed. The Joinder cites no authority, offers no argument, and never explains its timing. It is dated September 24, 2026, which is 32 days before Tibbets actually filed it. Tibbets did not seek leave to file after briefing closed, as Local Civil Rule 7.1(d)(1) required, and he neither requested an extension nor moved under Federal Rule of Civil Procedure 6(b)(1) for relief from an expired deadline. Because the Joinder is untimely, immaterial, and redundant of the fully briefed Motion to Strike, the Court should strike it under its inherent authority and Rule 12(f) or, at a minimum, disregard it.

## BACKGROUND

SRM-Kodiak filed this action on February 26, 2024. Dkt. 1. On April 30, 2024, the Brek Pilling Parties filed their initial pleading. Dkt. 33. On September 12, 2024, the Brek Pilling Parties moved to amend and to join Powell, Harman, Price, Kodiak Texas, and Tibbets as Counter-Defendants. Dkt. 61. On April 2, 2026, with SRM-Kodiak's written consent, the Brek Pilling Parties filed their *First Amended Answer and Counterclaim* ("**First Amended Counterclaim**"). Dkt. 133. On April 16, 2026, only SRM-Kodiak answered it. Dkt. 136. On June 18, 2026, SRM-Kodiak, Powell, Harman, Price, and Kodiak Texas moved to dismiss the First Amended Counterclaim (the "**Motion to Dismiss**"), and Tibbets joined that motion on June 29. Dkts. 147–148. On July 9, 2026, the Brek Pilling Parties filed their *Answer and Second Amended Counterclaims* (the "**Second Amended Counterclaims**"). Dkt. 150.

On July 23, 2026, SRM-Kodiak, Powell, Harman, Price, and Kodiak Texas filed the Motion to Strike. Dkt. 151.[1] The Brek Pilling Parties responded on August 13, 2026, and the movants replied on August 27, 2026, which closed briefing. Dkts. 152, 155.

Months later Tibbets filed the Joinder on October 26, 2026, but falsely dated it September 24, 2026. Dkt. 162. The Joinder states that, "[t]o the extent the Second Amended Counterclaims (Dkt. 150) assert any claim against Mr. Tibbets, he joins in and adopts the moving parties' request," and "adopts and incorporates by reference the arguments and authorities set forth in Dkt. 151." *Id.* at 2–3. It contains no memorandum, no authority, no explanation for its timing, and no request for leave or an extension.

## LEGAL STANDARD

The Court has "inherent power to control [its] docket," including the power to strike items from the docket. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404–05 (9th Cir. 2010) (recognizing the district court's inherent power to strike items from its docket). Federal Rule of Civil Procedure 12(f) likewise permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading, and courts in this District have applied its standards, together with their inherent authority, to strike untimely filings. This power includes striking filings submitted after briefing on a motion was complete. *See United States v. Spear*, No. 2:22-cv-00439-BLW, 2025 WL 3469576, at *2 (D. Idaho 2025) (striking filings sua sponte because briefing on the motion to strike and dismiss was complete and the filings were untimely, immaterial, and impertinent under Rule 12(f) and the court's inherent power to control its docket); *see also Smith*

[1] Although the Motion to Strike bears the header "Dkt. 150," the Court's docket lists it as Dkt. 151, and this memorandum cites it accordingly.

*v. Lab'y Corp. of Am., Inc.*, No. CV09-284-E-EJL, 2009 WL 3872042, at *3 (D. Idaho 2009) (striking an affidavit submitted with a reply brief for failing to comply with Local Civil Rule 7.1).[2] The same rules apply to pro se litigants. Although courts construe pro se filings liberally, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Striking the Joinder simply holds Tibbets to the same briefing rules that bind every other party.

## ARGUMENT

The Court should strike the Joinder or, at a minimum, deny the relief it seeks. First, the Joinder is untimely: Tibbets filed it 60 days after briefing closed, and he never moved for an extension under Rule 6(b)(1), and he cannot show excusable neglect. Second, even if the Court considers the Joinder, it should deny the relief requested for the same reasons the Brek Pilling Parties have already shown the Motion to Strike fails.

