Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Plaintiff,

vs.

BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an

Case No. 4:24-cv-00112-DCN

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST THE SCOTT PILLING DEFENDANTS**

Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY

WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,

Defendants.

---

KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC.; BAUB, LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC;

Counterclaimants,

vs.

SRM-KODIAK, AMERICA, LLC, an Idaho limited liability company, LAWRENCE WAYNE POWELL, JR., an individual aka Lawrence W. Powell; KURT HARMAN, an individual; JONATHAN PRICE, an individual; KODIAK AMERICA, LLC, a Texas limited liability company; and BRIAN L. TIBBETTS, an individual,

Counterdefendants.

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

Plaintiff SRM-Kodiak America, LLC ("**SRM**"), by and through its undersigned counsel of record, hereby submits this Reply Memorandum[1] in Support of Plaintiff's Motion for Discovery Sanctions Against the Scott Pilling Defendants, arguing as follows:

**INTRODUCTION**

SRM emphasizes again that "[t]here is no point to a lawsuit, if it merely applies law to lies." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998). The Scott Pilling Defendants' opposition confirms their prior deceit and adds new falsehoods to escape responsibility for willfully violating this Court's order. SRM highlights only two confirmed falsehoods, and two new ones introduced in their latest filings.

- **No diligent search for the SolidWorks drawings.** In March 2026 the Scott Pilling Defendants represented that, after "a diligent search, no .slddrw SolidWorks files . . . were located." (Dkt. 160-4, Counsel Sanctions Decl. ¶ 7, Ex. D.) Scott Pilling now admits he searched only the archived files in the "completed projects folder" and "did not search the engineering working CAD folders," where 1,085 drawing files sat all along. (*See* Dkt. 163-3, Decl. of Scott Pilling ("**Pilling Opp. Decl.**") ¶¶ 4–5; Dkt. 163, Mem. in Opp'n ("**Opp.**") at 10.)
- **"Fully complied" meant knowingly withheld.** No later than the October 2025 production, the Scott Pilling Defendants' lead engineer "was aware that some SolidWorks drawing (.slddrw) files existed," and he left them out. (Dkt. 163-2, Decl. of Kenneth Randall ("**Randall Opp. Decl.**") ¶ 21; *see* Counsel Sanctions Decl. ¶ 9, Ex. C.)

[1] Consistent with Local Civil Rule 7.1(b)(3), Plaintiff's memorandum—exclusive of caption and certificate of service—is limited to 10 pages.

- **"[E]vidence was preserved" meant evidence was largely corrupted.** (Opp. at 11–12.) Although on notice to preserve these documents, these defendants now concede that more than 80% of the drawing files "may not open properly" and that IIOVIII "recreate[s]" broken drawings rather than repairing them. (Randall Opp. Decl. ¶¶ 16, 22.)
- **Scott Pilling falsely claims he learned SRM wanted drawings only in "late February 2026."** (Pilling Opp. Decl. ¶ 3.) The reality is that SRM sought *all* intellectual property in these Defendants' possession as early as the filing of the Verified Complaint (Dkt. 1), again when SRM served its first discovery requests in August 2024 (*E.g.*, Second Decl. of Counsel ("**Second Counsel Decl.**") Ex. E), a third time when SRM served a second more specific set of discovery in May 2025 (Opp. at 3–4), repeatedly in conferrals from late 2024 into 2026 (Second Counsel Decl. ¶¶ 3–6; Dkt. 160-8), and, at the latest, on September 10, 2025, when the Court ordered them to produce their native design schematics. (Dkt. 121, Native-Format Order at 1.)

