Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for SRM-Kodiak America, LLC; Lawrence Wayne Powell, Jr.; Kurt Harman; Jonathan Price; and Kodiak America, LLC (Texas)*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Plaintiff,

vs.

BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY

Case No. 4:24-cv-00112-DCN

**REPLY DECLARATION OF DAVID SMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST THE SCOTT PILLING DEFENDANTS**

WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX,

Defendants.

---

KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC.; BAUB, LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC;

Counterclaimants,

vs.

SRM-KODIAK, AMERICA, LLC, an Idaho limited liability company, LAWRENCE WAYNE POWELL, JR., an individual aka Lawrence W. Powell; KURT HARMAN, an individual; JONATHAN PRICE, an individual; KODIAK AMERICA, LLC, a Texas limited liability company; and BRIAN L. TIBBETTS, an individual,

Counterdefendants.

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

I, David G. Smith, depose and state as follows:

1. I am over the age of eighteen and competent to testify. I make this declaration from personal knowledge and from my professional training and experience.

2. I have worked as a consulting engineer since 2011. I am the President at Alpine Engineering and Design, Inc.

3. I have reviewed the Scott Pilling Defendants' Memorandum in Opposition to Plaintiff's Motion for Discovery Sanctions (Dkt. 163) (the "Opposition" or "Opp.") and the supporting Declaration of Jordan Nielsen (Dkt. 163-1) ("Nielsen Decl."), Declaration of Kenneth Randall (Dkt. 163-2) ("Randall Decl."), and Declaration of Scott Pilling (Dkt. 163-3). This declaration responds to the engineering assertions in those filings.

4. The Opposition says the drawing files "have little to no value" because they have "no independent design history." Opp. (Dkt. 163) at 14; *see* Nielsen Decl. (Dkt. 163-1) ¶ 13; Randall Decl. (Dkt. 163-2) ¶¶ 12–13. I disagree. A drawing's geometry is linked to the 3D model, but that does not make the drawing redundant. A properly prepared engineering drawing, although two-dimensional, contains all the information needed to make the part. That is why, as Mr. Randall acknowledges, "the final work product in SolidWorks is generally a two-dimensional drawing (.slddrw) . . . file for production." Randall Decl. (Dkt. 163-2) ¶ 12.

5. Drawings also carry information that the 3D model commonly does not. Weldment and assembly drawings typically specify weld locations, weld sizes, and weld spacing. Assembly drawings contain a bill of materials identifying which parts are manufactured in-house and which are purchased. That information is not always easily determined from the 3D model.

6. The Opposition also cites testimony that "a physical paper is not the full picture of how these parts were made." Opp. (Dkt. 163) at 7 (quoting Declaration of Counsel (Dkt. 163-4) ¶ 6, Ex. 4 at 188:2–189:7). A properly prepared drawing fully defines the part in all three dimensions through its views and dimensions. A drawing that leaves the third dimension undefined is incomplete and is a poor engineering drawing.

7. Mr. Nielsen states that "it is common to archive only the three-dimensional part (.sldprt) and assembly (.sldasm) model files." Nielsen Decl. (Dkt. 163-1) ¶ 12. That has not been my experience. Apart from the Scott Pilling Defendants' assertions in this case, I am not aware of a single company that saves its CAD models but not the associated drawings. The practice is so unusual that I had never heard of a company doing it before this case.

8. Mr. Randall says drawing files are not archived because they "take up space on the server." Randall Decl. (Dkt. 163-2) ¶ 17. Storage cost does not explain the practice of not retaining drawing files. The native CAD file folder of the Scott Pilling Defendants produced SolidWorks files is about 3.31 GB. Commercial cloud storage plans offer 2 terabytes (about 2,000 GB) for roughly $10 per month, and other storage services are priced similarly. On that pricing, the files at issue would take up a small fraction of a single low-cost plan.

9. Discarding drawings is also more expensive than keeping them. Mr. Randall says IIOVIII's practice is to "recreate the drawing file rather than repairing it," Randall Decl. (Dkt. 163-2) ¶ 16, and Mr. Nielsen describes recreating drawings from the model and a PDF, Nielsen Decl. (Dkt. 163-1) ¶ 12. Recreating the drawings from existing 3D models for all the parts of a commercial snow blower would likely take an engineer or CAD drafter at least one to two weeks. At a conservative $50 per hour, one week of that work costs $2,000 ($50 × 40 hours), plus the opportunity cost of an engineer redoing old work instead of new, revenue-producing

work. The cost of an engineer recreating a single drawing is likely higher than the cost of storing all the drawings for several months. A manufacturer has no economic reason to delete or decline to keep its drawings to save storage space.

10. The Opposition attributes its file-management practices to IIOVIII's lack of SolidWorks Product Data Management ("PDM") software. Opp. (Dkt. 163) at 4, 6–8; Nielsen Decl. (Dkt. 163-1) ¶¶ 14–17; Randall Decl. (Dkt. 163-2) ¶¶ 15–17. PDM is a useful tool, but it is not required to keep drawing files or keep them working.

11. In my experience, PDM is most valuable in four situations:

a. several people work on the same model at the same time, which risks overwriting or deleting one another's work;

b. files are constantly being moved, copied, and renamed;

c. the company must track who changed a model and when, which matters most for quality assurance in mass manufacturing; and

d. formal drawing approvals and change-order approvals must be documented for quality assurance or regulatory compliance.

12. None of those situations describes IIOVIII as the record presents it.

a. I understand from the deposition of Kris Carbajal that IIOVIII had only two SolidWorks licenses. With two users, coordinating work on shared files is easily managed without PDM.

b. IIOVIII is a custom manufacturer, not a mass manufacturer; Mr. Randall states that "every new machine we manufacture is unique." Randall Decl. (Dkt. 163-2) ¶ 16. A custom manufacturer can manage its files with an organized folder structure. No PDM is needed.

c. I have seen no evidence that IIOVIII was required to document formal drawing or change-order approvals.

13. With or without PDM, there is no reason for file links to break routinely or for drawing files to go unsaved. As Mr. Nielsen explains, a drawing loses its link when the referenced model is "moved, renamed, saved over, saved outside SolidWorks, or opened where the stored location does not exist." Nielsen Decl. (Dkt. 163-1) ¶ 16. Each of those is an action a user takes, and are completely avoidable through maintenance of a basic organized file structure. In my opinion, the PDM discussion is a red herring.

14. My own firm is an example. At Alpine Engineering & Design, Inc., we have had three to five engineers working on the same model at the same time. We have changed old models and started new projects from the CAD models of earlier ones. A couple of times a year we run into a broken link or a mismanaged file, but those instances are few and far between and easy to fix when they arise. Alpine has never used PDM.

15. The Opposition and Mr. Nielsen describe reverse engineering as a common industry practice. Opp. (Dkt. 163) at 5; Nielsen Decl. (Dkt. 163-1) ¶ 8. I addressed reverse engineering in my prior declarations, and I reaffirm my prior opinions. Nothing in the Scott Pilling Defendants' latest filings supplies any evidence to show their designs are the product of reverse engineering.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed on November 16, 2026.

DocuSigned by:
David Smith
6A20E9F29A134DD...

David G. Smith, MSME, MBA, PE, CSP
President, Alpine Engineering and Design, Inc.

## CERTIFICATE OF SERVICE

The undersigned certifies that, on the date given below, s/he caused to be served a copy of the foregoing *Reply Declaration of David Smith in Support of Plaintiff's Motion for Discovery Sanctions Against the Scott Pilling Defendants* upon the following persons by the method of service indicated below:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, MOLLERUP, DANIELSON & GRIEVE, PLLC<br>P.O. Box 366<br>Twin Falls, ID 83303<br>*Attorneys for Defendant Carolyn Shoemaker* | [x] CM/ECF<br>benoitlaw@benoitlaw.com<br>messinger@benoitlaw.com<br>mollerup@benoitlaw.com |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID 83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>dwg@magicvalleylaw.com |
| Mark O. Morris<br>Tara Martens Miller<br>Benjamin J. Mills<br>SNELL & WILMER, LLP<br>Key Business Center<br>702 W. Idaho Street, Ste 1100<br>Boise, ID 83702<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | [x] CM/ECF<br>mmorris@swlaw.com<br>tmmiller@swlaw.com<br>bemills@swlaw.com |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, CHARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID 83204-0370<br>*Attorneys for Defendant Gary Wickersham* | [x] CM/ECF<br>pete@mrwlaw.net |

| | |
|---|---|
| Kyle Eric Bastian<br>WRIGHT BROTHERS LAW OFFICE, PLLC<br>P.O. Box 5678<br>Twin Falls, ID 83303<br>*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC* | [x] CM/ECF<br>*kbastian@wrightbrotherslaw.com* |
| Brian L. Tibbets<br>1411 23rd Street<br>Ogden, UT 84401<br>*Counterdefendant Pro Se* | [x] Email<br>btibbets@gmail.com |

DATED November 16, 2026.

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph