# EXHIBIT B

**Kenna Burgie**

---

**From:** John E. Cutler
**Sent:** Wednesday, December 18, 2024 10:34 AM
**To:** Kyle Bastian
**Cc:** Daniel Biddulph
**Subject:** Prioritizing Supplemental Production

Kyle,

I'm following through on our discussion with respect to Scott Pilling and his related entities discovery responses. In pushing to get the information below produced, my clients are not waiving their specific objections to your clients' not providing the additional responsive information called for under the requests that has not been produced. My clients continue to assert that the generic objections that your clients propounded are inappropriate and result in the waiver of any specific objections that were not included with the original responses.

That said, to keep the production process moving forward, the relevance of the following information cannot be disputed and should be produced as soon as possible. If you anticipate taking more than 14 days to supplement with this information, please let me know so that we can meet and confer with respect to a longer delay.

1. All schematics, drawings, build books, parts lists, or other intellectual property associated with the "2024 Sawtooth L52 Self Contained Snow Blower" referenced in the Purchase Order issued to Sawtooth Industrial LLC by Honnen Equipment with PO# A53880, as reflected in sealed Exhibit 4 to the Declaration of Shane Pierce (Dkt. 64-43) in support of SRM's motion for preliminary injunction. It is understood that these documents will be marked attorney eyes only under the protective order.
2. All schematics, drawings, build books, parts lists, or other intellectual property associated with the "Sawtooth L44 snowblower" referenced in the email from Scott Pilling to Mariah Schumacher of the NPS on July 3, 2024, *see* NPS000126. It is understood that these documents will be marked attorney eyes only under the protective order.
3. The "addy.pdf" attachment to SP&E00123 needs to be specifically identified and produced, so that we have a complete copy of the email intact.
4. There are many attachments identified in the emails at SP&E00148-49 that appear to be related to gearboxes that Scott and his companies wanted Elecon to manufacture. These design specification attachments must be produced. An attorney eyes only designation is appropriate.
5. The draft consultancy contracts referenced in SP&E00184 to 188 must be produced.
6. All Contact information for the entities identified in response to Interrogatory No. 9 to Scott and the entities. Specifically, the response identifies companies but provides no contact information, and that information should have been provided, and should now be supplemented for each of the following:
    a. Blue Sun Manufacturing
    b. Foremaster Tool
    c. Crestview Machine
    d. Staley Machine
    e. RSW Machining
    f. Intermountain Fabrication
    g. S&K Machine Inc.
    h. Relentless Machine
    i. Far West Steel
    j. Reliance, Inc.

7. The native quickbooks files with administrator level access for Intermountain Living, LLC, IIOVIII Precision, LLC, and Sawtooth Industrial, LLC. It is understood that these documents will be marked attorney eyes only under the protective order.
8. All correspondence and contracts between January 1, 2021 and the end of July 2023 through which Scott purchased or otherwise acquired used industrial snow removal equipment, including specific identifying information for the machines, such as the VIN for the loader on which the machines were mounted, if any.
9. All documents reflecting transactions between or among any of the defendants to this lawsuit.

If you have any questions on this, please reach out to me as soon as possible so that we can keep the supplemental production moving forward.

Thanks,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

**Kenna Burgie**

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Friday, December 20, 2024 12:58 PM
**To:** John E. Cutler
**Cc:** Daniel Biddulph
**Subject:** RE: Prioritizing Supplemental Production

**This Message Is From an External Sender**
This message came from outside your organization.
Report Suspicious

John,

This email confirms that we are working on the production of items 1, 2, and 4 through 6 (identified below). With respect to item 3, there is no attachment to SP&E00123. Although there is an "addy.pdf" attachment to SP&E00124, this attachment was previously produced as SP&E00125 and will not be reproduced.

With respect to items 7 through 9, we do, in fact, dispute the relevance of the requested information and reaffirm our previous objections. These are overbroad, general, blanket requests that do not appear to comply with FRCP 26 or the Discovery Plan. We will need to meet and confer on this at some point.

I am out of the office on a previously scheduled vacation from December 24 through January 2, so we are unable to supplement within 14 days. As noted above, we are working on the production of items 1, 2, and 4 through 6. I anticipate producing this information around mid-January. Thanks.

-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Wednesday, December 18, 2024 10:34 AM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>
**Subject:** Prioritizing Supplemental Production

Kyle,

I'm following through on our discussion with respect to Scott Pilling and his related entities discovery responses. In pushing to get the information below produced, my clients are not waiving their specific objections to your clients' not providing the additional responsive information called for under the requests that has not been produced. My clients continue to assert that the generic objections that your clients propounded are inappropriate and result in the waiver of any specific objections that were not included with the original responses.

That said, to keep the production process moving forward, the relevance of the following information cannot be disputed and should be produced as soon as possible. If you anticipate taking more than 14 days to supplement with this information, please let me know so that we can meet and confer with respect to a longer delay.

1. All schematics, drawings, build books, parts lists, or other intellectual property associated with the "2024 Sawtooth L52 Self Contained Snow Blower" referenced in the Purchase Order issued to Sawtooth Industrial LLC by Honnen Equipment with PO# A53880, as reflected in sealed Exhibit 4 to the Declaration of Shane Pierce (Dkt. 64-43) in support of SRM's motion for preliminary injunction. It is understood that these documents will be marked attorney eyes only under the protective order.
2. All schematics, drawings, build books, parts lists, or other intellectual property associated with the "Sawtooth L44 snowblower" referenced in the email from Scott Pilling to Mariah Schumacher of the NPS on July 3, 2024, *see* NPS000126. It is understood that these documents will be marked attorney eyes only under the protective order.
3. The "addy.pdf" attachment to SP&E00123 needs to be specifically identified and produced, so that we have a complete copy of the email intact.
4. There are many attachments identified in the emails at SP&E00148-49 that appear to be related to gearboxes that Scott and his companies wanted Elecon to manufacture. These design specification attachments must be produced. An attorney eyes only designation is appropriate.
5. The draft consultancy contracts referenced in SP&E00184 to 188 must be produced.
6. All Contact information for the entities identified in response to Interrogatory No. 9 to Scott and the entities. Specifically, the response identifies companies but provides no contact information, and that information should have been provided, and should now be supplemented for each of the following:
    a. Blue Sun Manufacturing
    b. Foremaster Tool
    c. Crestview Machine
    d. Staley Machine
    e. RSW Machining
    f. Intermountain Fabrication
    g. S&K Machine Inc.
    h. Relentless Machine
    i. Far West Steel
    j. Reliance, Inc.
7. The native quickbooks files with administrator level access for Intermountain Living, LLC, IIOVIII Precision, LLC, and Sawtooth Industrial, LLC. It is understood that these documents will be marked attorney eyes only under the protective order.
8. All correspondence and contracts between January 1, 2021 and the end of July 2023 through which Scott purchased or otherwise acquired used industrial snow removal equipment, including specific identifying information for the machines, such as the VIN for the loader on which the machines were mounted, if any.
9. All documents reflecting transactions between or among any of the defendants to this lawsuit.

If you have any questions on this, please reach out to me as soon as possible so that we can keep the supplemental production moving forward.

Thanks,

John

PARSONS BEHLE & LATIMER

A Professional
Law Corporation

**John E. Cutler**
Attorney at Law
**Parsons Behle & Latimer**
350 Memorial Drive, Suite 300 • Idaho Falls, Idaho 83402
Main +1 208.522.6700 • Direct +1 208.528.5223

**parsonsbehle.com** • JCutler@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.