# EXHIBIT C

**Kenna Burgie**

**From:** John E. Cutler
**Sent:** Tuesday, August 12, 2025 10:50 AM
**To:** L Thompson
**Cc:** Kyle Bastian; Daniel Biddulph; Gabe Davis; Leah Trahan; Kenna Burgie; Reagan Mortensen
**Subject:** Meet and Confer Conference - SRM Kodiak Litigation

Lauri,

Opposing counsel has refused to follow through on prior commitments for supplemental production on core issues in the case regarding, among many other things, (1) non-email documents pertaining to the defendants' business dealings in the industrial snow removal market, and (2) production of the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date.

Today, SRM learned that the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter. In SRM's view, Defendants' refusal to participate in good faith efforts to meet and confer is inconsistent with both the federal rules and the local rules of this court. Defendants justify their refusal to participate in the meet and confer process on SRM's specific objections to further e-mail related searches. Specifically, SRM has objected to further email discovery on account of a lack of proportionality, relevance, and extensive prior e-mail/e-discovery review and production that has eaten up the presumptive limit for e-discovery in the case. It is SRM's position that the Scott Pilling Defendants are free to bring their dispute over SRM's e-discovery objection to the law clerk for further discussion if needed. But withdrawing from the meet and confer process on all matters related to SRM's discovery is not an acceptable option for the defendants.

Ultimately, the Defendants' failure to follow through on prior commitments to supplement production, arising from both prior written discovery responses and meet and confer conferences, will imminently prejudice SRM in its ability to get the information necessary in time to conduct depositions this fall. And without swift resolution to this issue, SRM will be forced to seek further extension of the schedule to address the dilatory conduct of the Scott Pilling defendants.

To address these issues, SRM asks for the earliest available time for a law clerk conference.

Thank you,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law • Shareholder
Idaho Falls • Direct +1 208.528.5223

**Kenna Burgie**

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Wednesday, August 20, 2025 5:40 PM
**To:** L Thompson; John E. Cutler
**Cc:** Daniel Biddulph; Gabe Davis
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation
**Attachments:** Response to First Set of Discovery Requests to Scott Pilling.pdf; 2025-05-27 Answers and Responses to 2nd Set of Discovery Requests to SRM-Kodiak America, LLC.pdf

**This Message Is From an External Sender**
This message came from outside your organization.
Report Suspicious

Lauri,

I am wide open on the afternoon of Aug. 26th. I can make any time work between 1:00 pm and 4:30 pm.

My summary of the issues is as follows:

1. On August 28, 2024, SRM served its first sets of discovery requests to the Scott Pilling Defendants. Included in those requests were several extremely broad interrogatories and requests for production. Attached is our Response to First Set of Discovery Requests to Scott Pilling dated October 18, 2024 (separate responses for Sawtooth Industrial, LLC and IIOVIII Precision, LLC were served simultaneously), in which we objected to those interrogatories and requests for production because they were ambiguous, not relevant to any party's claim or defense, not proportional to the needs of this case, and otherwise outside the scope of permissible discovery under Rule 26. In short, we were unable to determine exactly what information was being sought. SRM did not specifically take issue with those responses until June 24, 2025. As I understand SRM's position, SRM is requesting that the Scott Pilling Defendants produce all digital files relating to any snow removal product, even those with no particular bearing on this litigation. Our position has consistently been that these blanket requests are inappropriate, but we are willing to address requests on a machine-by-machine basis. During my meet and confer call with Mr. Cutler on August 19, 2025, we committed to produce native digital files for the L40 Prototype, and address whether responsive files exist with respect to other machines identified by Mr. Cutler (L52, NPS machines, Split Pack machines), by September 5, 2025. However, SRM continues to maintain the position that all digital files relating to any snow removal product must be produced, despite overwhelming evidence submitted by the Scott Pilling Defendants in declarations establishing that they did not, in fact, use any of SRM's proprietary/confidential information in designing the L40 or any other product.

2. On April 4, 2025, we served our Second Set of Discovery Requests to SRM-Kodiak America, LLC. Included in those requests was Request for Production No. 25, a request for email correspondence and attachments that specifically identified the search terms and time frame in compliance with the Discovery Plan. To date, SRM has not produced any documents whatsoever in response to RFP No. 25. Attached are the Answers and Responses to Second Set of Discovery Requests to SRM-Kodiak America, LLC dated May 27, 2025. SRM raises what amounts to a proportionality objection based on the Discovery Plan, asserting that its attorneys have spent roughly 140 hours of the 160-hour presumptive limit on e-discovery available to all of the defendants. During my meet and confer call with Mr. Cutler on August 19, 2025, I made a proposal to significantly narrow the search terms to include just 5 of 11 individuals (Grant Flaharty, Wayne Powell, Jonathan Price, John Stokes, and Tyler Groves) and 6 of 24 search terms (Idaho Norland, Independent Contractor Agreement, Kodiak Northwest, Paul facility/building/shop, Simplot, and Trevor Kunz), as an initial step and in an effort to reduce the time and burden of production. Mr. Cutler declined to

accept that proposal or make any other concession on behalf of SRM. As I understand SRM's position, SRM still maintains that it will not produce any documents whatsoever in response to RFP No. 25.

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

*********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Wednesday, August 20, 2025 3:34 PM
**To:** jcutler_parsonsbehle_com <jcutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Mr. Cutler –

Thank you for your email with the date/time and the summary of issues from Plaintiff.

Mr. Bastian –

Please let everyone know your available time on either Aug. 26 or 27, and provide Defendants' summary of the issues by **Thursday, August 21, 2025 at noon (MT)**.

Thank you,
Lauri

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 19, 2025 5:23 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

I'm open anytime in the 8:30 a.m. to 4:30 p.m. window you propose on the 26th and 27th – so hopefully Kyle can propose a time that works best for his schedule.

As for the summary of the issues. SRM's perspective follows below.

> I believe much of the dispute centers on the substance of the prior submissions (outside the issue of a lack of conferral which is now resolved). At its core, the issue for Plaintiff rests on the scope of production and the timing of production from the Scott Pilling Defendants. The core of Plaintiff's case against the Scott Pilling Defendants is the industrial snow removal equipment they are manufacturing, designing, servicing, and selling is (1) directly copied from SRM's trade secret designs or (2) modified using SRM's trade secret designs as the starting point. This core assertion is factually supported by SRM's computer forensics expert that provided evidence in support of the preliminary injunction, the entry of the injunction, and the entry of the TRO against the Scott Pilling Defendants. Given the evidence-supported assertion that **all** of the Scott Pilling Defendants industrial snow removal designs are in violation of SRM's rights—SRM has propounded discovery to further prove its claim by obtaining **all** of these files from the Scott Pilling Defendants through its discovery served last year. Through initial meet and confer efforts that began last fall, the parties tried to work through a process to obtain some of the information as a starting point, so that SRM might corroborate its arguments as a basis for obtaining the full scope of what it reasonably requested. But, unfortunately, a year later SRM still does not have any of the digital files (formats identified in prior correspondence) for any of the machines. SRM is understanding of the challenges faced by a small firm like that of Scott Pilling's counsel, and SRM is willing to continue to work on the manner and timing of production. But this willingness to move at a slower pace and through a piecemeal approach (as compared to getting all of the data at once) needs to result in a dramatically different schedule than the one entered at this time. As indicated it has been a year and SRM still does not have any of the digital files encompassed in its original request. Once it obtains some of those files, as anticipated, it will need to review them and then justify to the Scott Pilling Defendants (and potentially this Court) that these files reflect what SRM anticipates (that the files are copies or modified versions of SRM's files). And based on that further production of all the remaining files would need to proceed. And this is only touching on the digital solid works design files. SRM also has outstanding discovery on non-email documents evidencing the Scott Pilling Defendants business operations in the industrial snow removal space—including invoices, purchase orders, text messages, receipts, contracts, etc. And receipt of these files is necessary so that SRM may propound narrow, focused, and very targeted email discovery that is not unduly burdensome and broad. Again, SRM respects that for a smaller firm handling a complex matter with substantial responsive documents at issue—this process can take time. And SRM is willing to be flexible with respect to the time it takes to obtain this information. But the substantial additional time it is taking needs to be added into the schedule and there needs to be some kind of clear accountability for the Scott Pilling Defendants to follow through in making progress in completing this initial discovery (issued a year ago)—as receipt of this discovery is essential to issuing appropriate email discovery. As SRM understands it, the Scott Pilling Defendants believe that SRM's requests are too broad despite the evidence presented at the injunction to substantiate the appropriateness of the broad scope of discovery in this case. And the Scott Pilling Defendants at the same time do not want to see the schedule extended. These high level issues and the associated balancing act between the pace of discovery and the length of discovery would benefit from a law clerk conference.
>
> I'll let Kyle flesh out anything specific that he would like to add on the above, or as to what I understand the issue for his clients to be. But my understanding is that the Scott Pilling Defendants take issue with SRM's

objection to conducting additional email discovery given the roughly $70,000 and counting they have spent on e-discovery to date, spanning 140 plus hours of attorney and paralegal time, and thousands of pages of production. SRM's view is that the Scott Pilling Defendants have exhausted the proportionate scope of email discovery, their remaining requests are also not likely to generate relevant evidence on any issue material to the case. And to the extent SRM is obligated to conduct any additional e-discovery, it should be limited to requests made by other parties that have only recently propounded discovery (or others who may issue discovery but haven't done so now).

Best,

John

PARSONS BEHLE & LATIMER

**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Tuesday, August 19, 2025 4:21 PM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Counsel -

Thank you for your email and for the update. The Court appreciates very much the parties efforts at conferring.

I am available on August 26 and 27 any time between 8:30 am and 4:30 pm. Please let me know the date/time that is best for all counsel, and how you would like to host the conference call.

Also, can each side please provide a brief description of the discovery issues to be discussed by replying to all in this email?

Thank you again,
Lauri

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 19, 2025 4:01 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>

**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Kyle and I have reviewed the Court's decision. And we have met and conferred today in an effort to resolve the outstanding issues in discovery and there are still significant matters we aren't able to agree on with respect to the scope and timing of discovery. We'd appreciate an opportunity to discuss these matters with you in trying to move forward with the discovery process. Kyle and I have significant availability on August 26th or 27th. So please advise if there are potential times on one of those days that would work to have the call.

Thank you,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Friday, August 15, 2025 1:17 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Lauri,

I would appreciate if we can get a meet and confer scheduled for Wednesday—anytime except the times of 2pm to 4pm is available for Plaintiff's counsel.

We will carefully review the Court's order as soon as we receive it. And we will likewise connect with opposing counsel to further our efforts to meet and confer before Wednesday. But the issues involved are separate from the matter before the Court on the motion to compel. And we have already lost months in hopes/belief that the Defendants would fulfill their obligations as they had promised in our prior meet and confer discussions and in their discovery responses. We simply cannot wait any longer without jeopardizing the schedule.

Best,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Friday, August 15, 2025 1:01 PM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>

**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Counsel –

Thank you both for your emails and taking the time to provide me with your respective positions.

The Court will be issuing a decision on Plaintiff's motion to compel shortly, possibly today. (Dkt. 103). To the extent the dispute conveyed in the emails below relate to the motion to compel, the Court's order may address some or all of those issues. The Court's preference is for the parties to review the forthcoming order, and then to confer and attempt to reach agreements on discovery issues where possible. As to any disputed issues that remain, I am generally available for a conference call with counsel next week Monday, Tuesday, and Wednesday from 8am-11am and 2pm – 5pm.

Thank you,
Lauri

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Thursday, August 14, 2025 10:43 AM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Whether in a call or through other means, my clients would appreciate the opportunity to respond to the assertions by the Scott Pilling Defendants below.

Thank you,

John

PARSONS BEHLE & LATIMER
**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Thursday, August 14, 2025 10:37 AM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; John E. Cutler <JCutler@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Lauri,

Mr. Cutler's assertion that we have "refused to follow through on prior commitments for supplemental production" is simply incorrect. On June 30, 2025, we served our Response to Second Set of Discovery Requests to Sawtooth Industrial, LLC; Response to Second Set of Discovery Requests to IIOVIII Precision, LLC; and Response to Third Set of Discovery Requests to Scott Pilling. In those responses, we indicated that Sawtooth, IIOVIII, and Mr. Pilling were compiling and would produce responsive digital files relating to the L40 Prototype within their possession, custody, or control. As I indicated to Mr. Cutler via email on August 11, 2025: "we are in the process of compiling responsive digital files relating to the L40 Prototype (most or all of which were already produced 6/30/2025 in pdf format, I might add). We expect to produce those digital files via supplemental production shortly." We are unaware of any other prior commitments for supplemental production.

Mr. Cutler's assertion that "the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter" is likewise incorrect. It is SRM, in fact, that has recently refused to participate in meet and confer efforts on outstanding matters. On April 4, 2025, the Scott Pilling Defendants served their Second Set of Discovery Requests to SRM-Kodiak America, LLC. Included in those requests was Request for Production No. 25, a request for email correspondence and attachments that specifically identified the search terms and time frame in compliance with the Discovery Plan. To date, SRM has failed and refused to produce any documents whatsoever in response to our RFP No. 25 (originally served more than one month before SRM served its latest discovery requests to our clients on May 9, 2025). On June 26, 2025, Mr. Cutler and I participated in a meet and confer call to address, among other things, SRM's continuing non-response to our RFP No. 25. On July 3, 2025, Mr. Cutler sent me a follow-up email reiterating SRM's refusal to produce any documents whatsoever in response to RFP No. 25, asserting that his firm had "spent roughly 140 hours of the 160 hour presumptive limit on e-discovery available to all of the defendants collectively for e-discovery against [SRM]."

On August 1, 2025, Mr. Cutler requested my availability for another meet and confer call. On August 7th, I replied that my earliest availability for a call would be Tuesday, August 12th, and that we would need to add SRM's continuing non-response to RFP No. 25 to the agenda. On August 8th, Mr. Cutler replied: "I'll send a teams invite for Tuesday at 10:00 a.m. But we won't be addressing any issues on your side until your client has fully complied with the many outstanding items that have been promised but not delivered." On August 11th, I replied, in part: "If your position continues to be that you are unwilling to simultaneously meet and confer in good faith regarding your client's continuing non-response RFP No. 25, then we have nothing to discuss tomorrow." In response, Mr. Cutler reaffirmed SRM's refusal to simultaneously meet and confer in good faith regarding SRM's continuing non-response to RFP No. 25. Accordingly, the call did not occur.

To be clear, the Scot Pilling Defendants remain ready, willing, and able to participate in the meet and confer process in good faith, so long as SRM reciprocates.

-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107

(208) 733-1669 (fax)
www.wrightbrotherslaw.com

**********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

**********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Wednesday, August 13, 2025 2:38 PM
**To:** jcutler_parsonsbehle_com <jcutler@parsonsbehle.com>
**Cc:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Mr. Bastian –

Please provide a brief response to Mr. Culter's email by replying to all in this email, by 12:00 p.m. (MT) tomorrow, August 14, 2025.

The Court will advise the parties as to how it will proceed thereafter.

Thank you,
Lauri

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 12, 2025 10:50 AM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Leah Trahan <LTrahan@parsonsbehle.com>; Kenna Burgie <KBurgie@parsonsbehle.com>; Reagan Mortensen <RMortensen@parsonsbehle.com>
**Subject:** Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Opposing counsel has refused to follow through on prior commitments for supplemental production on core issues in the case regarding, among many other things, (1) non-email documents pertaining to the defendants'

business dealings in the industrial snow removal market, and (2) production of the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date.

Today, SRM learned that the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter. In SRM's view, Defendants' refusal to participate in good faith efforts to meet and confer is inconsistent with both the federal rules and the local rules of this court. Defendants justify their refusal to participate in the meet and confer process on SRM's specific objections to further e-mail related searches. Specifically, SRM has objected to further email discovery on account of a lack of proportionality, relevance, and extensive prior e-mail/e-discovery review and production that has eaten up the presumptive limit for e-discovery in the case. It is SRM's position that the Scott Pilling Defendants are free to bring their dispute over SRM's e-discovery objection to the law clerk for further discussion if needed. But withdrawing from the meet and confer process on all matters related to SRM's discovery is not an acceptable option for the defendants.

Ultimately, the Defendants' failure to follow through on prior commitments to supplement production, arising from both prior written discovery responses and meet and confer conferences, will imminently prejudice SRM in its ability to get the information necessary in time to conduct depositions this fall. And without swift resolution to this issue, SRM will be forced to seek further extension of the schedule to address the dilatory conduct of the Scott Pilling defendants.

To address these issues, SRM asks for the earliest available time for a law clerk conference.

Thank you,

John

PARSONS BEHLE & LATIMER
A Professional Law Corporation

**John E. Cutler**
Attorney at Law
**Parsons Behle & Latimer**
350 Memorial Drive, Suite 300 • Idaho Falls, Idaho 83402
Main +1 208.522.6700 • Direct +1 208.528.5223

parsonsbehle.com • JCutler@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Kyle E. Bastian [ISB No. 10059]
WRIGHT BROTHERS LAW OFFICE, PLLC
1440 Blue Lakes Blvd. N., Suite A
P.O. Box 5678
Twin Falls, ID 83303-5678
Telephone No. (208) 733-3107
Fax No. (208) 733-1669
E-mail: kbastian@wrightbrotherslaw.com

*Attorneys for Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., and Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, and Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, and individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE | Case No. 4:24-cv-00112-DCN<br><br>**RESPONSE TO FIRST SET OF DISCOVERY REQUESTS TO SCOTT PILLING** |

ENTITY DEFENDANTS I-XX,

Defendants.

SCOTT PILLING, an individual,

Counterclaimant,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

BREK PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; and PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

COMES NOW Defendant / Counterclaimant Scott Pilling ("Scott" herein), by and through his attorney Kyle E. Bastian of Wright Brothers Law Office, PLLC, and, pursuant to Federal Rule of Civil Procedure 26(a), District Local Rule Civ. 26.2, and the *Discovery Plan* [Dkt. No. 49], submits this *Response to First Set of Discovery Requests to Scott Pilling*.

## PRELIMINARY STATEMENT

Pursuant to the Federal Rules of Civil Procedure, any documents, information, or tangible objects falling within or constituting any of the following categories are protected against disclosure and will not be disclosed herein:

1. Those that are privileged, within the meaning of Federal Rule of Civil Procedure 26;

2. Those that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, or otherwise outside the scope of discovery permitted by Federal Rule of Civil Procedure 26(b);

3. Electronically stored information that is not reasonably accessible because of undue burden or cost, within the meaning of Federal Rule of Civil Procedure 26(b)(2)(B);

4. The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, within the meaning of Federal Rule of Civil Procedure 26(b)(2)(C)(i);

5. The party seeking discovery has had ample opportunity to obtain the information by discovery in the action, within the meaning of Federal Rule of Civil Procedure 26(b)(2)(C)(ii);

6. Those prepared in anticipation of litigation or for trial by or for Scott or Scott's representatives, attorneys, consultants, or agents, in accordance with Federal Rule of Civil Procedure 26(b)(3)(A);

7. Those constituting the mental impressions, conclusions, opinions, or legal theories of Scott's attorneys or representatives concerning the litigation, in accordance with Federal Rule of Civil Procedure 26(b)(3)(B); and

8. Those not in Scott's possession, custody, or control, within the meaning of Federal Rule of Civil Procedure 34(a).

Additionally, Scott objects to any statement by Plaintiff / Counterdefendant SRM-Kodiak America, LLC ("SRM" herein) that SRM's discovery requests herein are deemed continuing. The continuing

nature of discovery and Scott's duty to supplement are governed by Federal Rule of Civil Procedure 26(e). Scott reserves the right to supplement the answers and responses herein in accordance with Federal Rule of Civil Procedure 26(e).

Subject to the above-referenced preliminary statement, Scott answers and responds as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify any and all email accounts you have used since January 1, 2021.

**ANSWER TO INTERROGATORY NO. 1:** Scott objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objection and subject to it, Scott has used the following email accounts: scottisp3@gmail.com; scott_pilling@outlook.com; spiml@outlook.com; scott@sawtoothindustrial.com; spilling@iioviiiprecision.com; scott@kodiakamerica.us; spilling@srm-mfg.com.

**INTERROGATORY NO. 2:** Identify all entities you have had a membership or ownership interest in from January 1, 2021, to present, including the entity's name and your percentage interest in it.

**ANSWER TO INTERROGATORY NO. 2:** Scott objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objection and subject to it, Scott has an interest in Sawtooth Industrial, LLC, IIOVIII Precision, LLC, Intermountain Living, LLC, and

KAST Technologies LLC.

**INTERROGATORY NO. 3:** Describe in detail all communications you were involved with, aware of, or participated in regarding designing, manufacturing, distributing, leasing, or selling snow removal equipment anywhere in the world, for, on behalf of, or with the assistance of any of the defendants named in the Complaint, or any other entity owned or controlled by a defendant named in the Complaint.

**ANSWER TO INTERROGATORY NO. 3:** Scott objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, Scott cannot recall all communications that may be responsive to this interrogatory. Scott is generally aware of communications involving Scott, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC, in addition to communications involving customers and vendors thereof. *See also* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**INTERROGATORY NO. 4:** Describe in detail all communications you were involved with, aware of, or participated in concerning or involving Elecon Group of Companies ("Elecon"), including your communications with Sawtooth Industrial, LLC, Brek Pilling, or Elecon's employees, agents, representatives, or any other person or persons acting on Elecon's behalf, from January 1, 2021 to present, including where those communications took place and who was involved.

**ANSWER TO INTERROGATORY NO. 4:** Scott objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not

proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, Scott cannot recall all communications that may be responsive to this interrogatory. Scott has communicated with Elecon regarding potential arrangements and opportunities relating to snow removal equipment, drilling equipment, and sub-components for industrial equipment. In February 2024, Scott visited Elecon in India on behalf of Sawtooth Industrial, LLC to discuss potential arrangements and opportunities in India. To date, such discussions have been hypothetical in nature, no contract or agreement has been executed, and no work has been performed by Sawtooth Industrial, LLC or Elecon. Scott is generally aware of communications among himself, Brek Pilling, and Elecon regarding potential arrangements and opportunities relating to drilling equipment. *See also* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**INTERROGATORY NO. 5:** Describe in detail all efforts you are aware of to direct SRM's customers and other consumers of snow blower or snow removal machines or services related thereto to purchase such goods and services from any of the named defendants in the Complaint.

**ANSWER TO INTERROGATORY NO. 5:** Objection. The term "SRM's customers," as defined in this interrogatory, is vague, ambiguous, and potentially misleading. Scott further objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, Scott lacks sufficient knowledge and information to fully answer this interrogatory. Scott is, however, aware of efforts made by Sawtooth Industrial, LLC to direct consumers of

snow blower machines, snow removal machines, and related services to purchase goods and services from Sawtooth Industrial, LLC. *See also* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**INTERROGATORY NO. 6:** Identify all Confidential Information and Intellectual Property, including SRM's engineering drawings, proprietary data, concepts, designs, research, customer information, supplier information, and service providers, that you have possessed or currently possess, and the description of the Confidential Information or Intellectual Property and where you previously stored or are currently storing the Confidential Information or Intellectual Property.

**ANSWER TO INTERROGATORY NO. 6:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this interrogatory, are vague, ambiguous, and potentially misleading. Moreover, this interrogatory seeks the disclosure of information outside Scott's possession, custody, and control. Without waiving such objections and subject to them, Scott is unaware of any responsive information. Scott is, however, aware of various documents and files that were left at the building located at 50 E Ellis St, Paul, ID 83347, in or about early 2022. Such documents and files are currently in the possession of Scott's counsel and include the following: 8 small floppy disc containers labeled "left from 2021 buyout"; 1 large plastic container labeled "left in building from 2021 buyout"; 6 cardboard boxes labeled "paperwork left behind in building after buyout 2021" or similar; and 16 binders with various labels. Such documents and files do not appear to be property of SRM, but rather property of Kodiak Northwest, Inc. and/or Idaho Norland Corporation. Upon information and belief, SRM did not acquire and/or abandoned such documents and files. *See* documents produced herewith.

**INTERROGATORY NO. 7:** For the period of January 1, 2021, to present, identify any

and all devices that you have used to transmit, receive, copy, store, or view any Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property.

**ANSWER TO INTERROGATORY NO. 7:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this interrogatory, are vague, ambiguous, and potentially misleading. Without waiving such objection and subject to it, Scott is unaware of any responsive information relating to the confidential information or intellectual property of SRM. *See Initial Disclosures of Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC* dated July 3, 2024.

**INTERROGATORY NO. 8:** For the period of January 1, 2021, to present, identify with specificity all mediums you have used to transmit, send, receive, copy, store, or view any Confidential Information including, for example, emails, text messages, file-sharing services (e.g., Google Drive, ShareFile, etc.), cloud-based services, instant messaging services (e.g., Slack, What's App), or social media.

**ANSWER TO INTERROGATORY NO. 8:** Objection. The term "Confidential Information," as defined in this interrogatory, is vague, ambiguous, and potentially misleading. Without waiving such objection and subject to it, Scott is not aware of any responsive information. Scott is, however, aware of several Kodiak Northwest, Inc. and/or Idaho Norland Corporation schematics left at the building located at 50 E Ellis St, Paul, ID 83347 he sent by email from scott@sawtoothindustial.com. *See also* documents produced herewith.

**INTERROGATORY NO. 9:** For the period of January 1, 2021, to present, identify any and all persons with whom you have engaged in communication that related in any way to

Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property being transmitted, sent, displayed, or otherwise disseminated.

**ANSWER TO INTERROGATORY NO. 9:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this interrogatory, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, Scott is not aware of any responsive information relating to the confidential information or intellectual property of SRM. Scott is, however, generally aware of communications and information exchanged between Sawtooth and its own customers and vendors. Scott is also aware of several Kodiak Northwest, Inc. and/or Idaho Norland Corporation schematics left at the building located at 50 E Ellis St, Paul, ID 83347 he sent by email to the following: Christensen Machine, Inc., Blue Sun Manufacturing, Foremaster Tool, Crestview Machine, Staley Machine, RSW Machining, Intermountain Fabrication, S&K Machine Inc., Relentless Machine, Far West Steel, and Reliance, Inc. *See also* Answer to Interrogatory No. 8, *Initial Disclosures of Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC* dated July 3, 2024 and documents produced herewith.

**INTERROGATORY NO. 10:** With respect to each person identified in response to Interrogatory No. 9, identify, at a minimum, 1) the medium(s) used for the communication (e.g., text message, email, etc.); 2) the date on which the Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property was disseminated; 3) the device used to disseminate the information, if any; 4) the identification of

the participants to the communication; and 5) a detailed description of the disseminated Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property.

**ANSWER TO INTERROGATORY NO. 10:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this interrogatory, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this interrogatory seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, *see* Answers to Interrogatory Nos. 8–9, *Initial Disclosures of Defendants Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC* dated July 3, 2024, and documents produced herewith

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications that you identified in response to the interrogatories above, or that you referred to or relied upon in preparing your responses to such interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Scott objects to the extent this requests seeks the disclosure of information protected by the attorney-client and/or work product privileges. Without waiving such objection and subject to it, *see* documents produced herewith.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, information, and communications from January 1, 2021, to present involving SRM's existing, previous, or prospective customers, including but not limited conversations between you and those customers. This shall include the above-described information with any person or entity

interested or involved in the sale, service, or manufacture of industrial snow removal and similar equipment throughout the world.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 2</u>:** Scott objects to the extent this request seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Scott further objects to the extent this request seeks the disclosure of information outside Scott's possession, custody, and control. Without waiving such objections and subject to them, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:** Produce all documents, information, and communications concerning efforts among you, Elecon, Brek Pilling, Sawtooth Industrial, LLC, BAUB LLC, Kodiak America, Intermountain Living LLC, or IIOVIII Precision, LLC to service, or cause to be serviced, manufacture or cause to be manufactured, or to sell or cause to be sold, snow blower or snow removal machines, parts, or related equipment anywhere in the world from September 29, 2021, to present.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:** Scott objects to the extent this request seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Scott further objects to the extent this request seeks the disclosure of information outside Scott's possession, custody, and control. Without waiving such objections and subject to them, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:** Produce all documents, information, and

communications that contain, describe, identify, refer to, or relate to any Confidential Information, Intellectual Property, or other information owned by SRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the disclosure of information outside the possession, custody, and control of Scott. Without waiving such objections and subject to them, Scott is not aware of any responsive information.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents, information, and communications that describe, identify, refer to, relate to, or evidence any instances in which you accessed or otherwise interacted with Confidential Information or Intellectual Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the disclosure of information outside the possession, custody, and control of Scott. Without waiving such objections and subject to them, Scott is not aware of any responsive information.

**REQUEST FOR PRODUCTION NO. 6:** Produce documents sufficient to identify any and all devices in your possession or control that store or have stored any Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the disclosure of information outside Scott's possession, custody, and control. Without waiving

such objections and subject to them, *see* Answer to Interrogatory No. 7, documents previously produced as SP&E 00001–00059, and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents, information, and communications concerning representations you have made to SRM's customers and others in the marketplace communicating that you or any other defendant named in the Lawsuit is or was associated with "Kodiak" or the "Original Kodiak," including but not limited to any communications that you (or the named defendants) are the only ones able to service, upgrade, manufacture, or maintain Kodiak snow removal machines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** *See* documents previously produced as SP&E 00001–00059.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents, information, and communications concerning Purchase Order 140P8423P0020 with the National Park Service ("NPS"), which involves the $53,109.32 contract awarded to SRM to perform upgrades to a Kodiak America blower gear box on a machine used at Lassen Volcanic National Park.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** *See* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents, information, and communications concerning your interactions with Christensen Machine, Inc. from January 1, 2021, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** *See* documents produced herewith.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents, information, and communications concerning or involving Elecon, including your communications with Sawtooth

Industrial, LLC, Brek Pilling, or Elecon's employees, agents, representatives, or any other person or persons acting on Elecon's behalf, from January 1, 2021, to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Scott objects to the extent this request seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Scott further objects to the extent this request seeks the disclosure of information outside Scott's possession, custody, and control. Without waiving such objections and subject to them, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 11:** Subject to the protective order, produce as attorney-eyes-only all documents, information, and communications concerning Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property that you (or any entity you work for or own an interest in) use or reference to manufacture, service, or upgrade snow blower and/or snow removal machines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, *see* documents produced herewith.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents, information, and communications in any way related to federal Contract ID 140P8323P0065 with the National Park Service, any Confidential Information, Intellectual Property, Your Alleged Confidential

Information, or Your Alleged Intellectual Property responsive to this request should be produced attorney-eyes-only consistent with the stipulated protective order. Specifically, the documents produced should include any schematics, parts lists, supplier information, or any other proprietary information related to bidding for and fulfilling this contract.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 13 [*sic*]:** Produce all documents, information, and communications in any way related to federal Contract ID 140P8524P0061 with the National Park Service, any Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property responsive to this request should be produced attorney-eyes-only consistent with the stipulated protective order. Specifically, the documents produced should include any schematics, parts lists, supplier information, or any other proprietary information related to the "Sawtooth L44 snowblower" and the associated loader, as identified in the questions and answers for this federal contract (as well as any other similar information in any way related to fulfilling this contract).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Objection. The terms "Confidential Information" and "Intellectual Property," as defined in this request, are vague, ambiguous, and potentially misleading. Scott further objects to the extent this request seeks the

disclosure of information not relevant to any party's claim or defense, not proportional to the needs of this case, and/or otherwise outside the scope of permissible discovery under F.R.C.P. 26. Without waiving such objections and subject to them, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 14 [*sic*]:** Produce all documents, information, and communications concerning your Independent Contractor Agreement with SRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** *See* documents previously produced as SP&E 00001–00059 and documents produced herewith.

**REQUEST FOR PRODUCTION NO. 15 [*sic*]:** Produce all non-privileged documents, information, and communications concerning this Lawsuit, including with respect to SRM's claims and your defenses and counterclaims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Scott objects to the extent this request seeks the disclosure of information outside the possession, custody, and control of Scott. Without waiving such objection and subject to it, *see* documents previously produced as SP&E 00001–00059 and documents produced herewith.

DATED this 18th day of October, 2024.

WRIGHT BROTHERS LAW OFFICE, PLLC

By: */s/ Kyle E. Bastian*
Kyle E. Bastian
*Attorneys for Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC*

# VERIFICATION

I, Scott Pilling, declare that, to the best of my knowledge, information, and belief, the foregoing *Response to First Set of Discovery Requests to Scott Pilling* is true and correct under penalty of perjury under the laws of the United States of America.

Executed on this 18th day of October, 2024.

DocuSigned by:
Scott Pilling
889C9EC053E64C5...

Scott Pilling

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of October, 2024, I caused a true and correct copy of the foregoing document to be served on the following parties or counsel via electronic means as follows:

John E. Cutler
Daniel Biddulph
PARSONS BEHLE & LATIMER
*Attorneys for Plaintiff SRM-Kodiak America, LLC*
E-mail: jcutler@parsonsbehle.com
dbiddulph@parsonsbehle.com

Bren E. Mollerup
BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC
*Attorneys for Defendant Carolyn Shoemaker*
E-mail: mollerup@benoitlaw.com

David W. Gadd
STOVER, GADD & ASSOCIATES, PLLC
*Attorneys for Defendants Brek Pilling; Kodiak America, LLC; Kodiak Northwest, Inc.; BAUB LLC; and PFT Enviro Investments, LLC*
E-mail: dwg@magicvalleylaw.com

Mark O. Morris
Benjamin J. Mills
SNELL & WILMER, LLP
*Attorneys for Defendants Brek Pilling; Kodiak America, LLC; Kodiak Northwest, Inc.; BAUB LLC; and PFT Enviro Investments, LLC*
E-mail: mmorris@swlaw.com
bemills@swlaw.com

Marty R. Anderson
SMITH WOOLF ANDERSON & WILKINSON, PLLC
*Attorneys for Defendant Budget Truck Center, LLC*
E-mail: marty@eastidaholaw.net

Peter M. Wells
MAY, RAMMELL & WELLS, CHARTERED
*Attorneys for Defendant Gary Wickersham*
E-mail: pete@mrwlaw.net

Kim J. Trout
TROUT LAW, PLLC
*Attorneys for Defendant Lurene Dille*
E-mail: ktrout@trout-law.com

Defendant Arthur Sadampi Yamada
E-mail: rideinxs@gmail.com

*/s/ Kyle E. Bastian*

Kyle E. Bastian
*Attorneys for Scott Pilling, Sawtooth Industrial, LLC, IIOVIII Precision, LLC, and Intermountain Living, LLC*

Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an | Case No. 4:24-cv-00112-DCN<br><br>**ANSWERS AND RESPONSES TO SECOND SET OF DISCOVERY REQUESTS TO SRM-KODIAK AMERICA, LLC** |

individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX

Defendants.

---

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant,

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant.

---

COMES NOW, Plaintiff/Counterdefendant, by and through its counsel of record, Parsons Behle & Latimer, and hereby answers and responds to Defendants/Counterclaimants Scott Pilling, Sawtooth Industrial, LLL [sic], IIOVIII Precision, LLC, and Intermountain Living, LLC's Second Set Discovery Requests to SRM-Kodiak America, LLC, as follows:

## PRELIMINARY STATEMENT & GENERAL OBJECTIONS

In responding to these discovery requests, Plaintiff/Counterdefendant ("Plaintiff") has furnished information that is presently available, which may include hearsay and other information that is not relevant or admissible in evidence. Accordingly, Plaintiff reserves all objections. Plaintiff has not completed an investigation of the facts relating to this case or discovery in this action and has not completed preparation for trial. Plaintiff's responses herein are based only upon the diligent inquiry of persons and investigation of information and documents which are presently and specifically known to Plaintiff at this time. If additional information is subsequently discovered that would require a change in any response herein, these responses will be amended as may be appropriate. The following responses are given without prejudice to Plaintiff's rights to produce or disclose evidence of any subsequently discovered facts or documents.

The assertion of similar or additional objections or the provision of partial responses does not waive any of Plaintiff's general objections. Further, Plaintiff specifically refers to and incorporates by reference the following general objections into each response herein:

1. Plaintiff generally objects to Defendants' requests to the extent any request seeks information or documents regarding any subject matter(s) that is irrelevant to this action and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence.

2. Plaintiff generally objects to Defendants' requests to the extent any request attempts to impose obligations upon Plaintiff that are different from or in addition to those obligations imposed by the Federal Rules of Civil Procedure or Orders of the Court in this specific matter.

3. Plaintiff generally objects to Defendants' requests to the extent any request seeks information or documents that are protected from disclosure by the attorney-client privilege, attorney work-product doctrine, or any other relevant privilege or protection. Plaintiff expressly

reserves all such privileges, and specifically does not waive any privileges or protections by responding to any discovery request herein.

4. Plaintiff generally objects to any factual and/or legal contentions, characterizations, or definitions made within Defendants' discovery requests. Plaintiff does not hereby admit, adopt or acquiesce to any factual or legal contention, assertion, characterization or definition contained within Defendants' discovery requests.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 18:** Please produce complete copies of all employment agreements and offer letters between Grant Flaharty, on the one hand, and SRM-Kodiak America, LLC or Double L, on the other hand, including without limitation all exhibits, attachments, addendums, modifications, and amendments thereto.

**RESPONSE:** See SRM057270-72.SRM continues to compile documents and to review for responsiveness, and will supplement its response if additional, non-privileged documents in its possession, custody, or control, are located.

**REQUEST FOR PRODUCTION NO. 19:** Please produce complete copies of all PowerPoint presentations and related documents prepared in whole or in part by Grant Flaharty located on or in: (1) SRM-Kodiak America, LLC's servers; (2) Mr. Flaharty's company-issued Hewlett Packard Engineering Model Z laptop; (3) Mr. Flaharty's company-issued iPad; (4) any filing cabinet(s) located in Mr. Flaharty's office at the time of his departure from SRM in or about August 2022; and/or (5) any Dropbox account(s) controlled by Jonathan Price.

**RESPONSE:** SRM objects that the request is vague, ambiguous, overbroad, and unduly burdensome as to "related documents." It is not clear what documents are being sought. Further, to the extent Request for Production No. 19 seeks e-mail communications, it is not consistent with

the Discovery Plan and therefore SRM is not obligated to review or produce e-mails in response to this request.

Subject to and without waiving its objections, see SRM056853-57268. SRM continues to compile documents and to review for responsiveness, and will supplement its response if additional, non-privileged documents in its possession, custody, or control, are located.

**REQUEST FOR PRODUCTION NO. 20:** Please produce complete copies of all "board books" and related documents prepared in whole or in part by Grant Flaharty located on or in: (1) SRM-Kodiak America, LLC's servers; (2) Mr. Flaharty's company-issued Hewlett Packard Engineering Model Z laptop; (3) Mr. Flaharty's company-issued iPad; (4) any filing cabinet(s) located in Mr. Flaharty's office at the time of his departure from SRM in or about August 2022; and/or (5) any Dropbox account(s) controlled by Jonathan Price.

**RESPONSE:** SRM objects that the request is vague, ambiguous, overbroad, and unduly burdensome as to "related documents." It is not clear what documents are being sought. Further, to the extent Request for Production No. 20 seeks e-mail communications or attachments thereto, it is not consistent with the Discovery Plan and therefore SRM is not obligated to review or produce e-mails in response to this request.

Subject to and without waiving its objections, see SRM056853-57268. SRM continues to compile documents and to review for responsiveness, and will supplement its response if additional, non-privileged documents in its possession, custody, or control, are located.

**REQUEST FOR PRODUCTION NO. 21:** Please produce complete copies of all handwritten notes prepared in whole or in part by Grant Flaharty located on or in: (1) SRM- Kodiak America, LLC's servers; (2) Mr. Flaharty's company-issued Hewlett Packard Engineering Model Z laptop; (3) Mr. Flaharty's company-issued iPad; (4) any filing cabinet(s) located in Mr.

Flaharty's office at the time of his departure from SRM in or about August 2022; and/or (5) any Dropbox account(s) controlled by Jonathan Price.

**<u>RESPONSE</u>:** SRM objects that this request is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it seeks documents that are irrelevant to this action. Subject to and without waiving the foregoing objection, SRM has conducted a search for documents responsive to Request for Production No. 21. At this time, SRM has not located any responsive documents and does not believe any responsive documents exist. If, in the course of investigation, SRM discovers any responsive non-privileged documents within its possession, custody, or control, it will produce those documents.

**<u>REQUEST FOR PRODUCTION NO. 22</u>:** Please produce all recordings of the phone call referenced on Page 116, Lines 3-4 of John Stokes's deposition transcript dated December 4, 2024.

**<u>RESPONSE</u>:** SRM objects to the request for "all recordings" to the extent it requests documents outside of SRM's possession or control or to the extent it asks for duplicate copies of a recording.

Subject to and without waiving its objections, see SRM 57269; *see also* SRM 52961.

**<u>REQUEST FOR PRODUCTION NO. 23</u>:** Please produce a complete copy of the anonymous letter referenced on Page 287, Line 5 of John Stokes's deposition transcript dated December 4, 2024, and any documents relating thereto.

**<u>RESPONSE</u>:** SRM objects that the request is vague, ambiguous, overbroad, and unduly burdensome as to "any documents relating thereto." It is not clear what documents are being sought. To the extent Request for Production No. 23 seeks e-mail communications be produced, it

is not consistent with the Discovery Plan and therefore SRM is not obligated to review or produce e-mails in response to this request.

Subject to and without waiving the foregoing objections, see SRM 56852.

**REQUEST FOR PRODUCTION NO. 24:** Please produce complete copies of all non-disclosure agreements between SRM-Kodiak America, LLC, on the one hand, and any supplier of SRM-Kodiak America, LLC, on the other hand, entered since January 1, 2021, including without limitation all exhibits, attachments, addendums, modifications, and amendments thereto. It is understood that the foregoing will be produced as Attorney Eyes Only pursuant to the Stipulated Protective Order.

**RESPONSE:** SRM is compiling responsive documents and will produce nonprivileged documents within its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:** For the time period from January 1, 2021 through the present, please produce all email correspondence and attachments received by, sent from, or involving any of the email accounts known by you to belong to Grant Flaharty, Wayne Powell, Jonathan Price, John Stokes, Angelina Henry, Trevor Rice, Shane Pierce, Jody Young, Eric Smith, Tyler Groves, and/or Brian Tibbets, referencing, including, or relating to any of the following search terms:

a. Chang Industrial;
b. Christensen;
c. Conam;
d. Elecon;
e. FAA Vancouver;
f. Honnen;
g. Idaho Norland;
h. IIOVIII;
i. Independent Contractor Agreement;
j. Intermountain Living;
k. India;

l. Intermountain Living;
m. Israel;
n. Jackson Hole;
o. Kodiak Northwest;
p. Lassen;
q. Price Gregory;
r. Paul facility/building/shop;
s. RDO Equipment;
t. Sawtooth Industrial;
u. Scott Pilling;
v. Simplot;
w. Trevor Kunz;
x. Wolf Creek.

**RESPONSE:** SRM objects to the Defendants' failure to abide by the requirements of the Discovery Plan to the extent they seek the production of e-mail. Under the Discovery plan section V(h), the parties have agreed that "general ESI production requests . . . shall not include e-mail or other forms of electronic correspondence (collectively 'e-mail')." Dkt. 49 at 7. "To obtain e-mail parties must propound specific e-mail production requests." *Id.* And the form of e-mail production requests must "identify the search terms and time frame" and there must be a meet and confer effort between the parties "to identify the proper search terms and proper time frame." *Id.*

Defendants have failed to meet and confer to identify the proper search terms and proper time frame for this request. Thus, SRM is under no obligation to respond to this request at this time. Further, SRM specifically asserts that there are many gigabytes of data comprising the potentially responsive information and in excess of 500,000 digital documents encompassed within its database, including more than 200,000 e-mail documents (not including attachments) ingested into SRM's discovery review platform. It is with an express eye towards this high volume of data that the parties previously agreed to specific parameters for e-mail discovery, and the Court ordered compliance with these parameters. The Scott Pilling Defendants alone have burned through more than half of the Defendants' collective ESI discovery time under the Court's 160

hour presumptive limit for "time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection" using the search methodology agreed upon with the Scott Pilling Defendants to be effectively designed and efficiently conducted. As such, SRM insists on the Defendants' compliance with the previously ordered requirements (specifically, the meet and confer requirement) as a prerequisite to any obligation by SRM to review and produce e-mail communications.

Finally, SRM specifically objects that this request is overbroad and unduly burdensome and will require narrowing in order to be proportional to the needs of the case. SRM also objects to the extent any responsive emails contain attorney-client privileged documents or protected work product.

**REQUEST FOR PRODUCTION NO. 26:** Please produce all documents, including electronically stored information, received by you or your counsel in response to the records subpoenas served on or about March 7, 2025 on Reliance Steel & Aluminum Co., Farwest Steel Corporation, Barclay Truck Rebuilders, Inc., Relentless Machining LLC, SAAL Consulting Corp., fka S&K Machine, Incorporated, Intermountain Fabrication, L.L.C., Blue Sun Products, LLC, dba Blue Sun Manufacturing, RSW Reverse Engineering & Machining, L.L.C., Staley Machine, Inc., Crestview Machine Shop, LLC, and/or Foremaster Tool Company.

**RESPONSE:** To the extent Request for Production No. 26 seeks e-mail communications be produced, it is not consistent with the Discovery Plan and therefore SRM is not obligated to review or produce e-mails in response to this request. Any of SRM's non-email, responsive, non-privileged communications, to the extent they are relevant and proportional to the needs of this case and within SRM's possession, custody, or control, will be produced as kept in the ordinary

course of business.

Subject to and without waiving its objections, *see* BLUESUN 000001-8, Crestview 000001-12, IMF 000001-11, RM 000001-11, RSW_000001-9, SKMachine 000001-5, SRM 056111-56852, Staley_000001-6. SRM has not received responses to all subpoenas served on or about March 7, 2025, and will supplement this response accordingly once responses are received.

**REQUEST FOR PRODUCTION NO. 27:** Please produce all documents, including electronically stored information, referencing, including, or relating to any of the allegations set forth in the Declaration of Trevor Kunz attached to your Rejection of Rule 68 Offer of Judgment, dated March 27, 2025.

**RESPONSE:** SRM objects that the request is vague, ambiguous, overbroad, and unduly burdensome with respect to "all documents . . . referencing, including, or relating to any of the allegations" in the Declaration. It is not clear what documents are being sought. SRM further objects to the extent Request for Production No. 27 requests documents and information outside of SRM's possession or control.

Further, to the extent Request for Production No. 27 seeks e-mail communications be produced, it is not consistent with the Discovery Plan and therefore SRM is not obligated to review or produce e-mails in response to this request. Any of SRM's non-email, responsive, non-privileged communications, to the extent they are relevant and proportional to the needs of this case and within SRM's possession, custody, or control, will be produced as kept in the ordinary course of business.

Subject to and without waiving its objections, SRM directs Defendants to the exhibits attached to the Declaration of Trevor Kunz, which was provided with the March 27, 2025, rejection of Rule 68 Offer of Judgment. SRM continues to compile documents and to review for

responsiveness, and will supplement its response if additional, non-privileged documents in its possession, custody, or control, are located.

DATED this 27th day of May, 2025.

PARSONS BEHLE & LATIMER

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

## VERIFICATION

I declare that I have reviewed the foregoing *Answers and Responses to Second Set of Discovery Requests to SRM-Kodiak America, LLC* and that the facts and statements contained therein are true to the best of my knowledge and belief.

DATED May 27, 2025.

SRM-KODIAK AMERICA, LLC

DocuSigned by:

FEB4A978AA29472...

John Stokes

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May, 2025, I caused a true and correct copy of the foregoing document to be served on counsel for the party of interest via email, as follows:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, ALEXANDER, MOLLERUP & DANIELSON, PLLC<br>P.O. Box 366<br>Twin Falls, ID 83303<br>*Attorneys for Defendant Carolyn Shoemaker* | benoitlaw@benoitlaw.com |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID 83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | dwg@magicvalleylaw.com |
| Kyle Eric Bastian<br>WRIGHT BROTHERS LAW OFFICE, PLLC<br>P.O. Box 5678<br>Twin Falls, ID 83303<br>*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC* | kbastian@wrightbrotherslaw.com |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, CHARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID 83204-0370<br>*Attorneys for Defendant Gary Wickersham* | pete@mrwlaw.net |
| Mark O. Morris<br>Tara Martens Miller<br>Benjamin J. Mills<br>SNELL & WILMER, LLP<br>Key Business Center<br>702 W. Idaho Street, Ste 1100<br>Boise, ID 83702 | mmorris@swlaw.com<br>tmmiller@swlaw.com<br>bemills@swlaw.com |

*Attorneys for Defendants Brek Pilling, Baub, LLC, Kodiak America, LLC, The Pilling Family Trust, PFT Enviro Investments, Kodiak Northwest, Inc., and Brek Pilling as Trustee of the Pilling Family Trust*

Kim J. Trout
Alyssa Jones
TROUT LAW, PLLC
3778 N. Plantation River Drive, Ste 101
Boise, ID 83703
*Attorneys for Defendant Lurene Dille*

ktrout@trout-law.com
ajones@trout-law.com
service@trout-law.com

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

**Kenna Burgie**

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Wednesday, August 20, 2025 9:44 PM
**To:** Kyle Bastian
**Cc:** John E. Cutler; Daniel Biddulph; Gabe Davis
**Subject:** Re: Meet and Confer Conference - SRM Kodiak Litigation

**This Message Is From an External Sender**
This message came from outside your organization.
Report Suspicious

Kyle,

Thank you for your email and summary.

All counsel,

Let's plan on a telephone conference on August 26 at 1:00 pm (MT).
I am out of the office tomorrow and Friday. Does anyone have the ability to arrange/host the conference call?

Thank you,
Lauri

On Aug 20, 2025, at 5:40 PM, Kyle Bastian <kbastian@wrightbrotherslaw.com> wrote:

**CAUTION - EXTERNAL:**

Lauri,

I am wide open on the afternoon of Aug. 26th. I can make any time work between 1:00 pm and 4:30 pm.

My summary of the issues is as follows:

1. On August 28, 2024, SRM served its first sets of discovery requests to the Scott Pilling Defendants. Included in those requests were several extremely broad interrogatories and requests for production. Attached is our Response to First Set of Discovery Requests to Scott Pilling dated October 18, 2024 (separate responses for Sawtooth Industrial, LLC and IIOVIII Precision, LLC were served simultaneously), in which we objected to those interrogatories and requests for production because they were ambiguous, not relevant to any party's claim or defense, not proportional to the needs of this case, and otherwise outside the scope of permissible discovery under Rule 26. In short, we were unable to

determine exactly what information was being sought. SRM did not specifically take issue with those responses until June 24, 2025. As I understand SRM's position, SRM is requesting that the Scott Pilling Defendants produce all digital files relating to any snow removal product, even those with no particular bearing on this litigation. Our position has consistently been that these blanket requests are inappropriate, but we are willing to address requests on a machine-by-machine basis. During my meet and confer call with Mr. Cutler on August 19, 2025, we committed to produce native digital files for the L40 Prototype, and address whether responsive files exist with respect to other machines identified by Mr. Cutler (L52, NPS machines, Split Pack machines), by September 5, 2025. However, SRM continues to maintain the position that all digital files relating to any snow removal product must be produced, despite overwhelming evidence submitted by the Scott Pilling Defendants in declarations establishing that they did not, in fact, use any of SRM's proprietary/confidential information in designing the L40 or any other product.

2. On April 4, 2025, we served our Second Set of Discovery Requests to SRM-Kodiak America, LLC. Included in those requests was Request for Production No. 25, a request for email correspondence and attachments that specifically identified the search terms and time frame in compliance with the Discovery Plan. To date, SRM has not produced any documents whatsoever in response to RFP No. 25. Attached are the Answers and Responses to Second Set of Discovery Requests to SRM-Kodiak America, LLC dated May 27, 2025. SRM raises what amounts to a proportionality objection based on the Discovery Plan, asserting that its attorneys have spent roughly 140 hours of the 160-hour presumptive limit on e-discovery available to all of the defendants. During my meet and confer call with Mr. Cutler on August 19, 2025, I made a proposal to significantly narrow the search terms to include just 5 of 11 individuals (Grant Flaharty, Wayne Powell, Jonathan Price, John Stokes, and Tyler Groves) and 6 of 24 search terms (Idaho Norland, Independent Contractor Agreement, Kodiak Northwest, Paul facility/building/shop, Simplot, and Trevor Kunz), as an initial step and in an effort to reduce the time and burden of production. Mr. Cutler declined to accept that proposal or make any other concession on behalf of SRM. As I understand SRM's position, SRM still maintains that it will not produce any documents whatsoever in response to RFP No. 25.

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

********************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

********************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Wednesday, August 20, 2025 3:34 PM
**To:** jcutler_parsonsbehle_com <jcutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Mr. Cutler –

Thank you for your email with the date/time and the summary of issues from Plaintiff.

Mr. Bastian –

Please let everyone know your available time on either Aug. 26 or 27, and provide Defendants' summary of the issues by **Thursday, August 21, 2025 at noon (MT)**.

Thank you,
Lauri

<image001.jpg>

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403
<image002.jpg>

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 19, 2025 5:23 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

I'm open anytime in the 8:30 a.m. to 4:30 p.m. window you propose on the 26th and 27th – so hopefully Kyle can propose a time that works best for his schedule.

As for the summary of the issues. SRM's perspective follows below.

> I believe much of the dispute centers on the substance of the prior submissions (outside the issue of a lack of conferral which is now resolved). At its core, the issue for Plaintiff rests on the scope of production and the timing of production from the Scott Pilling Defendants. The core of Plaintiff's case against the Scott Pilling Defendants is the industrial snow removal equipment they are manufacturing, designing, servicing, and selling is (1) directly copied from SRM's trade secret designs or (2) modified using SRM's trade secret designs as the starting point. This core assertion is factually supported by SRM's computer forensics expert that provided evidence in support of the preliminary injunction, the entry of the injunction, and the entry of the TRO against the Scott Pilling Defendants. Given the evidence-supported assertion that **<u>all</u>** of the Scott Pilling Defendants industrial snow

removal designs are in violation of SRM's rights—SRM has propounded discovery to further prove its claim by obtaining **all** of these files from the Scott Pilling Defendants through its discovery served last year. Through initial meet and confer efforts that began last fall, the parties tried to work through a process to obtain some of the information as a starting point, so that SRM might corroborate its arguments as a basis for obtaining the full scope of what it reasonably requested. But, unfortunately, a year later SRM still does not have any of the digital files (formats identified in prior correspondence) for any of the machines. SRM is understanding of the challenges faced by a small firm like that of Scott Pilling's counsel, and SRM is willing to continue to work on the manner and timing of production. But this willingness to move at a slower pace and through a piecemeal approach (as compared to getting all of the data at once) needs to result in a dramatically different schedule than the one entered at this time. As indicated it has been a year and SRM still does not have any of the digital files encompassed in its original request. Once it obtains some of those files, as anticipated, it will need to review them and then justify to the Scott Pilling Defendants (and potentially this Court) that these files reflect what SRM anticipates (that the files are copies or modified versions of SRM's files). And based on that further production of all the remaining files would need to proceed. And this is only touching on the digital solid works design files. SRM also has outstanding discovery on non-email documents evidencing the Scott Pilling Defendants business operations in the industrial snow removal space—including invoices, purchase orders, text messages, receipts, contracts, etc. And receipt of these files is necessary so that SRM may propound narrow, focused, and very targeted email discovery that is not unduly burdensome and broad. Again, SRM respects that for a smaller firm handling a complex matter with substantial responsive documents at issue—this process can take time. And SRM is willing to be flexible with respect to the time it takes to obtain this information. But the substantial additional time it is taking needs to be added into the schedule and there needs to be some kind of clear accountability for the Scott Pilling Defendants to follow through in making progress in completing this initial discovery (issued a year ago)—as receipt of this discovery is essential to issuing appropriate email discovery. As SRM understands it, the Scott Pilling Defendants believe that SRM's requests are too broad despite the evidence presented at the injunction to substantiate the appropriateness of the broad scope of discovery in this case. And the Scott Pilling Defendants at the same time do not want to see the schedule extended. These high level issues and the associated balancing act between the pace of discovery and the length of discovery would benefit from a law clerk conference.

I'll let Kyle flesh out anything specific that he would like to add on the above, or as to what I understand the issue for his clients to be. But my understanding is that the Scott Pilling Defendants take issue with SRM's objection to conducting additional email discovery given the roughly $70,000 and counting they have spent on e-discovery to date, spanning 140 plus hours of attorney and paralegal time, and thousands of pages of production. SRM's view is that the Scott Pilling Defendants have exhausted the proportionate scope of email discovery, their remaining requests are also not likely to generate relevant evidence on any issue material to the case. And to the extent SRM is obligated to conduct any additional e-discovery, it should be limited to requests made by other parties that have only recently propounded discovery (or others who may issue discovery but haven't done so now).

Best,

John

<image003.png>
**John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Tuesday, August 19, 2025 4:21 PM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Counsel -

Thank you for your email and for the update. The Court appreciates very much the parties efforts at conferring.

I am available on August 26 and 27 any time between 8:30 am and 4:30 pm. Please let me know the date/time that is best for all counsel, and how you would like to host the conference call.

Also, can each side please provide a brief description of the discovery issues to be discussed by replying to all in this email?

Thank you again,
Lauri

<image001.jpg>
Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403
<image002.jpg>

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 19, 2025 4:01 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Kyle and I have reviewed the Court's decision. And we have met and conferred today in an effort to resolve the outstanding issues in discovery and there are still significant matters we aren't able to agree on with respect to the scope and timing of discovery. We'd appreciate an opportunity to discuss these matters with you in trying to move forward with the discovery process. Kyle and I

have significant availability on August 26th or 27th. So please advise if there are potential times on one of those days that would work to have the call.

Thank you,

John

<image003.png> **John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Friday, August 15, 2025 1:17 PM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Lauri,

I would appreciate if we can get a meet and confer scheduled for Wednesday—anytime except the times of 2pm to 4pm is available for Plaintiff's counsel.

We will carefully review the Court's order as soon as we receive it. And we will likewise connect with opposing counsel to further our efforts to meet and confer before Wednesday. But the issues involved are separate from the matter before the Court on the motion to compel. And we have already lost months in hopes/belief that the Defendants would fulfill their obligations as they had promised in our prior meet and confer discussions and in their discovery responses. We simply cannot wait any longer without jeopardizing the schedule.

Best,

John

<image003.png> **John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Friday, August 15, 2025 1:01 PM
**To:** John E. Cutler <JCutler@parsonsbehle.com>; Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Counsel –

Thank you both for your emails and taking the time to provide me with your respective positions.

The Court will be issuing a decision on Plaintiff's motion to compel shortly, possibly today. (Dkt. 103). To the extent the dispute conveyed in the emails below relate to the motion to compel, the

Court's order may address some or all of those issues. The Court's preference is for the parties to review the forthcoming order, and then to confer and attempt to reach agreements on discovery issues where possible. As to any disputed issues that remain, I am generally available for a conference call with counsel next week Monday, Tuesday, and Wednesday from 8am-11am and 2pm – 5pm.

Thank you,
Lauri

<image001.jpg>

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403
<image002.jpg>

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Thursday, August 14, 2025 10:43 AM
**To:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Whether in a call or through other means, my clients would appreciate the opportunity to respond to the assertions by the Scott Pilling Defendants below.

Thank you,

John

<image003.png> | **John E. Cutler**
Attorney at Law
Direct +1 208.528.5223

---

**From:** Kyle Bastian <kbastian@wrightbrotherslaw.com>
**Sent:** Thursday, August 14, 2025 10:37 AM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; John E. Cutler <JCutler@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Lauri,

Mr. Cutler's assertion that we have "refused to follow through on prior commitments for supplemental production" is simply incorrect. On June 30, 2025, we served our Response to Second Set of Discovery Requests to Sawtooth Industrial, LLC; Response to Second Set of Discovery Requests to IIOVIII Precision, LLC; and Response to Third Set of Discovery Requests to Scott Pilling. In those responses, we indicated that Sawtooth, IIOVIII, and Mr. Pilling were compiling and would produce responsive digital files relating to the L40 Prototype within their possession, custody, or control. As I indicated to Mr. Cutler via email on August 11, 2025: "we are in the process of compiling responsive digital files relating to the L40 Prototype (most or all of which were already produced 6/30/2025 in pdf format, I might add). We expect to produce those digital files via supplemental production shortly." We are unaware of any other prior commitments for supplemental production.

Mr. Cutler's assertion that "the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter" is likewise incorrect. It is SRM, in fact, that has recently refused to participate in meet and confer efforts on outstanding matters. On April 4, 2025, the Scott Pilling Defendants served their Second Set of Discovery Requests to SRM-Kodiak America, LLC. Included in those requests was Request for Production No. 25, a request for email correspondence and attachments that specifically identified the search terms and time frame in compliance with the Discovery Plan. To date, SRM has failed and refused to produce any documents whatsoever in response to our RFP No. 25 (originally served more than one month before SRM served its latest discovery requests to our clients on May 9, 2025). On June 26, 2025, Mr. Cutler and I participated in a meet and confer call to address, among other things, SRM's continuing non-response to our RFP No. 25. On July 3, 2025, Mr. Cutler sent me a follow-up email reiterating SRM's refusal to produce any documents whatsoever in response to RFP No. 25, asserting that his firm had "spent roughly 140 hours of the 160 hour presumptive limit on e-discovery available to all of the defendants collectively for e-discovery against [SRM]."

On August 1, 2025, Mr. Cutler requested my availability for another meet and confer call. On August 7th, I replied that my earliest availability for a call would be Tuesday, August 12th, and that we would need to add SRM's continuing non-response to RFP No. 25 to the agenda. On August 8th, Mr. Cutler replied: "I'll send a teams invite for Tuesday at 10:00 a.m. But we won't be addressing any issues on your side until your client has fully complied with the many outstanding items that have been promised but not delivered." On August 11th, I replied, in part: "If your position continues to be that you are unwilling to simultaneously meet and confer in good faith regarding your client's continuing non-response RFP No. 25, then we have nothing to discuss tomorrow." In response, Mr. Cutler reaffirmed SRM's refusal to simultaneously meet and confer in good faith regarding SRM's continuing non-response to RFP No. 25. Accordingly, the call did not occur.

To be clear, the Scot Pilling Defendants remain ready, willing, and able to participate in the meet and confer process in good faith, so long as SRM reciprocates.

-Kyle

Kyle E. Bastian
Wright Brothers Law Office, PLLC
P.O. Box 5678
Twin Falls, Idaho 83303-5678
(208) 733-3107
(208) 733-1669 (fax)
www.wrightbrotherslaw.com

*******************************************
We inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party any transaction or matter addressed herein.

*******************************************
This message and any attachments may be protected by the attorney/client privilege. If you believe that it has been sent to you in error, do not read, copy or distribute it. Please reply to the sender that you have received the message in error and then delete it. Thank you.

---

**From:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Sent:** Wednesday, August 13, 2025 2:38 PM
**To:** jcutler_parsonsbehle_com <jcutler@parsonsbehle.com>
**Cc:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>
**Subject:** RE: Meet and Confer Conference - SRM Kodiak Litigation

Mr. Bastian –

Please provide a brief response to Mr. Culter's email by replying to all in this email, by 12:00 p.m. (MT) tomorrow, August 14, 2025.

The Court will advise the parties as to how it will proceed thereafter.

Thank you,
Lauri

<image001.jpg>

Lauri Thompson
Staff Attorney for Hon. Debora K. Grasham
U.S. Courts, District of Idaho
lauri_thompson@id.uscourts.gov
(208) 334-9403
<image002.jpg>

---

**From:** John E. Cutler <JCutler@parsonsbehle.com>
**Sent:** Tuesday, August 12, 2025 10:50 AM
**To:** L Thompson <Lauri_Thompson@id.uscourts.gov>
**Cc:** Kyle Bastian <kbastian@wrightbrotherslaw.com>; Daniel Biddulph <DBiddulph@parsonsbehle.com>; Gabe Davis <GDavis@parsonsbehle.com>; Leah Trahan <LTrahan@parsonsbehle.com>; Kenna Burgie <KBurgie@parsonsbehle.com>; Reagan Mortensen <RMortensen@parsonsbehle.com>
**Subject:** Meet and Confer Conference - SRM Kodiak Litigation

**CAUTION - EXTERNAL:**

Lauri,

Opposing counsel has refused to follow through on prior commitments for supplemental production on core issues in the case regarding, among many other things, (1) non-email documents pertaining to the defendants' business dealings in the industrial snow removal market, and (2) production of the native Solid Works (or equivalent) files including all ".sldprt", ".slddrw", and ".sldasm" files for the L40, L52, all NPS machines, any Split Pack machines, as well as all files of this type associated with any drawings produced in PDF to date.

Today, SRM learned that the Defendants are also taking the position that they will not participate in any further meet and confer efforts on these (or any other) outstanding matter. In SRM's view, Defendants' refusal to participate in good faith efforts to meet and confer is inconsistent with both the federal rules and the local rules of this court. Defendants justify their refusal to participate in the meet and confer process on SRM's specific objections to further e-mail related searches. Specifically, SRM has objected to further email discovery on account of a lack of proportionality, relevance, and extensive prior e-mail/e-discovery review and production that has eaten up the presumptive limit for e-discovery in the case. It is SRM's position that the Scott Pilling Defendants are free to bring their dispute over SRM's e-discovery objection to the law clerk for further discussion if needed. But withdrawing from the meet and confer process on all matters related to SRM's discovery is not an acceptable option for the defendants.

Ultimately, the Defendants' failure to follow through on prior commitments to supplement production, arising from both prior written discovery responses and meet and confer conferences, will imminently prejudice SRM in its ability to get the information necessary in time to conduct depositions this fall. And without swift resolution to this issue, SRM will be forced to seek further extension of the schedule to address the dilatory conduct of the Scott Pilling defendants.

To address these issues, SRM asks for the earliest available time for a law clerk conference.

Thank you,

John

<image003.png>

A Professional
Law Corporation

**John E. Cutler**
Attorney at Law
**Parsons Behle & Latimer**
350 Memorial Drive, Suite 300 • Idaho Falls, Idaho 83402
Main +1 208.522.6700 • Direct +1 208.528.5223

**parsonsbehle.com** • JCutler@parsonsbehle.com • vCard

**CONFIDENTIALITY NOTICE:** This electronic mail message and any attachment(s) are confidential and may also contain privileged attorney-client information or work product. The message is intended only for the use of the addressee. If you are not the intended recipient, or the person responsible to deliver it to the intended recipient, you may not use, distribute, or copy this communication. If you have received the message in error, please immediately notify us by reply electronic mail or by telephone at +1 801.532.1234, and delete this original message.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

<Response to First Set of Discovery Requests to Scott Pilling.pdf>
<2025-05-27 Answers and Responses to 2nd Set of Discovery Requests to SRM-Kodiak America, LLC.pdf>