# EXHIBIT E

Lee Radford, ISB #5719
John E. Cutler, ISB #9907
Daniel Biddulph, ISB #11561
PARSONS BEHLE & LATIMER
350 Memorial Drive, Suite 300
Idaho Falls, Idaho 83402
Telephone: 208.522.6700
Facsimile: 208.522.5111
LRadford@parsonsbehle.com
JCutler@parsonsbehle.com
DBiddulph@parsonsbehle.com

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Plaintiff,

vs.

BREK PILLING, an individual; SCOTT PILLING, an individual; KODIAK AMERICA, LLC, a Delaware limited liability company; KODIAK NORTHWEST, INC., an Idaho Corporation; BAUB LLC, an Idaho limited liability company; PFT ENVIRO INVESTMENTS, LLC, an Idaho limited liability company; BUDGET TRUCK CENTER, LLC, an Idaho limited liability company; SAWTOOTH INDUSTRIAL, LLC, an Idaho limited liability company; IIOVIII PRECISION, LLC, an Idaho limited liability company; INTERMOUNTAIN LIVING, LLC, an Idaho limited liability company; BREK PILLING AS TRUSTEE OF THE PILLING FAMILY TRUST, an Idaho Trust; ARTHUR SADAMPI YAMADA, an

Case No. 4:24-cv-00112-DCN

**FIRST SET OF DISCOVERY REQUESTS TO IIOVIII PRECISION, LLC**

individual; GARY WICKERSHAM, an individual; CAROLYN SHOEMAKER, an individual; LURENE DILLE, an individual; DOE DEFENDANTS I-XX; and ROE ENTITY DEFENDANTS I-XX

Defendants.

---

KODIAK AMERICA, LLC; KODIAK NORTHWEST, INC.; BAUB LLC; BREK PILLING; and PFT ENVIRO INVESTMENTS, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant,

---

SCOTT PILLING; SAWTOOTH INDUSTRIAL, LLC; IIOVIII PRECISION, LLC; and INTERMOUNTAIN LIVING, LLC,

Counterclaimants,

vs.

SRM-KODIAK AMERICA, LLC, an Idaho limited liability company,

Counterdefendant,

---

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff/Counterdefendant, SRM-Kodiak America, LLC, by and through its counsel of record, Parsons Behle & Latimer, hereby requests that Defendant IIOVIII Precision, LLC answer the

following discovery requests in writing, under oath, and in accordance with the following Definitions and Instructions, within thirty (30) days from the service of these requests.

## DEFINITIONS

The following terms when used in these discovery requests have the meanings ascribed below.

1. The terms "**document**" and "**documents**" mean and include any kind of written, typewritten or printed, recorded, or graphic matters, however produced or reproduced, of which you have any knowledge or information, whether in your possession or under your control or not, relating or pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, all file copies and all other copies, no matter how or by whom prepared, and all drafts prepared in connection with such writings, whether used or not, of the following: papers, agreements, contracts, notices, memoranda, correspondence, letters, facsimile, telexes, cables, statements, books, invoices, purchase orders, reports, studies, treatises, articles, transcripts, minutes, records, telephone logs, accounting books, maps, photographs, films, videos, transcriptions and recordings, settlements, notes, summaries, schedules, calculations, design drawings, sketches, acknowledgments, diaries, tapes, pictures, computer programs, e-mail, texts, electronic data and metadata, hard copies of electronic data, or other graphic, symbolic, recorded or retaken materials of any nature whatsoever. Any document which contains any comments, notations, addition, insertion, or marking of any kind which is not part of another document is to be considered as a separate document.

2. The terms "**communication**" and "**communications**" are defined as every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether made or accomplished by writing transmitted between persons or by any

recorded oral conversation of any kind or character, including, by way of example and without limitation, personal conversations; telephone conversations; e-mails, texts, or instant messages; tweets and re-tweets; blog entries; letters; meetings; memoranda; telegraphic, telex, computer and facsimile communications, or transmittals of documents; and all documents concerning such writings or recorded oral conversations.

3. The terms "**concerning**," "**regarding,**" or "**relating to**" mean referring to, alluding to, responding to, arising out of, in connection with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

4. The term "**person**" means any natural person, firm, corporation, company, insurance company, partnership, sole proprietorship, unions, federations, joint venture, limited partnership, limited liability partnership, professional corporation, limited liability company, organization, group of natural persons, or other association separately identifiable, whether or not such association has a separate legal existence in its own right.

5. The term "**identify**" when used with respect to a document or communication, or the description or identification of a document or communication, shall be deemed to include a request for the following information with respect to that document or communication:

a. A description of the nature and substance of the document or communication, including the date, if any, which the document or communication bears and the persons to whom the document or communication was sent or communicated;

b. The names of all persons who executed or participated in the preparation of the document or participated in the communication;

c. The present location of the original and all copies of the document or communication; and

d. The names of all persons having possession, custody or control, and who have ever had possession, custody or control, of each such original and legible copy.

6. The term "**identify**" when used with respect to a person, or a request for the description or identification of a person, shall be deemed to include a request for the following information with respect to such person:

a. The person's full name;

b. The person's last known address;

c. The person's business and residence telephone numbers;

d. The person's email address;

e. If a natural person, the person's company affiliation and the person's occupation and duties; and

f. If the person is an entity, the nature of its business activities.

g. The terms "**possession**," "**custody**," and/or "**control**" include the joint or several possession, custody, or control (actual or constructive) of material by you.

7. The terms "**you**," "**your**," and "**yours**" refer to Defendant IIOVIII Precision, LLC to whom these discovery requests are addressed and shall include all of your counsel, attorneys, representatives, experts, investigators, consultants, employees, principals, agents, independent contractors, guides, and all other persons acting on or for your behalf.

8. "**SRM**" shall mean Plaintiff/Counterdefendant SRM-Kodiak America, LLC, including its representatives, employees, principals, and agents.

9. "**Asset Purchase Agreement**" shall mean the Asset Purchase Agreement by and among SRM, Kodiak America, LLC, BAUB LLC, and Brek Pilling, dated September 29, 2021.

10. "**Confidential Information**" means (a) the terms or existence of the Asset Purchase Agreement, (b) any information concerning the assets or the business transferred with the Asset Purchase Agreement, and (c) information or data, whether or not reduced to writing, used by or belonging or relating to SRM or the owners of SRM, or any other person or entity to whom there is a duty of confidentiality owed, including, without limitation, trade secrets, proprietary data, inventions, concepts, designs, processes, research, test results, plant layout, feasibility studies, procedures or standards, know-how, manuals, patent information, the identity of or information concerning current or prospective clients, customers, accounts, suppliers, service providers, licensors, licensees, contractors, subcontractors or other agents or representatives, financial or sales information, current or planned commercial activities, business strategies, records or marketing plans, or any other information that SRM advised you in writing should be treated as confidential. For purposes of these requests this shall include any of the above-described information even if it is your contention that such information was abandoned by SRM (in a warehouse or otherwise) or came into your possession through other means than from SRM.

11. "**Intellectual Property**" means the intellectual property that was required to be transferred to SRM with the Asset Purchase Agreement, including domestic and foreign patents, patent applications, registered and unregistered trademarks, service marks, trade names and logos, registered and unregistered copyrights, designs, inventions, computer programs, software, data bases, choses in action, internet domain names, websites, licenses, trade secrets, confidential information, proprietary information and all goodwill associated therewith. For purposes of these requests this shall include any of the above-described information even if it is your contention that

such information was abandoned by SRM (in a warehouse or otherwise) or came into your possession through other means than from SRM.

12. "**Your Alleged Confidential Information**" means information or data, whether or not reduced to writing, that you assert is used by or belonging or relating to You, an entity in which you own an interest, or any other person or entity to whom you or any of your affiliates owes a duty of confidentiality, including, without limitation, trade secrets, proprietary data, inventions, concepts, designs, processes, research, test results, plant layout, feasibility studies, procedures or standards, know-how, manuals, patent information, the identity of or information concerning current or prospective clients, customers, accounts, suppliers, service providers, licensors, licensees, contractors, subcontractors or other agents or representatives, financial or sales information, current or planned commercial activities, business strategies, records or marketing plans, or any other information that You have advised in writing should be treated as confidential.

13. "**Your Alleged Intellectual Property**" means the intellectual property you assert an ownership interest in, including domestic and foreign patents, patent applications, registered and unregistered trademarks, service marks, trade names and logos, registered and unregistered copyrights, designs, inventions, computer programs, software, data bases, choses in action, internet domain names, websites, licenses, trade secrets, confidential information, proprietary information and all goodwill associated therewith.

14. "**Complaint**" and "**Lawsuit**" shall mean the Complaint filed by Plaintiff/Counterdefendant against you in the United States District Court for the District of Idaho, Case No. 4:24-cv-00112-DCN, and includes any and all Amended Complaints or proposed Amended Complaints filed after the commencement of this case.

15. "**All**" means "any and all"; "**any**" means "any and all"; and "**including**" means "including but not limited to."

**INSTRUCTIONS**

1. When responding to the following discovery requests, you are requested to furnish all information available to you, including information in the possession of your attorneys, investigators, experts (retained by you and your attorneys), employees, agents, representatives, or any other person or persons acting on your behalf, and not merely such information as is known by you on personal knowledge.

2. If you cannot answer any of the following discovery requests in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

3. Each of the following discovery requests are intended to and do request that each and every, all and singular, and the particulars and parts thereof, be answered with the same force and effect as if each part and particular were the subject of and were asked by a separate discovery request.

4. SRM hereby requests that you serve responses to the Requests for Production of Documents and produce each of the documents requested, or in the alternative, provide copies of the documents requested at the office of Parsons Behle & Latimer. If, after responding to the Requests for Production of Documents, you acquire any documents requested herein, or any information related to any documents herein, which is/are not reflected by any documents produced or any response to these Requests for Production of Documents, you must serve a supplemental response or indicate to counsel for SRM the existence of such documents. Such

supplementation is requested in addition to any supplementation required by the Federal Rules of Civil Procedure.

5. If any documents or portion thereof which are responsive to any request herein are or will be withheld from production, inspection, or copying, please fully identify such documents or portion thereof in your response, and fully state in your response the reason they are or will be withheld. In addition, if any documents are impossible to produce, inspect, or copy, please fully identify such documents and the reason for the practical impossibility.

6. If any information responsive to any of these Interrogatories is not in your possession or within your knowledge, custody, or control, identify the person or persons from which such information may be obtained.

7. If any document identified in an answer to an Interrogatory was, but is no longer, in your possession or subject to your custody or control, or was known to you, but is no longer in existence, state what disposition was made of it, by whom, for what purpose, at whose instruction, the date thereof, and the name and address of the person(s) now in possession, custody or control of it.

8. File folders with tabs or labels identifying documents must be produced intact with such documents.

9. Selection of documents from files and/or other sources and the numbering of such documents shall be done in such a manner as to ensure that the source of each document may be determined, if necessary.

10. Documents attached to each other should not be separated, and all attachments should be produced.

11. If you claim any privilege with respect to any information called for by an interrogatory or document request, you are to identify the communication, document, or other item for which the privilege is claimed, the subject matter thereof, the type of privilege claimed, and the factual and legal basis for the claim of privilege. If you claim a privilege with regard to any information called for by an interrogatory, you should nevertheless answer the interrogatory to the extent the interrogatory calls for information as to which you do not claim a privilege. If any portion of a document contains relevant non-privileged material, you should produce an appropriately redacted version of that document.

12. The following rules shall apply in construing these discovery requests:

a. the connectives "and" and "or" shall be interpreted either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope;

b. the singular and plural forms of words are used interchangeably, as are the masculine, feminine, and neutral forms; and

c. the present tense includes the past and future tenses.

13. These discovery requests are deemed continuing, and your answers thereto are to be supplemented as additional information and knowledge becomes available or known to you.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all persons or entities owning an interest in you and their activities on your behalf, including a detailed description of Arthur Yamada and Scott Pilling's involvement, dealings, and transactions with you, including in Scott's role as a manager of you.

**<u>INTERROGATORY NO. 2</u>:** Describe in detail all payments, contributions, or asset transfers you have made to or received from any of the defendants named in the complaint, including but not limited to Scott Pilling or Brek Pilling, or any other entities owned or managed by Scott Pilling or Brek Pilling.

**<u>INTERROGATORY NO. 3</u>:** Describe in detail all communications you were involved with, aware of, or participated in regarding servicing, designing, manufacturing, distributing, leasing, or selling snow removal equipment anywhere in the world.

**<u>INTERROGATORY NO. 4</u>:** Describe in detail all communications you were involved with, aware of, or participated in concerning or involving Elecon Group of Companies ("Elecon"), including your communications with Scott Pilling, Brek Pilling, or Elecon's employees, agents, representatives, or any other person or persons acting on Elecon's behalf, from January 1, 2021 to present, including where those communications took place and who was involved.

**<u>INTERROGATORY NO. 5</u>:** Describe in detail all efforts you are aware of to direct SRM's customers and other consumers of snow blower or snow removal machines or services related thereto to purchase such goods and services from any of the defendants named in the complaint.

**<u>INTERROGATORY NO. 6</u>:** Identify all Confidential Information, including SRM's engineering drawings, proprietary data, concepts, designs, research, customer information, supplier information, and service providers, that you have possessed or currently possess, and the description of the Confidential Information and where you previously stored or are currently storing the Confidential Information.

**<u>INTERROGATORY NO. 7</u>:** For the period of January 1, 2021, to present, identify any and all devices that you have used to transmit, receive, copy, store, or view any Confidential

Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property.

**<u>INTERROGATORY NO. 8</u>:** For the period of January 1, 2021, to present, identify with specificity all mediums you have used to transmit, send, receive, copy, store, or view any Confidential Information including, for example, emails, text messages, file-sharing services (e.g., Google Drive, ShareFile, etc.), cloud-based services, instant messaging services (e.g., Slack, What's App), or social media.

**<u>INTERROGATORY NO. 9</u>:** For the period of January 1, 2021, to present, identify any and all persons with whom you have engaged in communication that related in any way to Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property being transmitted, sent, displayed, or otherwise disseminated.

**<u>INTERROGATORY NO. 10</u>:** With respect to each person identified in response to Interrogatory No. 9, identify, at a minimum, 1) the medium(s) used for the communication (e.g., text message, email, etc.); 2) the date on which the Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property was disseminated; 3) the device used to disseminate the information, if any; 4) the identification of the participants to the communication; and 5) a detailed description of the disseminated Confidential Information, Intellectual Property, Your Alleged Confidential Information, or Your Alleged Intellectual Property.

**<u>INTERROGATORY NO. 11</u>:** Identify any and all email accounts you have used since September 29, 2021.

**<u>INTERROGATORY NO. 12</u>:** From January 1, 2021, to present, identify the source of all assets (money, property, etc.) that came into your possession or control, including any money that

you received (whether by gift, contribution, loan, or otherwise) and used to pay for goods, services, employees, or other similar expenses in the course of your operations.

## **REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications that you identified in response to the interrogatories above, or that you referred to or relied upon in preparing your responses to such interrogatories.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents, information, and communications from January 1, 2021, to present involving SRM's existing, previous, or prospective customers, including but not limited conversations between you and those customers. This shall include the above-described information with any person or entity interested or involved in the sale, service, or manufacture of industrial snow removal and similar equipment throughout the world.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents, information, and communications concerning efforts to manufacture or cause to be serviced, manufactured, or to sell or cause to be sold, snow blower or snow removal machines, parts, or related equipment anywhere in the world from January 1, 2021, to present.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents, information, and communications that contain, describe, identify, refer to, or relate to any Confidential Information, Intellectual Property, or other information owned by SRM.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents, information, and communications that describe, identify, refer to, relate to, or evidence any instances in which you accessed or otherwise interacted with Confidential Information or Intellectual Property.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:** Produce documents sufficient to identify any and all devices in your possession or control that store any Confidential Information or Intellectual Property.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:** Produce all documents, information, and communications concerning representations you have made to SRM's customers and others in the marketplace communicating that you or any other defendant named in the complaint is or was associated with "Kodiak" or the "Original Kodiak," including but not limited to any communications that you (or the named defendants) are the only ones able to service, upgrade, manufacture, or maintain Kodiak snow removal machines.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:** Produce, subject to the attorney-eyes-only protections of the Court's stipulated protective order, all documents, information, and communications concerning schematics you have provided to CMI or any other third party for the purpose of manufacturing machine or equipment parts.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:** Produce all documents establishing how you came to be in possession of or developed Your Alleged Confidential Information and Your Alleged Intellectual Property. This includes communications with third parties about the acquisition of this type of information, communications with employees or contractors about the development of this type of information, applications for federal or other legal protections for this type of information (patent applications, trademark registrations, etc), contracts and communications with manufacturers or parts suppliers, confidentiality policies related to maintaining the confidentiality of this type of information, and any similar corroborating documentation to establish your independent development or acquisition of Your Alleged Confidential Information or Your Alleged Intellectual Property.

**<u>REQUEST FOR PRODUCTION NO. 10</u>:** Produce all financial statements and bank records from January 1, 2021 to present for all accounts held under your name.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:** Produce complete tax returns with all related schedules that you have filed or caused to be filed from January 1, 2021, to present.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:** Produce a backup copy and administrative username and password for the QuickBooks files reflecting your accounting records from January 1, 2021, to present.

**<u>REQUEST FOR PRODUCTION NO. 13</u>:** Produce all non-privileged documents, information, and communications concerning this Lawsuit, including with respect to SRM's claims and your defenses.

DATED this 28th day of August, 2024.

PARSONS BEHLE & LATIMER

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph

*Attorneys for Plaintiff/Counterdefendant SRM-Kodiak America, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2024, I caused a true and correct copy of the foregoing document to be served on counsel for the party of interest via email, as follows:

| | |
|---|---|
| Bren Mollerup<br>BENOIT, ALEXANDER, MOLLERUP &<br>DANIELSON, PLLC<br>P.O. Box 366<br>Twin Falls, ID 83303<br>*Attorneys for Defendant Carolyn Shoemaker* | benoitlaw@benoitlaw.com |
| David W. Gadd<br>STOVER GADD & ASSOCIATES, PLLC<br>905 Shoshone St. N.<br>P.O. Box 1428<br>Twin Falls, ID 83303-1428<br>*Attorneys for Defendants Brek Pilling, Kodiak America, LLC, Baub, LLC, Kodiak Northwest, Inc., PFT Enviro Investments, LLC, and Brek Pilling as Trustee of the Pilling Family Trust* | dwg@magicvalleylaw.com |
| Kyle Eric Bastian<br>WRIGHT BROTHERS LAW OFFICE, PLLC<br>P.O. Box 5678<br>Twin Falls, ID 83303<br>*Attorneys for Defendants Scott Pilling, IIOVIII Precision, LLC, Sawtooth Industrial, LLC, and Intermountain Living, LLC* | kbastian@wrightbrotherslaw.com |
| Marty R. Anderson<br>SMITH WOOLF ANDERSON<br>& WILKINSON, PLLC<br>3480 Merlin Drive<br>Idaho Falls, Idaho 83404<br>Telephone: (208) 525-8792<br>*Attorneys for Defendant Budget Truck Center, LLC* | marty@eastidaholaw.net |
| Peter M. Wells<br>MAY, RAMMELL & WELLS, HARTERED<br>216 W. Whitman<br>PO Box 370<br>Pocatello, ID 83204-0370<br>*Attorneys for Defendant Gary Wickersham* | pete@mrwlaw.net |

Mark O. Morris nmorris@swlaw.com
Tara Martens Miller tmmiller@swlaw.com
Benjamin J. Mills bemills@swlaw.com
SNELL & WILMER, LLP
Key Business Center
702 W. Idaho Street, Ste 1100
Boise, ID 83702
*Attorneys for Defendants Brek Pilling, Baub, LLC, Kodiak America, LLC, The Pilling Family Trust, PFT Enviro Investments, Kodiak Northwest, Inc., and Brek Pilling as Trustee of the Pilling Family Trust*

Kim J. Trout ktrout@trout-law.com
TROUT LAW, PLLC
3778 N. Plantation River Drive, Ste 101
Boise, ID 83703
*Attorneys for Defendant Lurene Dille*

I HEREBY FURTHER CERTIFY that on the above stated day, I caused a true and correct copy of the foregoing document to be served on the following parties by U.S. Mail and E-Mail at the addresses listed below. To the extent these individuals are eligible for and have signed up for electronic notices through ECF, they will also have received the filing through that means as well.

Arthur Sadampi Yamada
930 Snowflake Drive
Hailey, ID 83333-8474
(208) 490-1125
rideinxs@gmail.com
*Pro Se Defendant*

*/s/ John E. Cutler*
Lee Radford
John E. Cutler
Daniel Biddulph