### I. The Joinder is untimely and should be stricken.

The Joinder should be stricken on two grounds. First, Tibbets filed it after briefing on the Motion to Strike closed, without the leave Local Civil Rule 7.1(d)(1) requires, and the Court may strike such a filing under Rule 12(f) and its inherent authority. Second, even if a late joinder could be cured, Tibbets never moved for an extension under Federal Rule of Civil Procedure 6(b)(1), and he cannot show excusable neglect because every factor weighs against him and his pro se status does not excuse the delay.

---

[2] The Brek Pilling Parties acknowledge that *Spear* and *Smith* are unpublished decisions that are not binding on this Court, and they cite them only as persuasive authority, which they respectfully ask the Court to consider as such.

### A. Tibbets filed the Joinder after briefing closed without the leave Local Civil Rule 7.1(d)(1) requires.

Local Civil Rule 7.1 sets a closed briefing sequence: a motion and supporting brief, a response within 21 days, and a reply within 14 days after the response. Dist. Idaho Loc. Civ. R. 7.1(b)–(c). Once the reply is filed, briefing is complete, and any further filing requires leave of the Court:

> If a party wishes to file a sur-reply, or amend or supplement a party's brief, affidavit, declaration, or other papers in support of or in opposition to a motion, the party must file a motion requesting leave of the court. Motions made under this rule will be granted only in the discretion of the court.

Dist. Idaho Loc. Civ. R. 7.1(d)(1).

The Joinder is exactly the kind of supplemental paper the Rule contemplates. It is filed "in support of" the Motion to Strike, adopts the movants' brief wholesale, and asks the Court to extend their relief to another party. Dkt. 162 at 2–3. Yet Tibbets filed it 60 days after the movants' reply closed briefing, and he never sought leave to file it. *See* Dkt. 155. Because Local Civil Rule 7.1(d)(1) makes leave mandatory and its grant discretionary, a party who never asks for leave cannot claim its benefit.

This Court confronted the same situation in *United States v. Spear*. There, after briefing on a motion to strike and dismiss was complete, the Court struck later filings on its own motion because they were untimely, immaterial, and impertinent, relying on both Rule 12(f) and its inherent power to control its docket. 2025 WL 3469576, at *2. The Joinder warrants the same result, and for an additional reason that it is redundant. It offers no argument of its own and simply "adopts and incorporates by reference the arguments and authorities set forth in Dkt. 151." Dkt.

162 at 3. A filing that repeats a fully briefed motion months after briefing closed adds nothing for the Court to decide except whether to extend relief to a party who never timely asked for it.

Because Tibbets filed the Joinder after briefing closed, without the leave Local Civil Rule 7.1(d)(1) requires, and because the Joinder is untimely, immaterial, and redundant of Dkt. 151, the Court should strike it under its inherent authority and Rule 12(f).

**B. Tibbets did not seek an extension under Rule 6(b)(1) and cannot show excusable neglect.**

Federal Rule of Civil Procedure 6(b)(1) allows a court to extend a deadline in only two ways: "(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Subsection (A) does not apply because the Court never acted on its own to extend the deadline and Tibbets never requested an extension before briefing closed.

Subsection (B) does not apply either because Tibbets never filed a motion after the deadline passed. That requirement matters even though "excusable neglect" is a flexible standard. As the Supreme Court has explained, "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). But however elastic the concept, Rule 6(b)(1)(B) still requires a motion, and the same equitable analysis governs pro se litigants. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (holding that *Pioneer*'s excusable neglect analysis applies to pro se litigants).

Even if Tibbets had moved for an extension, every excusable-neglect factor would favor striking the Joinder. Those factors are "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Tibbets filed the Joinder 60 days after briefing closed and offers no reason for the delay. The Joinder's own date shows that Tibbets purportedly had it ready on September 24, already four weeks after briefing closed, yet he waited another 32 days to file it. Either that, or he backdates documents intentionally. That unexplained gap also leaves the Court no basis to find good faith.

Considering the Joinder would also prejudice the Brek Pilling Parties because they had one opportunity to respond to the Motion to Strike, and they used it to address the five parties who brought it. Dkt. 152. Because Tibbets waited two months after briefing closed, the Brek Pilling Parties never had a chance to address his distinct posture. The Court would therefore have to either grant relief on a record the Brek Pilling Parties never answered or reopen briefing on a motion fully submitted since August. The Court's inherent authority to control its docket exists to prevent exactly this kind of disruption. *See Spear*, 2025 WL 3469576, at *2.

Finally, Tibbets's pro se status does not excuse his delay because pro se litigants are bound by the same rules of procedure as every other litigant. *See Ghazali*, 46 F.3d at 54. Nor can Tibbets claim he misunderstood the rules: he knew enough to join the Motion to Dismiss within eleven days after it was filed. *See* Dkt. 148. He acted promptly when he chose to.

Because Tibbets never moved under Rule 6(b)(1), and because he could not show excusable neglect even if he had, the Court should strike the Joinder as untimely.

## II. Alternatively, the Court should deny the relief requested in the Joinder for the reasons stated in the Brek Pilling Parties' response.

If the Court considers the Joinder, it should deny the relief requested. The Brek Pilling Parties incorporate by reference their *Response to Motion to Strike Second Amended Counterclaims* ("**Response**"). Dkt. 152. That Response shows that the Second Amended Counterclaims were timely under Rule 15(a)(1)(B), *id.* at 6–9; that the Scheduling Order deadline governs only motions to amend, *id.* at 10–13; that the amendment caused no undue prejudice, *id.* at 13–16; and that, alternatively, the Brek Pilling Parties should be permitted to respond to the Motion to Dismiss, *id.* at 16–17. Each point applies with at least equal force to Tibbets.

## CONCLUSION

For the foregoing reasons, the Court should strike Tibbets's *Joinder in Motion to Strike Second Amended Counterclaims* from the docket under its inherent authority and Rule 12(f) because Tibbets filed it after briefing closed without leave under Local Civil Rule 7.1(d)(1) and without seeking or showing excusable neglect under Rule 6(b)(1)(B). Alternatively, the Brek Pilling Parties request that the Court decline to consider the Joinder in resolving the Motion to Strike, or deny the relief requested in the Joinder for the reasons stated in this memorandum and in the Brek Pilling Parties' Response.

DATED this 16th day of November, 2026.

**SNELL & WILMER L.L.P.**

/s/ *Mark O. Morris*
Mark O. Morris
Tara Martens Miller
Benjamin J. Mills

**STOVER, GADD & ASSOCIATES, PLLC**
David W. Gadd
905 Shoshone St. N.
P. O. Box 1428
Twin Falls, Idaho 83303-1428

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of November, 2026, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, District of Idaho by using the Court's CM/ECF System which effected service upon all counsel of record in this case, including, but not limited to:

Lee Radford
John E. Cutler
Daniel Biddulph
Gabe Davis
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, ID 83405-1505
Email: LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com
GDavis@parsonsbehle.com
*Attorneys for Plaintiff and Counterdefendants Wayne Powell, Jonathan Price, Kurt Harmon, and Kodiak America, LLC*

Kyle E. Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P. O. Box 5678
Twin Falls, ID 83303
Email: kbastian@wrightbrotherslaw.com
*Attorneys for Defendants Scott Pilling; Sawtooth Industrial, LLC; IIOVIII Precision, LLC; Intermountain Living, LLC*

Martin R. Anderson
SMITH WOOLF ANDERSON & WILKINSON, PLLC
3480 Merlin Drive
Idaho Falls, ID 83404
Email: marty@eastidaholaw.net
*Attorneys for Defendant Budget Truck Center, LLC*

Peter M. Wells
MAY RAMMELL & THOMPSON CHARTERED
P. O. Box 370
Pocatello, ID 83204
Email: pete@mrwlaw.net
*Attorneys for Gary Wickersham*

Bren Erik Mollerup
BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC
P. O. Box 366
Twin Falls, ID 83303
Email: mollerup@benoitlaw.com
*Attorneys for Carolyn Shoemaker*

Kim J Trout
TROUT LAW, PLLC
3778 N. Plantation River Dr., Suite 101
Boise, ID 83703
Email: ktrout@trout-law.com
*Attorneys for Lurene Dille*

Brian L. Tibbets
1411 23rd Street
Ogden, Utah 84401
btibbets@gmail.com
*Counterdefendant, Pro Se*

*/s/ Mark O. Morris*