These examples are only the tip of the iceberg. They show that, facing serious sanctions, the Scott Pilling Defendants are layering one deception on another. The question is no longer whether to issue sanctions, but how severe they should be. This Court has ended cases on less and should do so here. In *Hathaway*, Judge Nye entered default against a party that "cherry-pick[ed] which documents to produce" and disclosed a "critical email" in native format "four days before the retrial," holding that "[c]ase termination is the only meaningful sanction available."[2] *Hathaway*

[2] *Hathaway v. Idaho Pac. Corp.*, No. 4:15-cv-00086-DCN, 2020 WL 2858003, at *8, *15, *19–20 (D. Idaho June 2, 2020) (entering default under the court's inherent power); *see also Produce All., L.L.C. v. Sheppard Produce, Inc.*, No. 1:11-cv-00243-BLW, 2013 WL 3322626, at *3 (D. Idaho July 1, 2013) (entering default under Rule 37(b)(2)(A)(vi) where party violated records orders and the records were lost: "This is precisely the situation where Rule 37 authorizes default."); *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-cv-00519-DCN, 2020 WL 2841517, at *22 (D. Idaho June 1, 2020) (retaining non-rebuttable adverse inference for

turned on withheld emails; this case involves more than a thousand drawing files withheld for a year behind a false denial and produced only after this motion, with less than three months of fact discovery remaining, most of them now conceded to be corrupted.

## BACKGROUND

**The engineering files are at the core of the case.** SRM sued in February 2024 to stop the Scott Pilling Defendants from using its designs. (Dkt. 1.) The Court found SRM's schematics are trade secrets and enjoined use of SRM's drawings and of any design that used them "as a 'starting point.'" (Dkt. 87, PI Order at 18, 25–27.) Whether IIOVIII copied is a question its own drawing files answer, because the drawing is "the final work product in SolidWorks . . . for production." (Randall Opp. Decl. ¶ 12; Reply Decl. of David Smith ("**Smith Reply Decl.**") ¶¶ 4–5.)

**They agreed to preserve the files, and the Court ordered it.** In June 2024 the parties stipulated not to change their retention practices "except as necessary to preserve the documents identified in this Discovery Plan." (Dkt. 49 at 3.) The Scheduling Order incorporates that plan "by reference." (Dkt. 58 ¶ 4; Dkt. 157 ¶ 4.) In August 2024 SRM requested all documents concerning the Scott Pilling Defendants' efforts to manufacture snow removal equipment since 2021 and all documentation "to establish your independent development," defining "documents" to include "design drawings," "all originals," and "electronic data and metadata." (*E.g.*, Second Counsel Decl. Ex. E; *see* Dkt. 103-2, Exs. D–F.) The Court has described those requests as seeking materials "relating to the Scott Pilling Defendants' designing, manufacturing, distributing, leasing, and selling of snow blowers or snow removal machines." (Dkt. 117, Compel Order at 5.)

**The Court admonished preservation and good faith in discovery repeatedly.** It encouraged the parties to work together in discovery (PI Order at 25 n.7), warned that conduct

---

intentional destruction of physical evidence: "bad faith is not required to impose sanctions even more harsh than a non-rebuttable presumption").

contrary to its injunction and to "fair play by all parties" "will not be tolerated" (Dkt. 92 at 6), ordered the Heyburn machine preserved (Dkt. 101 at 4–5), and held that the Scott Pilling Defendants "were required to supplement their responses" (Compel Order at 6).

**SRM conferred from the start.** Beginning in November 2024, SRM's counsel conferred with opposing counsel by telephone, then asked the Scott Pilling Defendants to prioritize "all schematics, drawings, build books, parts lists." (Second Counsel Decl. ¶ 3, Ex. B.) In August 2025 SRM again sought the .slddrw files expressly in meet and confer communications, conferred again, and brought the dispute to Judge Grasham's law clerk. (*Id.* ¶ 4, Ex. C.) The September 5 production delivered STEP files "with all the digital DNA stripped away." (Dkt. 120 at 7.)

**The Court ordered production, and SRM followed up.** On September 10, 2025, the Court ordered the native design schematics produced within thirty days. (Native-Format Order at 1.) The October 2025 production contained no working drawing file. SRM promptly objected that it did not comply. (Second Counsel Decl. ¶ 6, Ex. D.) From February 16 to March 6, 2026, SRM wrote again, identified the missing files by type and extension, and asked whether they existed and, if not, what had happened to them. (Dkt. 160-8.)

**The answer: none exist.** The Scott Pilling Defendants answered that "no .drw Solidworks files were located" (Feb. 23); that they had "fully complied with the Court's Order [Dkt. 121] and have nothing to hide" (Mar. 7); and that "[f]ollowing a diligent search, no .slddrw SolidWorks files . . . were located" (Mar. 13). (*Id.*; Counsel Sanctions Decl. ¶¶ 7, 9–10, Exs. A, C, D.) Those answers rested on the clients' own search, so the falsity lies with the Scott Pilling Defendants. (Pilling Opp. Decl. ¶ 4.) Against this backdrop, the Scott Pilling Defendants, nonetheless, ask this Court to believe that the files were in fact just "located" on November 2, 2026—three weeks after this motion, and [redacted]

[redacted]. (Second Counsel Decl. Ex. A (Excerpts of Dep. of Kris Carbajal) ("**Carbajal Dep.**") at 119, 121–22.)

## ARGUMENT

### I. SRM conferred, and on these facts it owed no further conference.

#### A. SRM satisfied every conferral obligation.

The opposition says that after the October 2025 production "[n]o telephone or video conference was held among counsel or the law clerk." (Opp. at 13.) However, before then, the native drawing files were conferred on by telephone, by video conference via Microsoft Teams, before the law clerk, and at a hearing. (Second Counsel Decl. ¶¶ 3–5.) Opposing counsel confirmed the August 19, 2025, conference to the clerk in writing. (*Id.* Ex. C.) And the Court had already found that SRM "sufficiently stated its attempts to confer" on the earlier motion (Compel Order at 6). Then, after the order, SRM promptly gave written notice of noncompliance (*id.* ¶ 6, Ex. D). Indeed, Judge Grasham's posted procedures likewise recognize that "emails or letters may, in some cases, satisfy the meet and confer requirement."[3] This dispute was conferred, presented to the law clerk, briefed, argued, and decided before the order ever issued.

#### B. Rule 37(b) carries no conferral prerequisite.

Rule 37 requires a conferral certification for a motion to compel and for a motion based on a failure to respond. Fed. R. Civ. P. 37(a)(1), (d)(1)(B). Rule 37(b), "Failure to Comply with a Court Order," requires none. Local Rule 37.1 reaches motions "relating to discovery," and then only "unless exempted by an applicable rule." Dist. Idaho Loc. Civ. R. 37.1. Construing a materially identical local rule, the Ninth Circuit held that a motion "relating to sanctions pursuant

---

[3] U.S. Dist. Ct. for the Dist. of Idaho, *Magistrate Judge Debora K. Grasham: Discovery Disputes*, https://idd.uscourts.gov/district/judges/grasham/Discovery_Disputes.cfm (last visited Nov. 16, 2026) (motions-to-compel procedures, describing an in-person, telephonic, or video conference as "the best practice").

to Rule 37" is not a motion "relating to discovery" and requires no pre-motion conference. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (Rule 37(c) motion); *see* Fed. R. Civ. P. 83(a)(1).[4] The Scheduling Order's conferral provision governs "discovery motions." (Dkt. 157 ¶ 11(a), (c).) This motion seeks no discovery. It seeks sanctions for violating an order entered after the discovery motion practice ended.

**C. A party that denies the documents exist leaves nothing to confer about.**

Conferral exists "to resolve or narrow" disputes. Dist. Idaho Loc. Civ. R. 37.1. Before moving, SRM showed the Scott Pilling Defendants their own scanned prints, the one .slddrw file in their production, and title blocks naming their engineer and dating each drawing—each proof that the native files existed. (Counsel Sanctions Decl. ¶¶ 6–10, Exs. B–D; Dkt. 160-2, Smith Sanctions Decl. ¶¶ 9–19.) Still, they responded that the files did not exist and that they had "nothing to hide." A categorical denial leaves nothing to narrow—with counsel, with a law clerk, or with the Court. Their claim that a conference "would have been productive" (Opp. at 13) cannot survive their own declarations: Randall knew the files existed (Randall Opp. Decl. ¶ 21), yet they were acknowledged only after this motion and adverse testimony. Any further conferral, which no rule or order required, would have been futile.

---

[4] Courts in this Circuit apply the same rule to motions enforcing an existing discovery order. *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 324–25 (D. Ariz. 2018) ("[U]nlike Rule 37(a), Rule 37(b) does not require the moving party include a certification that the parties met and conferred prior to involving the court."); *Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*, No. 2:23-cv-01492-APG-NJK, 2026 WL 1298156, at *4 (D. Nev. May 12, 2026) ("[S]ince Defendants' motion is a Rule 37(b) motion, the meet-and-confer requirement does not apply.").

## II. The response concedes willful violation, spoliation, and continuing obstruction.

### A. Belated, partial production cures nothing; it proves the obstruction continues.

"Belated compliance with discovery orders does not preclude the imposition of sanctions." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986); *accord Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). In *Hathaway*, disclosure four days before retrial did not avert default. 2020 WL 2858003, at *8, *19–20. And this production is not even compliance.

**Most drawings remain withheld.** IIOVIII produced only drawings "relating to" the models it produced in October 2025. (Opp. at 10.) [redacted]. (Carbajal Dep. 177, 185–86, 190.) SRM has received nowhere near this many files, having recently received 1,085 drawing files related to the defendants' earlier production (Randall Opp. Decl. ¶ 22) and a few hundred pages of scanned PDF prints. (Second Counsel Decl. ¶ 8.)

**Known repositories remain unsearched.** The lone drawing file produced in 2025 came from a separate "Microsoft Teams" repository. (Randall Opp. Decl. ¶ 23.) Nothing suggests it was searched for more, and there is no certification of a complete production.

**Sales records remain withheld.** The same order required all non-email documents concerning efforts to "manufacture . . . or sell" any newly developed snow blower or snow removal machine parts or related equipment since September 2021. (Native-Format Order ¶ 2.) At a deposition following the filing of this motion, SRM learned for the first time that [redacted] (Carbajal Dep. 185, 205), yet the basic records of many of those sales appear never to have been produced. (Second Counsel Decl. ¶ 9.)

**The corruption is conceded.** [redacted] (Carbajal Dep. 113.) Now more than 80% of the drawing files "may not open properly," and IIOVIII "recreate[s]" rather than repairs them. (Randall Opp. Decl. ¶¶ 16, 22.) [redacted] (Carbajal Dep. 121.) Broken links come from user actions that are "completely avoidable." (Smith Reply Decl. ¶ 13.) And the excuse that drawings "take up space on the server" (Randall Opp. Decl. ¶ 17) fails: the entire native file set produced is only a few gigabytes, and SRM's expert has never even heard of a company that keeps its models but not its drawings. (Smith Reply Decl. ¶¶ 7–8.) Rule 37(b)(2) governs this disobedience of the order; to the extent the corrupted files "cannot be restored or replaced through additional discovery," Rule 37(e)(2) also applies, and intent may be inferred from circumstantial evidence. Fed. R. Civ. P. 37(e); *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024).

**B. Every sanction SRM requested is necessary, but none is sufficient.**

Deemed facts, a mandatory adverse inference, preclusion of the independent-design story, and fees are the minimum this record requires. (Dkt. 160 at 3–4.) But they reach only the drawing files, not the withheld PDFs, the unsearched repository, the sales records, or the opposition's new misstatements. A party that misstates the record while opposing sanctions for misstating the record will not be deterred by a jury instruction. As in *Hathaway*, "[l]esser sanctions will not restore the credibility" of a party whose assurances of compliance proved false. 2020 WL 2858003, at *19.

**C. The record warrants terminating sanctions on each claim against the Scott Pilling Defendants.**

Terminating sanctions require willfulness, bad faith, or fault and turn on five factors. *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Willfulness requires only "[d]isobedient conduct not shown to be outside the control of the litigant," *Henry v.*

*Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)), and here the engineer who withheld the files knew they existed. The first two factors favor sanctions whenever an order is violated. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The policy favoring merits decisions cannot help a party whose deception prevents one; "the most critical factor is not merely delay or docket management concerns, but truth." *Conn. Gen.*, 482 F.3d at 1097. And "[i]t is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995). The prejudice is plain: the latest production comes too late to cure it. The end of fact discovery is around the corner and the court-ordered production remains incomplete and subject to admitted spoliation. No time remains for a forensic collection of the server or restoration of the broken files. And under controlling circuit precedent, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice" for sanctions. *Adriana*, 913 F.2d at 1412. SRM's motion expressly reserved terminating sanctions (Dkt. 160 at 4), and Rule 37(b)(2) itself gives notice that default is available. *Valley Eng'rs*, 158 F.3d at 1056–57. The Scott Pilling Defendants' violations deny SRM a fair trial on each claim.

**Defend Trade Secrets Act (First Cause of Action).** Misappropriation turns on whether IIOVIII's designs came from SRM's. The native drawings' authors, dates, and title blocks are the objective record of origin (Smith Sanctions Decl. ¶ 19), as dimension placement and file metadata already show (Dkt. 130-1, Bolster Decl. ¶¶ 21–27). That record is now broken or withheld.

**Lanham Act (Second Cause of Action).** The claim turns on how the Scott Pilling Defendants marketed and sold machines built on SRM's designs. Sales records for every machine were ordered produced; for many of those machines, they appear never to have been produced.

**Civil RICO (Third Cause of Action).** The alleged scheme runs through the same designs and sales, and the Court has already found that Scott Pilling made representations to a federal customer that were, "to the Court's understanding, blatantly false." (PI Order at 19; *see id.* at 8–9.) The withheld transaction records are the proof of the pattern.

**Breach of contract (Ninth Cause of Action, against Scott Pilling).** Scott Pilling's use of SRM's confidential designs is the breach. (Dkt. 1 ¶¶ 296–99.) The files that would prove use are the files at issue.

## CONCLUSION

The Scott Pilling Defendants told SRM and the Court that the files did not exist. Their own declarations now prove that the files did exist, and that most still have not been produced. The Court should enter default against the Scott Pilling Defendants on the First, Second, and Third Causes of Action, and against Scott Pilling on the Ninth Cause of Action, and set damages for trial. Alternatively, the Court should grant the relief requested in SRM's motion: (1) deem established, under Rule 37(b)(2)(A)(i), that the native SolidWorks files corresponding to the Sawtooth snow blowers existed in the Scott Pilling Defendants' possession at all relevant times and that those files reflect that their designs were copied from or derived from SRM's; (2) in the alternative, instruct the jury in mandatory terms—under Rule 37(b)(2) and, as applicable, Rule 37(e)(2)—that the withheld files are presumed to show copying; (3) preclude the Scott Pilling Defendants, under Rule 37(b)(2)(A)(ii), from offering evidence or argument of independent design or that the native drawing files do not exist; (4) award SRM its reasonable attorney's fees and forensic and expert costs under Rule 37(b)(2)(C) and the Court's inherent power; and (5) order that belated production will not purge the violation.

DATED November 16, 2026.

PARSONS BEHLE & LATIMER

*/s/ John E. Cutler*

Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on the date given below, s/he caused to be served a copy of the foregoing *Reply Memorandum in Support of Plaintiff's Motion for Discovery Sanctions Against the Scott Pilling Defendants* upon the following persons by the method of service indicated below:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, MOLLERUP, DANIELSON & GRIEVE, PLLC<br>P.O. Box 366<br>Twin Falls, ID 83303<br>*Attorneys for Defendant Carolyn Shoemaker* | [x] CM/ECF<br>*benoitlaw@benoitlaw.com*<br>*messinger@benoitlaw.com*<br>*mollerup@benoitlaw.com* |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID 83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>*dwg@magicvalleylaw.com* |
| Mark O. Morris<br>Tara Martens Miller<br>Benjamin J. Mills<br>SNELL & WILMER, LLP<br>Key Business Center<br>702 W. Idaho Street, Ste 1100<br>Boise, ID 83702<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>*mmorris@swlaw.com*<br>*tmmiller@swlaw.com*<br>*bemills@swlaw.com* |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, CHARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID 83204-0370<br>*Attorneys for Defendant Gary Wickersham* | [x] CM/ECF<br>*pete@mrwlaw.net* |

Kyle Eric Bastian
WRIGHT BROTHERS LAW OFFICE, PLLC
P.O. Box 5678
Twin Falls, ID 83303
*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC*

[x] CM/ECF
kbastian@wrightbrotherslaw.com

Brian L. Tibbets
1411 23rd Street
Ogden, UT 84401
*Counterdefendant Pro Se*

[x] Email
btibbets@gmail.com

DATED November 16, 2026.

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph